1  PETER C. ANDERSON
UNITED STATES TRUSTEE
2  JILL M. STURTEVANT, State Bar No. 089395
ASSISTANT UNITED STATES TRUSTEE
3  DARE LAW, State Bar No. 155714
TRIAL ATTORNEY
4  OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
5  Los Angeles, California 90017
(213) 894-2656 telephone
6  (213) 894-2603 facsimile
Email: dare.law@usdoj.gov

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                        **LOS ANGELES DIVISION**

11  **In re:**                          ) **Case No.: 2:15-bk-28443 NB**
                                        )
12                                      )
                                        ) **Chapter 11**
13  **CLOUDBREAK ENTERTAINMENT,**       )
    **INC.**                            ) **NOTICE OF MOTION AND MOTION**
14                                      ) **FOR THE APPONTMENT OF A**
           **Debtor.**                  ) **CHAPTER 11 TRUSTEE;**
15                                      ) **DECLARATION OF JASON RUSSELL IN**
                                        ) **SUPPORT THEREOF**
16                                      )
                                        ) Hearing Date: January 22, 2019
17                                      ) Time          1:00 p.m.
                                        ) Place         1545
18                                      )               255 E. Temple St.
                                        )               Los Angeles, CA 90017
19                                      )

20         **TO THE HONORABLE NEIL BASON, UNITED STATES BANKRUPTCY JUDGE,**

21  **DEBTOR, DEBTOR'S COUNSEL, AND OTHER INTERESTED PARTIES:**

22         PLEASE TAKE NOTICE that on the above date and time and in the indicated courtroom,

23  the United States Trustee will move the Court for an Order appointing a Chapter 11 Trustee in the

24  above captioned case pursuant to 11 U.S.C. § 1104 for cause as described in detail herein.

25         PLEASE TAKE FURTHER NOTICE this Motion is based upon this Notice of Motion and

26  Motion, the attached Points and Authorities, the attached declaration, the pleadings and documents

27  on file herein, and upon such other evidence, both oral and documentary, as may be presented at the

28  time of the hearing.

1      ANY OPPOSITION, JOINDER OR OTHER RESPONSIVE PLEADING TO THIS

2  MOTION MUST BE FILED IN WRITING, AND SERVED ON THE UNITED STATES

3  TRUSTEE, 915 WILSHIRE BLVD., STE. 1850, LOS ANGELES, CALIFORNIA 90017,

4  AND OTHER PARTIES ENTITLED TO SERVICE THEREOF, AT LEAST FOURTEEN

5  (14) DAYS BEFORE THE DATE SET FOR THE HEARING ON THIS MOTION, AS

6  REQUIRED BY LOCAL BANKRUPTCY RULE 9013-1(f). YOUR FAILURE TO OPPOSE

7  THE MOTION IN A TIMELY FASHION MAY BE DEEMED BY THE COURT TO BE

8  CONSENT TO THE GRANTING OF THE MOTION.

9  ///

   DATE: December 20, 2018                    UNITED STATES TRUSTEE
10

11                                            By: _____

12                                                Dare Law
                                                  Attorney for the United States Trustee
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Peter C. Anderson, the United States Trustee (the "U.S. Trustee") for Region 16, moves this Court for an order appointing a Chapter 11 Trustee in this case.  The U.S. Trustee has reviewed Debtor's Monthly Operating Report and Creditors Motion Pursuant to Rule 3006 Conditioning Withdrawal of Debra West Proof of Claim [Docket #380] and has determined that Debtor without obtaining an order from this Court, has been making unauthorized payments on behalf of the insider and to the detriment to the bankruptcy estate during the pendency of this chapter 11 case.

Appointment of a chapter 11 trustee at this time, rather than conversion to chapter 7 or dismissal, is in the best interests of creditors of the estate, and as discussed below, is mandated by the Bankruptcy Code when cause is found under 11 U.S.C. § 1104(a)(1).  If the case is dismissed, the full amount of preferential payments will not be brought back into the estate for distribution to creditors, and there will be no opportunity to remedy the harm to the estate that has been caused by the Debtor and its insider.  Alternatively, if the Court is not inclined to appoint a Chapter 11 Trustee, the United States Trustee requests this Court to convert the case to chapter 7 to allow a chapter 7 trustee to liquidate assets and pursue litigation.  Ultimately, a chapter 11 trustee may determine that conversion to chapter 7 is most appropriate, but the Court should allow time for a thorough investigation into the affairs of the Debtor before such action is taken.  Therefore, a Chapter 11 Trustee must be appointed immediately to secure all assets of the estate, to preserve value for the benefit of the Debtor's creditors.

**II.  JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The predicates for relief are sections 1104(a) and 105(a) of the United States Code ("Bankruptcy Code").

**III. STATEMENT OF FACTS**

At the time of filing, Debtor listed $15,313,451.33 of general unsecured debt inclusive of the $14 million listed as owed to Layne Britton for his litigation claim.  *See,* Declaration of Jason

1    Russell, (hereinafter "Russell Decl."), Exhibit "1."   Other creditors include:   the City of Los

2    Angeles and the City of Santa Monica for "unknown" claims, the Franchise Tax Board and Los

3.   Angeles County Tax Collector, also for "unknown" amounts, Browne George Ross, LLP in the

4    amount of $1,231,514.83 for professional services, Bungalow Properties in the amount of $2,000

5    for trade debt, Conrad Riggs for payment of legal fees on behalf of Debtor, Gordon Fishburn &

6    Schlossmann, LLP in the amount of $13,420 for professional services, Greines Martin Stein &

7    Richland LLP in the amount of $10,000 for professional fees, Hacker Douglas & Company LLP in

8    the amount of $12,500 for professional fees, Hecker Law Group in the amount of $25,000 for

9    professional fees, Kehr Schiff & Crane LLP in the amount of $641.50 for professional fees, Munger

10   Tolles & Olson, with a contingency fee for 25 percent of revenues received from *Survivor*, Liberty

11   Ranch Holding/Debra West, with a contingency fee of 15 percent of 75 percent of the producing

12   fees received from *"Survivor"* and 50 percent of 75 percent of producing fees received from *"The*

13   *Apprentice"*, and The Point Media in the amount of $12,875 for trade debt.   *See*, Russell Decl.,

14   Exhibit "2."

15        At the time of filing, Debtor listed about $243,000 in outstanding accounts receivables

16   which constituted the balance of "Survivor 32" producer's fees  *See* Russell Decl., Exhibit "2."

17   Debtor listed income of $1,943,993 from January 01, 2015 to the date of filing on December 1,

18   2015, $1,737,015 for the calendar year 2014, and $1,666,904 for the calendar year 2013.  *See*,

19   Russell Decl., Exhibit "3.

20        Debtor's current primary source of revenue is compensation for the Debtor's work with

21   Mark Burnett and in connection with the television programs *Survivor* and *The Apprentice. See*,

22   Russell Decl., Exhibit "4."   Historically, Debtor has provided management, development,

23   production, distribution and related services in the entertainment industry since 2000. Debtor filed

24   the within case because of ongoing fees and costs related to state court litigation.  *See*, Russell

25   Decl.,  Exhibit "5"  It is apparent after reviewing the multiple status reports filed in this case, that

26   Debtor does not appear to conduct any new business other than to act as a fiduciary for accounts

27   receivables and to litigate against Mr. Layne Britton and Ms. West regarding amounts owed. *See*,

28   docket # 20, 112, 155, 181, 212, 224, 231, 262, and 273.

To date, Debtor filed thirty five (35) Monthly Operating Reports ("MOR's").  *See*, Request for Judicial Notice, Exhibits "1" through "35" respectively. A review of the MORs shows that Debtor has made significant payments to American Express, for the benefit of the insider as shown below:

| | MOR Month | AMEX Amount Disbursed | Noted by Debtor on MORs as: |
|---|---|---|---|
| 1 | November 2016 | $1,117.94 | Expense Reimbursement |
| 2 | December 2016 | $1,696.23 | Expense Reimbursement |
| 3 | January 2017 | $1,829.50 | N/A |
| 4 | March 2017 | $780.31 | Expense Reimbursement |
| 5 | March 2017 | $1,640.33 | Expense Reimbursement |
| 6 | March 2017 | $142.71 | Expense Reimbursement |
| 7 | March 2017 | $1,257.60 | Expense Reimbursement |
| 8 | April 2017 | $3,741.03 | Expense Reimbursement |
| 9 | July 2017 | $636.89 | Business Reimbursement Expenses |
| 10 | November 2017 | $1,332.84 | N/A |
| 11 | November 2017 | $1,150.54 | N/A |

| 12 | November 2017 | $4,047.45 | N/A |
| 13 | January 2018 | $13,960.33 | Expense Reimbursement |
| 14 | January 2018 | $1,678.28 | Expense Reimbursement |
| 15 | January 2018 | $2,702.53 | Expense Reimbursement |
| 16 | February 2018 | $2,636.15 | Expense Reimbursement |
| 17 | March 2018 | $3,243.21 | Reimbursement |
| 18 | April 2018 | $6,724.58 | Expense Reimbursement |
| 19 | May 2018 | $8,641.57 | Expense Reimbursement |
| 20 | June 2018 | $12,549.57 | Expense Reimbursement |
| 21 | July 2018 | $13,158.54 | Expense Reimbursement |
| 22 | August 2018 | $14,158.89 | N/A |
| 23 | September 2018 | $31,158.51 | Reimbursement |
| | **TOTAL DISBURSEMENT:** | **$129,985.53** | |

*See*, Russell Decl., Exhibit "5"

In addition to the American Express payments, the MORs reflect two (2) payments to Amazon for Consolidated Omnibus Budget Reconciliation Act ("COBRA") benefits. The specific payment amounts were $4,887.57 as reflected in the April 30, 2018 and August 31, 2018 MOR's.

| Month | Amount Disbursed |
|---|---|
| April 2018 | $4,887.57 |
| August 2018 | $4,887.57 |
| TOTAL DISBURSEMENT: | $9,775.14 |

The July MOR also reflect that the Debtor made one (1) payment to AMEX in the amount of $888.52 as a medical expense reimbursement.

*See,* Russell Decl.,

Throughout the pendency of the chapter 11 case, Debtor has not conducted any business other than litigate against Mr. Layton and Ms. West regarding amounts owed.

## IV. UNAUTHORIZED EXPENDITURES OF DEBTOR'S FUNDS

As shown by a review of Debtor's Monthly Operating Reports, Debtor has been making payments to American Express and other entities, including but not limited, to Cobra health insurance payments to Amazon, all which were paid without obtaining an order from this Court. To date, Debtor has not explained in the Monthly Operating Reports why these payments were made which were not incurred by Debtor and did not benefit the Debtor. It appears that but for the review by Britton's counsel as discussed in Britton's Motion for Rule 2006, unauthorized and unsubstantiated payments may have continued by Debtor, thereby dissipating Debtor's assets for the benefit of the insider and not for the benefit of the bankruptcy estate and its creditors. The November 2018 shows repayment to the estate by Mr. Riggs in the amount of $88,907.40 which does not mitigate the unauthorized payments on his behalf over years Debtor has been in bankruptcy. It is notable that the only expenses for November 2018 were for rent, Pachex, and accounting services totaling $4,573.95.

Because of the unauthorized dissipation of cash from the estate, the appointment of a chapter 11 trustee is appropriate to manage the estate on behalf of creditors. In the alternative,

1    conversion of the case to chapter 7 under 11 U.S.C. §1112(b) may be in the best interest of

2    creditors.  Either remedy is appropriate as it is clear the insider cannot be trusted to act in the best

3    interest of creditors of the bankruptcy estate..

4         The Court should appointment of a chapter 11 trustee at this time under 11 U.S.C. §

5    1104(a)(1).  If the case is dismissed, neither the proceeds from the television shows nor the possible

6    full amount of preferential payments would be brought back into the estate for distribution to

7    creditors, and there will be no opportunity to remedy the harm to the estate that has been caused by

8    the Debtor and it's insider.  Ultimately, a chapter 11 trustee may determine that conversion to

9    chapter 7 is most appropriate, but the Court should allow time for a thorough investigation into the

10   affairs of the Debtor before such action is taken.  Therefore, at the very least, a Chapter 11 Trustee

11   must be appointed immediately to secure all assets of the estate, to preserve value, if any, for the

12   benefit of the Debtor's creditors.

13        Except as provided in paragraph (2) and subsection ( C ), on request of a party in interest,

14   and after notice and a hearing, the court shall convert a case under this chapter to a case under

15   chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the

16   estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee

17   or an examiner is in the best interests of creditors and the estate."11 U.S.C. § 1112(b)(1).

18        In the alternative, if the Court is not included to appoint a chapter 11 trustee, conversion of

19   the case to chapter 7 is required.  For the purposes of this subsection, the term "cause" includes- (A)

20   substantial or continuing loss to or diminution of the estate and the absence of a reasonable

21   likelihood of rehabilitation; (B) gross mismanagement of the estate; ( C ) failure to maintain

22   appropriate insurance that poses a risk to the estate or to the public; (D) unauthorized use of cash

23   collateral substantially harmful to 1 or more creditors; (E) failure to comply with an order of the

24   court; (F) unexcused failure to satisfy timely any filing or reporting requirement established by this

25   title or by any rule applicable to a case under this chapter; . . .  (J) failure to file a disclosure

26   statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;  . .

27   . (M)  inability to effectuate substantial consummation of a confirmed plan; . . . and (P) failure of

28

1  the debtor to pay any domestic support obligation that first becomes payable after the date of the

2  filing of the petition." 11 U.S.C. § 1112(b)(4).

3  **V. ARGUMENT**

4  A.      **The Appointment of a Chapter 11 Trustee is Mandatory When Cause Exists under 11**

5          **U.S.C. § 1104(a)(1).**

6          Section 1104(a) of the Bankruptcy Code provides as follows:

7                  (a) At any time after the commencement of the case but before confirmation of a plan,

8                  on request of a party in interest or the United States trustee, and after notice and a

9                  hearing, the court *shall* order the appointment of a trustee –

10                 (1) for cause, including fraud, dishonesty, incompetence or gross mismanagement of

11                 the affairs of the debtor by current management, either before or after the

12                 commencement of the case, or similar cause, but not including the number of

13                 holders of securities of the debtor or the amount of assets or liabilities of the

14                 debtor…

15  11 U.S.C. § 1104(a)(1)(emphasis added).

16         The use of the word "shall" in § 1104(a) mandates the appointment of a trustee when

17  "cause" exists. *See Escoe v. Zerbst*, 295 U.S. 490, 493 ("shall" is the language of command; its use

18  in a statute indicates congressional intent that the statute be mandatory). "The willingness of

19  Congress to leave a debtor-in-possession is premised on an expectation that current management

20  can be depended upon to carry out the fiduciary responsibilities of a trustee.  And if the debtor-in-

21  possession defaults in this respect, Section 1104(a)(1) commands that the stewardship of the

22  reorganization effort must be turned over to an independent trustee." *In re Marvel Entertainment

23  Group, Inc.*, 140 F.3d 463, 474 (3rd Cir. 2000), quoting *In re Savino Oil & Heating Co., Inc.*, 99

24  B.R. 518, 526 (Bankr. E.D.N.Y. 1989).  *See also In re Oklahoma Refining Company*, 838 F.2d

25  1133, 1136 (10th Cir. 1988).

26

27

28

1    The four bases upon which "cause" may be found under section 1104(a)(1) are not

2    exclusive.[1]    A finding of "cause" may be based on other factors, including to "restore creditor

3    confidence in the bankruptcy system and to assure that there is no lingering taint from [disqualified

4    bankruptcy counsel]." *In re Sonicblue, Inc.*, 2007 WL 926871 (Bankr.N.D. Cal. 2007) (ordering

5    appointment of a trustee to prevent Chapter 11 case being run by and for the benefit of disqualified

6    counsel). Diversion of funds and misuse of assets constitute fraud or dishonesty sufficient to

7    warrant appointment of a trustee.  *In re PRS Ins. Group, Inc.*, 274 B.R. 381, 385 (Bankr.D.Del.

8    2001); *see also In re Professional Accountant Referral Svcs., Inc.*, 142 B.R. 424, 428-9

9    (Bankr.D.Colo. 1992) (diversion of assets for professional use constitutes dishonesty or gross

10    management which required appointment of a trustee).

11    A debtor-in-possession is a fiduciary of the creditors, and as a result, has an obligation to

12    refrain "from acting in a manner which could damage the estate, or hinder a successful

13    reorganization." *Petit v. New England Mortgage Svcs.*, 182 B.R. 64, 69 (D.ME. 1995) (affirming

14    the appointment of a trustee in an individual Chapter 11 case).

15    In the case at bar, it is clear that Debtor has made payment on behalf of its insider, Mr.

16    Riggs, which payments were the responsibility of Mr. Riggs individually and had no benefit to the

17    bankruptcy estate.  Debtor is a non-operating entity whose function in bankruptcy is to collect

18    residuals and monies from the production from television series. Debtor has no legitimate expenses

19    other than rent, utilities, and professions such as attorneys and accountants.  Debtor has no reason

20    for use of a credit card and has no employees for which it must make health insurance payments,

21    especially not Cobra payments to Amazon for the insider who was a former employee of Amazon.

22    To date, Debtor has not provided any explanation why it was paying the personal expenses of Mr.

23    Riggs.

24

25    ---

[1] Section 1104(a)(1)'s use of the word "including" to preface the list indicates that the list is not

26    limiting. 11 U.S.C. § 102(3) (rule of construction establishing that "including" is "not limited"). *See also In re Savino Oil & Heating Co., Inc.*, 99 B.R. 518 (Bankr.E.D.N.Y. 1989); *In re Marvel*

27    *Entertainment Group, Inc.*, 140 F.3d at 472 (section 1104(a)(1) does not define the term "cause" but merely notes that "cause" includes "frauds, dishonesty, incompetence, or gross mismanagement

28    of the affairs of the debtor by current management.")

- 10 -

1    "Once the Court has found that 'cause' exists under § 1104, it has no discretion but must

2    appoint a trustee." *In re Oklahoma Refining Co.*, 838 F.2d 1133, 1136 (10th Cir. 1988).  *Accord, In*

3    *re Colorado-Ute Electrical Ass'n., Inc.*, 120 B.R. 164 (Bankr.D. Colo. 1990); *In re Savino Oil &*

4    *Heating Co., Inc.*, 99 B.R. at 525. As set forth below, cause clearly exists for the appointment of a

5    Chapter 11 Trustee in this case pursuant to 11 U.S.C. § 1104(a)(1).

6    **B.    The U.S. Trustee Has Met His Burden of Proof and a Chapter 11 Trustee Should Be**

7    **Appointed in this Case.**

8        Parties seeking the appointment of a trustee pursuant to 11 U.S.C. § 1104(a)(1) bear the

9    burden of proving that the appointment of a trustee is appropriate.  A split of authority has

10    developed as to whether a party seeking appointment of a trustee under that section must prove that

11    "cause" for appointment of a trustee exists by a preponderance of the evidence, or by clear and

12    convincing evidence.[2]  In this case, there is sufficient evidence in the record before the Court to

13    establish that "cause" exists for appointment of a trustee under 11 U.S.C. § 1104(a)(1) under either

14    evidentiary standard.

15

16

17    [2] *See Tradex Corp. v Morse*, 339 B.R. 823, 830-32 (D. Mass. 2006) (adopting preponderance of the

18    evidence standard); *In re Altman*, 230 B.R. 6, 16-17 (Bankr.D. Conn. 1999), *vacated in part on
other grounds*, 254 B.R. 509 (D.Conn.2000)(same); *In re Berwick Black Cattle Co.*, 405 B.R. 907,

19    912 (C.D.Ill. 2009) *and In re Plaza del Retiro, Inc.*, 417 B.R. 632, 640 (Bankr.D.N.M. 2009)
(noting split of authority on burden of proof issue); *see also Grogan v. Garner*, 498 U.S. 279, 286

20    (1991) (noting that the general standard of proof in civil and bankruptcy cases, and in
nondischargeability litigation in particular, is preponderance of the evidence). *But see In re Marvel*

21    *Entertainment Group, Inc.*, 140 F.3d at 471 (3rd Cir. 1998) (requiring clear and convincing evidence
for the appointment of a trustee under 11 U.S.C. § 1104(a)(1); *In re The 1031 Tax Group LLC*, 374

22    B.R. 78, 85-86 (Bankr.S.D.N.Y. 2007) (same); *In re Sundale, Ltd.*, 400 B.R. 890, 900 n. 8

23    (Bankr.S.D.Fla. 2009)(same); *In re Daily*, 2009 WL 3415204 at *2-3 (Bankr.M.D. Tenn. Oct. 19,
2009) (same).

24

25    The continued use of the clear and convincing standard by some courts following the 2005
enactment of 11 U.S.C. § 1104(e) has been questioned.  *See* Clifford J. White III & Walter Theus,

26    Jr., *Chapter 11 Trustees and Examiners After BAPCPA*, 80 Am. BANKR. L.J. 289, 315-16 (2006)
(because 11 U.S.C. § 1104(e) requires the United States Trustee to file a motion for appointment of

27    a trustee based only upon "reasonable grounds to suspect fraud or other dishonest conduct", the
adoption of § 1104(e) "calls for reexamination of the case law that established this heightened level

28    of proof.").

1   At best, the Debtor in this case neglected to disclose to the Court certain important facts

2   including but not limited to Debtor's payment of personal expenses of the insider for at least

3   $88,907.40. Repayment to the bankruptcy estate after being caught does not resolve the failure to

4   fulfill Debtor's fiduciary duty in the first instance. A full review of Debtor's books and records

5   must be completed to provide confidence to the Court, creditors, and other parties in interest

6   regarding monies received and expended by the bankruptcy estate. The unauthorized payment of

7   the insider's personal expenses were seriously detrimental to the estate given that the Debtor is not

8   operating and is not generating additional income to pay creditors. A Chapter 11 Trustee needs to

9   be appointed immediately to prevent further acts which may harm the Debtor's estate and the

10  creditors.

11  **VI. CONCLUSION**

12  The U.S. Trustee respectfully requests that the Court appoint a chapter 11 trustee or in the

13  alternative, to convert the case to chapter 7.

14  Dated: December 20, 2018                              UNITED STATES TRUSTEE

15

16  By: _____
    Dare Law

17  Attorney for the United States Trustee

18

19

20

21

22

23

24

25

26

27

28

# Declaration of Jason Russell

# Declaration of Jason Russell

## DECLARATION OF JASON RUSSELL

I, JASON RUSSELL, hereby declare as follows:

1.    I am over the age of eighteen years, and if called upon to testify I could and would do so competently.  I am employed as a Paralegal Specialist by the Office of the United States Trustee for the Central District of California ("UST").  I am the Paralegal Specialist assigned to the bankruptcy case of In re: Cloudbreak Entertainment, Inc. ("Debtor") bankruptcy case no. 2:15-bk-28443-NB.  I have personal knowledge of the facts set forth herein, and based on that personal knowledge unless otherwise noted, I assert that all facts are true and correct to the best of my knowledge.

2.    The within case was filed on December 1, 2015.  At the time of filing, Debtor listed $15,313,451.33 of general unsecured debt inclusive of the $14 million listed as owed to Layne Britton for his litigation claim (See, Amended Schedules E/F, Docket #18, Exhibit "1.").  Other creditors include:  the City of Los Angeles and the City of Santa Monica for "unknown" claims, the Franchise Tax Board and Los Angeles County Tax Collector, also for "unknown" amounts, Browne George Ross, LLP in the amount of $1,231,514.83 for professional services, Bungalow Properties in the amount of $2,000 for trade debt, Conrad Riggs for payment of legal fees on behalf of Debtor, Gordon Fishburn & Schlossmann, LLP in the amount of $13,420 for professional services, Greines Martin Stein & Richland LLP in the amount of $10,000 for professional fees, Hacker Douglas & Company LLP in the amount of $12,500 for professional fees, Hecker Law Group in the amount of $25,000 for professional fees, Kehr Schiff & Crane LLP in the amount of $641.50 for professional fees, Munger Tolles & Olson, having a contingency fee for 25 percent of revenues received from *Survivor*, Liberty Ranch Holding/Debra West, with a contingency fee of 15 percent of 75 percent of the producing fees received from *"Survivor"*, and 50 percent of 75 percent of producing fees received from *"The Apprentice"*, and The Point Media in the amount of $12,875 for trade debt (See, Amended Schedules E/F, Docket #18, Exhibit "1.").

4.    At the time of filing, there was about $243,000 in outstanding accounts receivables which constituted the balance of "Survivor 32" producer's fees (See, Amended Schedules E/F, Docket #17, Exhibit "2." p. 2 of 20). Debtor listed income of $1,943,993 from January 01, 2015 to

- 13 -

the date of filing on December 1, 2015, $1,737,015 for the calendar year 2014, and $1,666,904 for the calendar year 2013 (See, Exhibit "3" Statement of Financial Affairs, Docket # 16).

     5.     Debtor's current primary source of revenue is compensation for the Debtor's work with Mark Burnett and in connection with the television programs *Survivor* and *The Apprentice* (See, Voluntary Petition, Exhibit "4." p. 2 of 12). Historically, Debtor has provided management, development, production, distribution and related services in the entertainment industry since 2000. Debtor filed the within case because of ongoing fees and costs related to state court litigation (See, Exhibit "5" Debtor's Status Report, page 2, docket # 20). It is apparent to me after reviewing the multiple status reports filed in this case, that Debtor does not appear to conduct any new business other than to act as a fiduciary for accounts receivables and to litigate against Mr. Layne Britton and Ms. West regarding amounts owed (See, Debtor's Status Reports 1 – 10, docket # 20, 112, 155, 181, 212, 224, 231, 262, and 273).

     3.     To date, Debtor has filed thirty five (35) Monthly Operating Reports ("MOR's"), true and correct copies of which are attached to the concurrently filed Request for Judicial Notice, as Exhibit "1" through "35" respectively. In accordance with my duties as a Paralegal Specialist, I have reviewed said MOR's for cash flow, profitability and other financial characteristics.

     4.     <u>Cash receipts and disbursements</u>

I conducted a review of the aforementioned MOR's, and found as follows:

     a. <u>American Express</u>. The MOR's reflect that the Debtor made multiple payments to American Express ("AMEX") summarized as follows:

|   | MOR Month | AMEX Amount Disbursed | Noted by Debtor on MORs as: |
|---|-----------|-----------------------|-----------------------------|
| 1 | November 2016 | $1,117.94 | Expense Reimbursement |
| 2 | December 2016 | $1,696.23 | Expense Reimbursement |

| 3 | January 2017 | $1,829.50 | N/A |
| 4 | March 2017 | $780.31 | Expense Reimbursement |
| 5 | March 2017 | $1,640.33 | Expense Reimbursement |
| 6 | March 2017 | $142.71 | Expense Reimbursement |
| 7 | March 2017 | $1,257.60 | Expense Reimbursement |
| 8 | April 2017 | $3,741.03 | Expense Reimbursement |
| 9 | July 2017 | $636.89 | Business Reimbursement Expenses |
| 10 | November 2017 | $1,332.84 | N/A |
| 11 | November 2017 | $1,150.54 | N/A |
| 12 | November 2017 | $4,047.45 | N/A |
| 13 | January 2018 | $13,960.33 | Expense Reimbursement |
| 14 | January 2018 | $1,678.28 | Expense Reimbursement |
| 15 | January 2018 | $2,702.53 | Expense Reimbursement |
| 16 | February 2018 | $2,636.15 | Expense Reimbursement |

| 17 | March 2018 | $3,243.21 | Reimbursement |
| 18 | April 2018 | $6,724.58 | Expense Reimbursement |
| 19 | May 2018 | $8,641.57 | Expense Reimbursement |
| 20 | June 2018 | $12,549.57 | Expense Reimbursement |
| 21 | July 2018 | $13,158.54 | Expense Reimbursement |
| 22 | August 2018 | $14,158.89 | N/A |
| 23 | September 2018 | $31,158.51 | Reimbursement |
| **TOTAL DISBURSEMENT:** | | **$129,985.53** | |

Attached hereto as Exhibit "6" is a spreadsheet I prepared with the details extract from the MORs used to create the summary above.

b. COBRA Payments. The MOR's reflect that the Debtor made two (2) payments to Amazon for Consolidated Omnibus Budget Reconciliation Act ("COBRA") benefits. The specific payment amounts were $4,887.57 as reflected in the April 30, 2018 and August 31, 2018 MOR's. I note that the Debtor did not have any employees as of the date of filing.

| Month | Amount Disbursed |
| --- | --- |
| April 2018 | $4,887.57 |
| August 2018 | $4,887.57 |
| TOTAL DISBURSEMENT: | $9,775.14 |

c. Medical Expenses. The MOR's reflect that the Debtor made one (1) payment to AMEX in the amount of $888.52 as a medical expense reimbursement. This payment was made for the benefit of Conrad Riggs's personal AMEX account as reflected in the July 31, 2018 MOR.

| Month | AMEX Amount Disbursed |
|-------|----------------------|
| July 2018 | $888.52 |

I declare under penalty of perjury that the foregoing facts are true and correct. Executed on December 20 2018, in Los Angeles, California.

JASON RUSSELL

- 17 -

# Exhibit "1"

# Exhibit "1"

Fill in this information to identify the case:

Debtor name    **Cloudbreak Entertainment, Inc.**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **15-28443**

☒ Check if this is an
   amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets* and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

1.  Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☒ Yes. Go to line 2.

2.  List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Total claim | Priority amount |
|---|---|---|
| | | |

**2.1**

| Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Total claim | Priority amount |
|---|---|---|---|
| **City of Los Angeles**<br>**Office of Finance**<br>**PO Box 513996**<br>**Los Angeles, CA 90051-3996** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $ Unknown | $ Unknown |
| Date or dates debt was incurred | Basis for the claim:<br>**Taxes** | | |
| Last 4 digits of account number | Is the claim subject to offset?<br>☒ No<br>☐ Yes | | |
| Specify Code subsection of PRIORITY unsecured claim:<br>11 U.S.C. § 507(a) (8) | | | |

**2.2**

| Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Total claim | Priority amount |
|---|---|---|---|
| **City of Los Angeles**<br>**200 N. Main St. Rm 920**<br>**Tax & Permit Division**<br>**Los Angeles, CA 90012** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $ Unknown | $ Unknown |
| Date or dates debt was incurred | Basis for the claim:<br>**Taxes** | | |
| Last 4 digits of account number | Is the claim subject to offset?<br>☒ No<br>☐ Yes | | |

Official Form 206E/F                    Schedule E/F: Creditors Who Have Unsecured Claims                    page 1 of 7

Case 2:15-bk-28443-NB    Doc 18    Filed 12/15/15    Entered 12/15/15 18:25:06    Desc
Main Document      Page 2 of 8

Debtor 1   **Cloudbreak Entertainment, Inc.**                                      Case number (if known) **15-28443**
           First Name        Middle Name        Last Name

Specify Code subsection of PRIORITY
unsecured claim:
11 U.S.C. § 507(a) (8)

---

| 2.3 | | | |
|---|---|---|---|

Priority creditor's name and mailing address

**City of Santa Monica**
**Taxes & License**
**PO Box 2200**
**Santa Monica, CA 90407-2200**

As of the petition filing date, the claim is:     $ Unknown    $ Unknown
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Taxes**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY
unsecured claim:
11 U.S.C. § 507(a) (8)

---

| 2.4 | | | |
|---|---|---|---|

Priority creditor's name and mailing address

**Franchise Tax Board**
**Attention Bankruptcy**
**PO Box 2952**
**Sacramento, CA 95812-2952**

As of the petition filing date, the claim is:     $ Unknown    $ Unknown
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Taxes**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY
unsecured claim:
11 U.S.C. § 507(a) (8)

---

| 2.5 | | | |
|---|---|---|---|

Priority creditor's name and mailing address

**Los Angeles County Tax**
**Collector**
**PO Box 54027**
**Los Angeles, CA 90054-0027**

As of the petition filing date, the claim is:     $ Unknown    $ Unknown
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Taxes**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

---

Official Form 206 E/F                        Schedule E/F: Creditors Who Have Unsecured Claims                    Page 2 of 7

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

Case 2:15-bk-28443-NB    Doc 18    Filed 12/15/15    Entered 12/15/15 18:25:06    Desc
Main Document        Page 3 of 8

Debtor 1  **Cloudbreak Entertainment, Inc.**                          Case number (if known)  **15-28443**
          ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
          First Name    Middle Name         Last Name

Specify Code subsection of PRIORITY
unsecured claim:
11 U.S.C. § 507(a) (8)

---

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

3.  List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
    out and attach the Additional Page of Part 2.

                                                                                              Amount of claim

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $ 0.00 |
|---|---|---|---|

**3.1**  Nonpriority creditor's name and mailing address

**Actuaries Unlimited, Inc.**
**16030 Ventura Blvd. #320**
**Encino, CA 91436**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Debt**

Date or dates debt was incurred

Last 4 digits of account number

Is the claim subject to offset?
☒ No
☐ Yes

$ **0.00**

---

**3.2**  Nonpriority creditor's name and mailing address

**Browne George Ross, LLP**
**2121 Avenue of the Stars**
**24th Floor**
**Los Angeles, CA 90067**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Professional Services**

Date or dates debt was incurred

Last 4 digits of account number

Is the claim subject to offset?
☒ No
☐ Yes

$ **1,231,514.83**

---

**3.3**  Nonpriority creditor's name and mailing address

**Bungalow Properties**
**11812 San Vicente Blvd.**
**Suite 200**
**Los Angeles, CA 90049**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Debt**

Date or dates debt was incurred

Last 4 digits of account number

Is the claim subject to offset?
☒ No
☐ Yes

$ **2,000.00**

---

**3.4**  Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:

$ **0.00**

---

Official Form 206 E/F                    Schedule E/F: Creditors Who Have Unsecured Claims                    Page 3 of 7

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com
                                                                                                     Best Case Bankruptcy

Debtor 1    **Cloudbreak Entertainment, Inc.**

First Name        Middle Name              Last Name

Case number (if known) **15-28443**

Conrad Riggs
11812 San Vicente Blvd.
Suite 200
Los Angeles, CA 90049

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim:  Payment of legal fees on behalf
                      of Debtor

Date or dates debt was incurred

Is the claim subject to offset?
☑ No

Last 4 digits of account number

☐ Yes

---

| 3.5 |

Nonpriority creditor's name and mailing address
**Gordon, Fishburn & Schlossmann, LLP**
11812 San Vicente Blvd.
Suite 200
Los Angeles, CA 90049

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Professional Services**

$ 13,420.00

Date or dates debt was incurred

Is the claim subject to offset?
☑ No

Last 4 digits of account number

☐ Yes

---

| 3.6 |

Nonpriority creditor's name and mailing address
**Greines Martin Stein & Richland LLP**
5900 Wilshire Blvd.
12th Floor
Los Angeles, CA 90036

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim:  **Professional Services**

$ 10,000.00

Date or dates debt was incurred

Is the claim subject to offset?
☑ No

Last 4 digits of account number

☐ Yes

---

| 3.7 |

Nonpriority creditor's name and mailing address
**Hacker Douglas & Company LLP**
1900 Avenue of the Stars
Suite 1850
Los Angeles, CA 90067

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Professional Services**

$ 12,500.00

---

Debtor 1   **Cloudbreak Entertainment, Inc.**                                          Case number (if known)  **15-28443**
          First Name         Middle Name              Last Name

| | | |
|---|---|---|
| Date or dates debt was incurred | Is the claim subject to offset? | |
| | ☒ No | |
| Last 4 digits of account number | ☐ Yes | |

| | | | $ |
|---|---|---|---|
| **3.8** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | **25,000.00** |
| | **Hecker Law Group** | Check all that apply. | |
| | **1925 Century Park East** | ☐ Contingent | |
| | **Suite 2300** | ☐ Unliquidated | |
| | **Los Angeles, CA 90067** | ☐ Disputed | |
| | | Basis for the claim:  **Professional Services** | |

| | | |
|---|---|---|
| Date or dates debt was incurred | Is the claim subject to offset? | |
| | ☒ No | |
| Last 4 digits of account number | ☐ Yes | |

| | | | $ |
|---|---|---|---|
| **3.9** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | **641.50** |
| | **Kehr Schiff & Crane LLP** | Check all that apply. | |
| | **12400 Wilshire Blvd.** | ☐ Contingent | |
| | **13th Floor** | ☐ Unliquidated | |
| | **Los Angeles, CA 90025** | ☐ Disputed | |
| | | Basis for the claim:  **Professional Services** | |

| | | |
|---|---|---|
| Date or dates debt was incurred | Is the claim subject to offset? | |
| | ☒ No | |
| Last 4 digits of account number | ☐ Yes | |

| | | | $ |
|---|---|---|---|
| **3.1 0** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | **14,000,000.00** |
| | **Layne Britton** | Check all that apply. | |
| | **3677 Boise Ave.** | ☒ Contingent | |
| | **Los Angeles, CA 90066** | ☒ Unliquidated | |
| | | ☒ Disputed | |
| | | Basis for the claim:  **Litigation** | |

| | | |
|---|---|---|
| Date or dates debt was incurred | Is the claim subject to offset? | |
| | ☒ No | |
| Last 4 digits of account number | ☐ Yes | |

| | | | $ |
|---|---|---|---|
| **3.1 1** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | **0.00** |

Case 2:15-bk-28443-NB    Doc 18    Filed 12/15/15    Entered 12/15/15 18:25:06    Desc
Main Document        Page 6 of 8

Debtor 1  **Cloudbreak Entertainment, Inc.**                                          Case number (if known)  15-28443
          _____
          First Name    Middle Name        Last Name

**Liberty Ranch Holding**                    *Check all that apply.*
**Debra West**                               ☑ Contingent
**3120 East Horse Mountain Circle**          ☐ Unliquidated
**Heber City, UT 84032**                     ☐ Disputed

                                             Basis for the claim:  Contingency Fee 15% of 75% of
                                                                   the producing fees received from
                                                                   "Survivor", and 50% of 75% of
                                                                   the producing fees recieved from
                                                                   "The Apprentice"

Date or dates debt was incurred  _____   Is the claim subject to offset?
                                               ☑ No
Last 4 digits of account number  _____   ☐ Yes

---

| 3.1 2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $  5,000.00 |
|---|---|---|---|

**Lysaght Law Group LLP**                    *Check all that apply.*
**2233 Wilshire Blvd.**                      ☐ Contingent
**Suite 700**                                ☐ Unliquidated
**Santa Monica, CA 90401**                   ☑ Disputed

                                             Basis for the claim:  **Professional Services**

Date or dates debt was incurred  _____   Is the claim subject to offset?
                                               ☑ No
Last 4 digits of account number  _____   ☐ Yes

---

| 3.1 3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $  0.00 |
|---|---|---|---|

**Munger Tolles & Olson LLP**                *Check all that apply.*
**PO Box 515065**                            ☑ Contingent
**Los Angeles, CA 90051-5065**               ☐ Unliquidated
                                             ☐ Disputed

                                             Basis for the claim:  Contingency fee of 25% of the
                                                                   producing fees received from
                                                                   "Survivor" and "The Apprentice"

Date or dates debt was incurred  _____   Is the claim subject to offset?
                                               ☑ No
Last 4 digits of account number  _____   ☐ Yes

---

| 3.1 4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $  12,875.00 |
|---|---|---|---|

**The Point Media**                          *Check all that apply.*
**350 South Beverly Drive**                  ☐ Contingent
**Suite 170**                                ☐ Unliquidated
**Beverly Hills, CA 90212**                  ☐ Disputed

                                             Basis for the claim:  **Trade Debt**

Official Form 206 E/F                Schedule E/F: Creditors Who Have Unsecured Claims                Page 6 of 7

Case 2:15-bk-28443-NB    Doc 18    Filed 12/15/15    Entered 12/15/15 18:25:06    Desc
Main Document        Page 7 of 8

Debtor 1    **Cloudbreak Entertainment, Inc.**                                    Case number (if known) 15-28443

First Name         Middle Name              Last Name

| | | | | |
|---|---|---|---|---|
| Date or dates debt was incurred | | | Is the claim subject to offset? | |
| | | | ☒ No | |
| Last 4 digits of account number | | | ☐ Yes | |

| | | | | $ | |
|---|---|---|---|---|---|
| **3.1 5** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | | | 500.00 |
| | **Verizon California** | Check all that apply. | | | |
| | **PO Box 9688** | ☐ Contingent | | | |
| | **Mission Hills, CA 91346-9688** | ☐ Unliquidated | | | |
| | | ☒ Disputed | | | |
| | | Basis for the claim:  Trade Debt | | | |

| | | | | |
|---|---|---|---|---|
| Date or dates debt was incurred | | | Is the claim subject to offset? | |
| | | | ☒ No | |
| Last 4 digits of account number | | | ☐ Yes | |

## Part 3:  List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| **4.1** | **Quinn Emanuel Urquhart & Sullivan** | Line  3.10 | |
| | **865 S. Figueroa St.** | | |
| | **10th Floor** | ☐  Not listed, Explain | |
| | **Los Angeles, CA 90017** | | |

## Part 4:  Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts | |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ | 15,313,451.33 |
| 5c. Total of Parts 1 and 2 Lines 5a + 5b = 5c. | 5c. | $ | 15,313,451.33 |

**Fill in this information to identify the case:**

Debtor name    **Cloudbreak Entertainment, Inc.**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **15-28443**

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    1/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☒    *Amended Schedule    F*
☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐    *Other document that requires a declaration*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **December 15, 2015**          X _____
                                                Signature of individual signing on behalf of debtor

                                                **Conrad Riggs**
                                                Printed name

                                                **President**
                                                Position or relationship to debtor

Official Form 202                        Declaration Under Penalty of Perjury for Non-Individual Debtors

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

26

# Exhibit "2"

# Exhibit "2"

**Fill in this information to identify the case:**

Debtor name **Cloudbreak Entertainment, Inc.**

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) **15-28443**

☐ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:**    **Cash and cash equivalents**

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

All cash or cash equivalents owned or controlled by the debtor

Current value of debtor's interest

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*
Name of institution (bank or brokerage firm)    Type of account    Last 4 digits of account number

| | | | |
|---|---|---|---|
| **Checking** | | | |
| **Last 4 digits of Acc# : 6540** | | | |
| 3.1.. **City National Bank** | **Checking** | 6540 | **$35,534.74** |

4.    **Other cash equivalents** *(Identify all)*

5.    **Total of Part 1.**                    $35,534.74
    Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

**Part 2:**    **Deposits and Prepayments**

**6. Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

**Part 3:**    **Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
■ Yes Fill in the information below.

11.    **Accounts receivable**

| | | | | |
|---|---|---|---|---|
| 11b. Over 90 days old: | 243,000.00 | - | 0.00 =.... | $243,000.00 |
| | face amount | | doubtful or uncollectible accounts | |
| | Balance of Survivor 32 Producer Fee | | | |

| Debtor | **Cloudbreak Entertainment, Inc.** | Case number *(if known)* **15-28443** |
|---|---|---|
| | Name | |

| 11b. Over 90 days old: | **Unknown** | - | **0.00** =.... | **Unknown** |
|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | |

Q3 Survivor "off network" income

| 12. | **Total of Part 3.** | **$243,000.00** |
|---|---|---|
| | Current value on lines 11a + 11b = line 12.  Copy the total to line 82. | |

**Part 4.**   **Investments**

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

**Part 5.**   **Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6.**   **Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7.**   **Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. | **Office furniture**<br>2 desks, 1 chair, 1 coffee table, 1 printer, 1 scanner, 2 computers, 1 painting, 1 camera w/ tripod, 3 office phones, 1 ipad, 1 cabinet, 1 iphone | | |
| | | $0.00 | $10,000.00 |
| 40. | **Office fixtures** | | |
| 41. | Office equipment, including all computer equipment and communication systems equipment and software<br>See item 39 above. | $0.00 | $0.00 |
| 42. | Collectibles *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | |
| | 42.1..  Artwork | $10,580.00 | $10,580.00 |

| Debtor | **Cloudbreak Entertainment, Inc.** | Case number *(if known)* **15-28443** |
|---|---|---|
| | Name | |

**43.**  **Total of Part 7.**                                                                                                       **$20,580.00**
Add lines 39 through 42. Copy the total to line 86.

**44.**  **Is a depreciation schedule available for any of the property listed in Part 7?**
☐ No
■ Yes

**45.**  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 8:**  **Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:**  **Real property**

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
■ Yes Fill in the information below.

**55.**  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. **Month to month lease at 2958 Exposition Blvd., Santa Monica CA at $2,000 per month.** | Lessee | $0.00 | | Unknown |

**56.**  **Total of Part 9.**                                                                                                       **$0.00**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

**57.**  **Is a depreciation schedule available for any of the property listed in Part 9?**
■ No
☐ Yes

**58.**  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 10:**  **Intangibles and intellectual property**

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
■ Yes Fill in the information below.

Case 2:15-bk-28443-NB    Doc 17    Filed 12/15/15    Entered 12/15/15 15:47:29    Desc
Main Document    Page 5 of 20

| Debtor | **Cloudbreak Entertainment, Inc.** | Case number *(if known)* **15-28443** |
|---|---|---|
| | Name | |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. | Patents, copyrights, trademarks, and trade secrets | | | |
| | "Bounty Hunter" copyright | | | Unknown |
| | "Kid Robot" copyright | | | Unknown |
| 61. | Internet domain names and websites | | | |
| 62. | Licenses, franchises, and royalties | | | |
| 63. | Customer lists, mailing lists, or other compilations | | | |
| 64. | Other intangibles, or intellectual property | | | |
| | Interest in future revenue from: Survivor, The Apprentice, Bounty Hunter, Brides, Cinderella in America, Coming Out, Culver Academy, Divided Nation, House of Heather, Love at First Sight, The Jury Project, and The Untitled Disaster Relief Project | | | Unknown |
| 65. | Goodwill | | | |

| 66. | Total of Part 10. | $0.00 |
|---|---|---|
| | Add lines 60 through 65. Copy the total to line 89. | |

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C.§§ 101(41A) and 107?**
■ No
☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
■ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
■ No
☐ Yes

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
■ Yes Fill in the information below.

| | | | | | Current value of debtor's interest |
|---|---|---|---|---|---|

| 71. | Notes receivable | | | | |
|---|---|---|---|---|---|
| | Description (Include name of obligor) | | | | |
| | Loan to David Russo | 7,500.00 | – | 0.00 | = | $7,500.00 |
| | | Total face amount | | doubtful or uncollectible amount | | |

72. **Tax refunds and unused net operating losses (NOLs)**

| Debtor | **Cloudbreak Entertainment, Inc.** | Case number *(If known)* **15-28443** |
|---|---|---|
| | Name | |

Description (for example, federal, state, local)

73.   **Interests in insurance policies or annuities**

74.   **Causes of action against third parties (whether or not a lawsuit has been filed)**

75.   **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

| | | |
|---|---|---|
| **Amount requested : Unknown** | | |
| **Litigation between Layne Leslie Britton v. Conrad Riggs and Cloudbreak Entertainment, Inc.** | | **Unknown** |
| Nature of claim | Cross-Claim | |
| Amount requested | | Unknown |

| | | |
|---|---|---|
| **Amount requested : Unknown** | | |
| **Burnett Settlement Agreement and General Release dated March 12, 2012** | | **Unknown** |
| Nature of claim | Settlement Agreement | |
| Amount requested | | |

76.   **Trusts, equitable or future interests in property**
       **Cloudbreak Entertainment, Inc. Retirement Trust**

       Unknown

77.   **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78.   **Total of Part 11.**

       Add lines 71 through 77. Copy the total to line 90.

       | |
       |---|
       | **$7,500.00** |

79.   **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

       ■ No
       ☐ Yes

Case 2:15-bk-28443-NB    Doc 17    Filed 12/15/15    Entered 12/15/15 15:47:29    Desc
Main Document    Page 7 of 20

| Debtor | **Cloudbreak Entertainment, Inc.** | Case number *(if known)* **15-28443** |
|---|---|---|
| | Name | |

| **Part 12:** | **Summary** |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** Copy line 5, Part 1 | $35,534.74 | |
| 81. **Deposits and prepayments.** Copy line 9, Part 2. | $0.00 | |
| 82. **Accounts receivable.** Copy line 12, Part 3. | $243,000.00 | |
| 83. **Investments.** Copy line 17, Part 4. | $0.00 | |
| 84. **Inventory.** Copy line 23, Part 5. | $0.00 | |
| 85. **Farming and fishing-related assets.** Copy line 33, Part 6. | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. | $20,580.00 | |
| 87. **Machinery, equipment, and vehicles.** Copy line 51, Part 8. | $0.00 | |
| 88. **Real property.** Copy line 56, Part 9...............................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** Copy line 66, Part 10. | $0.00 | |
| 90. **All other assets.** Copy line 78, Part 11. | + $7,500.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $306,614.74 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $306,614.74 |

**Fill in this information to identify the case:**

Debtor name  **Cloudbreak Entertainment, Inc.**

United States Bankruptcy Court for the:  CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)  **15-28443**

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

**2.** List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1  First Republic Bank**<br>Creditor's Name | Describe debtor's property that is subject to a lien | $0.00 | $0.00 |
| **111 Pine Street**<br>**San Francisco, CA 94111**<br>Creditor's mailing address | Describe the lien<br>**UCC filing**<br>Is the creditor an insider or related party?<br>■ No<br>☐ Yes | | |
| Creditor's email address, if known | Is anyone else liable on this claim?<br>■ No<br>☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H) | | |
| Date debt was incurred<br><br>Last 4 digits of account number | | | |
| Do multiple creditors have an interest in the same property?<br>■ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | As of the petition filing date, the claim is:<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed | | |

**3.**  Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.  $0.00

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor?<br>Line | Last 4 digits of account number for this entity |
|---|---|---|
| -NONE- | | |

Official Form 206D                    Schedule D: Creditors Who Have Claims Secured by Property                    page 1 of 1

Case 2:15-bk-28443-NB    Doc 17    Filed 12/15/15    Entered 12/15/15 15:47:29    Desc
Main Document        Page 9 of 20

Fill in this information to identify the case:

Debtor name    **Cloudbreak Entertainment, Inc.**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **15-28443**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
    ☐ No. Go to Part 2.
    ■ Yes. Go to line 2.

2.  List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | | Total claim | Priority amount |
|---|---|---|---|---|

**2.1**

| Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $ Unknown | $ Unknown |
|---|---|---|---|
| **City of Los Angeles**<br>**Office of Finance**<br>**PO Box 513996**<br>**Los Angeles, CA 90051-3996** | Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| Date or dates debt was incurred | Basis for the claim:<br>**Taxes** | | |
| Last 4 digits of account number | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |
| Specify Code subsection of PRIORITY unsecured claim:<br>11 U.S.C. § 507(a) (8) | | | |

**2.2**

| Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $ Unknown | $ Unknown |
|---|---|---|---|
| **City of Los Angeles**<br>**200 N. Main St. Rm 920**<br>**Tax & Permit Division**<br>**Los Angeles, CA 90012** | Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| Date or dates debt was incurred | Basis for the claim:<br>**Taxes** | | |
| Last 4 digits of account number | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

Case 2:15-bk-28443-NB    Doc 17    Filed 12/15/15    Entered 12/15/15 15:47:29    Desc
Main Document    Page 10 of 20

| Debtor 1 | **Conrad Riggs** | | | Case number (if know) | **15-28443** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (8)

---

**2.3**

| | |
|---|---|
| **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** $ Unknown   $ Unknown |
| **City of Santa Monica** | *Check all that apply.* |
| **Taxes & License** | ☐ Contingent |
| **PO Box 2200** | ☐ Unliquidated |
| **Santa Monica, CA 90407-2200** | ☐ Disputed |

**Date or dates debt was incurred**    **Basis for the claim:**
**Taxes**

**Last 4 digits of account number**    **Is the claim subject to offset?**
■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (8)

---

**2.4**

| | |
|---|---|
| **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** $ Unknown   $ Unknown |
| **Franchise Tax Board** | *Check all that apply.* |
| **Attention Bankruptcy** | ☐ Contingent |
| **PO Box 2952** | ☐ Unliquidated |
| **Sacramento, CA 95812-2952** | ☐ Disputed |

**Date or dates debt was incurred**    **Basis for the claim:**
**Taxes**

**Last 4 digits of account number**    **Is the claim subject to offset?**
■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (8)

---

**2.5**

| | |
|---|---|
| **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** $ Unknown   $ Unknown |
| **Los Angeles County Tax Collector** | *Check all that apply.* |
| **PO Box 54027** | ☐ Contingent |
| **Los Angeles, CA 90054-0027** | ☐ Unliquidated |
| | ☐ Disputed |

**Date or dates debt was incurred**    **Basis for the claim:**
**Taxes**

**Last 4 digits of account number**    **Is the claim subject to offset?**
■ No
☐ Yes

---

| Debtor 1 | Conrad | | Riggs | | Case number (if know) | 15-28443 |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

Specify Code subsection of PRIORITY
unsecured claim:
11 U.S.C. § 507(a) (8)

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

3.  List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

Amount of claim

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $ 0.00 |
|---|---|---|---|

**3.1**

Nonpriority creditor's name and mailing address
**Actuaries Unlimited, Inc.**
**16030 Ventura Blvd. #320**
**Encino, CA 91436**

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:    **Trade Debt**

Date or dates debt was incurred

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

$ **0.00**

**3.2**

Nonpriority creditor's name and mailing address
**Browne George Ross, LLP**
**2121 Avenue of the Stars**
**24th Floor**
**Los Angeles, CA 90067**

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:    **Professional Services**

Date or dates debt was incurred

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

$ **1,231,514.83**

**3.3**

Nonpriority creditor's name and mailing address
**Bungalow Properties**
**11812 San Vicente Blvd.**
**Suite 200**
**Los Angeles, CA 90049**

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:    **Trade Debt**

Date or dates debt was incurred

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

$ **2,000.00**

**3.4**

Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:

$ **13,420.00**

Case 2:15-bk-28443-NB    Doc 17    Filed 12/15/15    Entered 12/15/15 15:47:29    Desc
Main Document         Page 12 of 20

Debtor 1    **Conrad Riggs**                                                    Case number (if known)    **15-28443**
      First Name    Middle Name    Last Name

| | |
|---|---|
| **Gordon, Fishburn & Schlossmann, LLP**<br>**11812 San Vicente Blvd.**<br>**Suite 200**<br>**Los Angeles, CA 90049** | *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: **Professional Services** |

Date or dates debt was incurred      _____    Is the claim subject to offset?
     ■ No
Last 4 digits of account number      _____    ☐ Yes

---

**3.5**    Nonpriority creditor's name and mailing address    As of the petition filing date, the claim is:    $ **10,000.00**
**Greines Martin Stein & Richland LLP**    *Check all that apply.*
**5900 Wilshire Blvd.**    ☐ Contingent
**12th Floor**    ☐ Unliquidated
**Los Angeles, CA 90036**    ■ Disputed

     Basis for the claim: **Professional Services**

Date or dates debt was incurred      _____    Is the claim subject to offset?
     ■ No
Last 4 digits of account number      _____    ☐ Yes

---

**3.6**    Nonpriority creditor's name and mailing address    As of the petition filing date, the claim is:    $ **12,500.00**
**Hacker Douglas & Company LLP**    *Check all that apply.*
**1900 Avenue of the Stars**    ☐ Contingent
**Suite 1850**    ☐ Unliquidated
**Los Angeles, CA 90067**    ☐ Disputed

     Basis for the claim: **Professional Services**

Date or dates debt was incurred      _____    Is the claim subject to offset?
     ■ No
Last 4 digits of account number      _____    ☐ Yes

---

**3.7**    Nonpriority creditor's name and mailing address    As of the petition filing date, the claim is:    $ **25,000.00**
**Hecker Law Group**    *Check all that apply.*
**1925 Century Park East**    ☐ Contingent
**Suite 2300**    ☐ Unliquidated
**Los Angeles, CA 90067**    ☐ Disputed

     Basis for the claim: **Professional Services**

Date or dates debt was incurred      _____    Is the claim subject to offset?
     ■ No
Last 4 digits of account number      _____    ☐ Yes

---

Debtor 1    **Conrad Riggs**
First Name        Middle Name            Last Name

Case number (if know)    **15-28443**

---

| | | | |
|---|---|---|---|
| 3.8 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: <br> *Check all that apply.* | $ **641.50** |
| | **Kehr Schiff & Crane LLP** <br> **12400 Wilshire Blvd.** <br> **13th Floor** <br> **Los Angeles, CA 90025** | ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed | |
| | | Basis for the claim:    **Professional Services** | |
| | Date or dates debt was incurred | Is the claim subject to offset? | |
| | Last 4 digits of account number | ■ No <br> ☐ Yes | |

---

| | | | |
|---|---|---|---|
| 3.9 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: <br> *Check all that apply.* | $ **14,000,000.00** |
| | **Layne Britton** <br> **3677 Boise Ave.** <br> **Los Angeles, CA 90066** | ■ Contingent <br> ■ Unliquidated <br> ■ Disputed | |
| | | Basis for the claim:    **Litigation** | |
| | Date or dates debt was incurred | Is the claim subject to offset? | |
| | Last 4 digits of account number | ■ No <br> ☐ Yes | |

---

| | | | |
|---|---|---|---|
| 3.10 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: <br> *Check all that apply.* | $ **0.00** |
| | **Liberty Ranch Holding** <br> **Debra West** <br> **3120 East Horse Mountain Circle** <br> **Heber City, UT 84032** | ■ Contingent <br> ☐ Unliquidated <br> ☐ Disputed | |
| | | Basis for the claim:    **Contingency Fee 15% of 75% of the producing fees received from "Survivor", and 50% of 75% of the producing fees recieved from "The Apprentice"** | |
| | Date or dates debt was incurred | Is the claim subject to offset? | |
| | Last 4 digits of account number | ■ No <br> ☐ Yes | |

---

| | | | |
|---|---|---|---|
| 3.11 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: <br> *Check all that apply.* | $ **5,000.00** |
| | **Lysaght Law Group LLP** <br> **2233 Wilshire Blvd.** <br> **Suite 700** <br> **Santa Monica, CA 90401** | ☐ Contingent <br> ☐ Unliquidated <br> ■ Disputed | |
| | | Basis for the claim:    **Professional Services** | |

---

Case 2:15-bk-28443-NB    Doc 17    Filed 12/15/15    Entered 12/15/15 15:47:29    Desc
                        Main Document        Page 14 of 20

Debtor 1    **Conrad Riggs**

| First Name | Middle Name | Last Name |
|---|---|---|

Case number (if know)    **15-28443**

---

Date or dates debt was incurred _____

Last 4 digits of account number _____

**Is the claim subject to offset?**

■ No
☐ Yes

---

| 3.1 2 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $ 0.00 |
|---|---|---|---|

**Munger Tolles & Olson LLP**
**PO Box 515065**
**Los Angeles, CA 90051-5065**

Check all that apply.

■ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:    **Contingency fee of 25% of the producing fees received from "Survivor" and "The Apprentice"**

Date or dates debt was incurred _____

Last 4 digits of account number _____

**Is the claim subject to offset?**

■ No
☐ Yes

---

| 3.1 3 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $ 12,875.00 |
|---|---|---|---|

**The Point Media**
**350 South Beverly Drive**
**Suite 170**
**Beverly Hills, CA 90212**

Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:    **Trade Debt**

Date or dates debt was incurred _____

Last 4 digits of account number _____

**Is the claim subject to offset?**

■ No
☐ Yes

---

| 3.1 4 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $ 500.00 |
|---|---|---|---|

**Verizon California**
**PO Box 9688**
**Mission Hills, CA 91346-9688**

Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim:    **Trade Debt**

Date or dates debt was incurred _____

Last 4 digits of account number _____

**Is the claim subject to offset?**

■ No
☐ Yes

---

| **Part 3:** | **List Others to Be Notified About Unsecured Claims** |
|---|---|

Case 2:15-bk-28443-NB    Doc 17    Filed 12/15/15    Entered 12/15/15 15:47:29    Desc
Main Document        Page 15 of 20

| Debtor 1 | **Conrad Riggs** | | | Case number (if know) | **15-28443** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Quinn Emanuel Urquhart & Sullivan**<br>**865 S. Figueroa St.**<br>**10th Floor**<br>**Los Angeles, CA 90017** | Line  **3.9**<br><br>☐   Not listed. Explain | |

---

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5. Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts | |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ | 0.00 |
| **5b. Total claims from Part 2** | 5b.  + | $ | 15,313,451.33 |
| **5c. Total of Parts 1 and 2**<br>    Lines 5a + 5b = 5c. | 5c. | $ | 15,313,451.33 |

Fill in this information to identify the case:

Debtor name **Cloudbreak Entertainment, Inc.**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **15-28443**

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
   ☒ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | **Oral month to month rental agreement; Rent at $2,000 per month.** | |
| | State the term remaining | **N/A** | **Bungalow Properties LLC**<br>**11812 San Vicente Blvd.**<br>**Suite 200**<br>**Los Angeles, CA 90049** |
| | List the contract number of any government contract | | |
| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | **Settlement Agreement and Mutual Release dated March 12, 2012** | |
| | State the term remaining | **N/A** | **Mark Burnett, DJB, Inc., JMBP, Inc.**<br>**Mark Burnett Productions LLC and**<br>**Jump In Inc.**<br>**1661 Lincoln Blvd., 2nd Floor**<br>**Santa Monica, CA 90404** |
| | List the contract number of any government contract | | |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com

Fill in this information to identify the case:

Debtor name    **Cloudbreak Entertainment, Inc.**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **15-28443**

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1: Codebtor*

*Column 2: Creditor*

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | | Street | | ☐ D ☐ E/F ☐ G |
| | | City    State    Zip Code | | |
| 2.2 | | Street | | ☐ D ☐ E/F ☐ G |
| | | City    State    Zip Code | | |
| 2.3 | | Street | | ☐ D ☐ E/F ☐ G |
| | | City    State    Zip Code | | |
| 2.4 | | Street | | ☐ D ☐ E/F ☐ G |
| | | City    State    Zip Code | | |

Fill in this information to identify the case:

Debtor name    **Cloudbreak Entertainment, Inc.**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)   **15-28443**

☐ Check if this is an
   amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ■ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ■ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ■ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ■ Schedule H: Codebtors (Official Form 206H)
- ■ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/15/2015     X _____
                                Signature of individual signing on behalf of debtor

                                **Conrad Riggs**
                                Printed name

                                **President**
                                Position or relationship to debtor

Official Form 202              Declaration Under Penalty of Perjury for Non-Individual Debtors

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                     Best Case Bankruptcy

44

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13ᵗʰ Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **SUMMARY OF ASSETS AND LIABILITIES FOR NON-INDIVIDUALS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 15, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) **December 15, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Cloudbreak Entertainment, Inc.
c/o Brentwood Management Group
11812 San Vicente Blvd., Ste 200
Los Angeles, CA 90049

Eric D Winston
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Fl.
Los Angeles, CA 90017

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 15, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA MESSENGER**
Honorable Neil W. Bason
United States Bankruptcy Court
Edward R. Roybal Building & Courthouse
255 E. Temple St., Ste. 1552
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 15, 2015 | Sophia L. Lee | /s/ Sophia L. Lee |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
DOCS_LA:295076.2 06080/001

**F 9013-3.1.PROOF.SERVICE**

Case 2:15-bk-28443-NB    Doc 17    Filed 12/15/15    Entered 12/15/15 15:47:29    Desc
                    Main Document      Page 20 of 20

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**In re Cloudbreak Entertainment, Inc.**
**USBC, Central District of California, Santa Ana Division Case No. 2:15-bk-28443-NB**

- Melanie Scott Green
  Melanie.green@usdoj.gov
- Dare Law    dare.law@usdoj.gov,
  ron.maroko@usdoj.gov
- Jeremy V Richards
  jrichards@pszjlaw.com,
  bdassa@pszjlaw.com;imorris@pszjlaw.com

- United States Trustee (LA)
  ustpregion16.la.ecf@usdoj.gov
- Eric D Winston
  ericwinston@quinnemanuel.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:295076.2 06080/001                    46                    **F 9013-3.1.PROOF.SERVICE**

# Exhibit "3"

# Exhibit "3"

---

**Fill in this information to identify the case:**

Debtor name    **Cloudbreak Entertainment, Inc.**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **15-28443**

☐ Check if this is an amended filing

---

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy        12/15

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

1.  **Gross revenue from business**

    ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **1/01/2015** to Filing Date | ■ Operating a business<br>☐ Other | $1,943,993.00 |
| **For prior year:**<br>From **1/01/2014** to **12/31/2014** | ■ Operating a business<br>☐ Other | $1,737,015.00 |
| **For year before that:**<br>From **1/01/2013** to **12/31/2013** | ■ Operating a business<br>☐ Other | $1,666,904.00 |

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,225. (This amount may be adjusted on 4/01/16 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|

Debtor    __Cloudbreak Entertainment, Inc.__    Case number (if known) __15-28443__

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|---|
| 3.1. | **See Attachment 3 hereto** | | **$0.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Loan<br>☐ Other___ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,225. (This amount may be adjusted on 4/01/16 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| | Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | **See Attachment 30 hereto** | | **$0.00** | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Layne Leslie Britton v.<br>Conrad Riggs and<br>Cloudbreak Entertainment,<br>Inc.**<br>**BC496298** | **Breach of<br>Contract** | **Los Angeles Superior Court<br>111 North Hill Street<br>Los Angeles, CA 90012** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

| Debtor | **Cloudbreak Entertainment, Inc.** | Case number *(if known)*  **15-28443** |
|---|---|---|

---

**Part 4:    Certain Gifts and Charitable Contributions**

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

---

**Part 5:    Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None.

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

---

**Part 6:    Certain Payments or Transfers**

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Pachulski Stang Ziehl & Jones LLP**<br>**10100 Santa Monica Blvd.**<br>**13th Floor**<br>**Los Angeles, CA 90067** | | **November 30, 2015** | **$150,000.00** |
| | Email or website address<br>**www.pszjlaw.com** | | | |
| | Who made the payment, if not debtor? | | | |

---

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☐ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| **Cloudbreak Entertainment, Inc. Retirement Trust** | **Trust contributions** | **2005 - 2014** | **$1,757,879.00** |
| **Trustee**<br>**Conrad Riggs** | | | |

---

Debtor   **Cloudbreak Entertainment, Inc.**                              Case number (if known) **15-28443**

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy From-To |
|---|---|
| 14.1.   **11812 San Vicente Blvd. Suite 200 Los Angeles, CA 90049** | **10/01/04 - current** |

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■  No. Go to Part 9.
☐  Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

■  No.
☐  Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐  No. Go to Part 10.
■  Yes. Does the debtor serve as plan administrator?

    ☐ No Go to Part 10.
    ■ Yes. Fill in below:
    Name of plan                                                 Employer identification number of the plan
    **Cloudbreak Entertainment, Inc. 401(K) Profit Sharing Plan**          EIN:  **95-4778139**

    Has the plan been terminated?
    ■ No
    ☐ Yes

    ☐ No Go to Part 10.
    ■ Yes. Fill in below:
    Name of plan                                                 Employer identification number of the plan

Debtor    **Cloudbreak Entertainment, Inc.**                                      Case number *(if known)*  **15-28443**

---

**Cloudbreak Entertainment, Inc. 401(K) Profit Sharing Plan and**        EIN:  **95-4778139**
**Defined Benefit Plan**

Has the plan been terminated?
■ No
☐ Yes

---

**Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

---

**Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**
    List any property the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

---

**Part 12:   Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
    *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

    *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

    *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

Debtor   **Cloudbreak Entertainment, Inc.** _____   Case number *(if known)*  **15-28443**

■ No.
☐ Yes. Provide details below.

| Case title | Court or agency name and | Nature of the case | Status of case |
|---|---|---|---|
| Case number | address | | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| | | Dates business existed |

26. **Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
    ☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| **26a.1.   The Brentwood Management Group**<br>**Eric Major**<br>**11812 San Vicente Blvd.**<br>**Suite 200**<br>**Los Angeles, CA 90049** | **2004 - current** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| **26c.1.    Conrad Riggs**<br>**11812 San Vicente Blvd.**<br>**Suite 200**<br>**Los Angeles, CA 90049** | |

Case 2:15-bk-28443-NB    Doc 16    Filed 12/15/15    Entered 12/15/15 15:42:05    Desc
Main Document    Page 7 of 22

Debtor    **Cloudbreak Entertainment, Inc.**                                                    Case number *(if known)*    **15-28443**

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2.    **The Brentwood Group**<br>**Eric Major**<br>**11812 San Vicente Blvd.**<br>**Suite 200**<br>**Los Angeles, CA 90049** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

**Name and address**

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Conrad Riggs** | **11812 San Vicente Blvd.**<br>**Suite 200**<br>**Los Angeles, CA 90049** | **President, Secretary and sole shareholder** | **100%** |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
■ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1    **See Attachment 30 hereto** | | | |
| **Relationship to debtor** | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No
☐ Yes. Identify below.

Case 2:15-bk-28443-NB    Doc 16    Filed 12/15/15    Entered 12/15/15 15:42:05    Desc
Main Document    Page 8 of 22

Debtor    __Cloudbreak Entertainment, Inc.__                                    Case number (if known)  __15-28443__

| Name of the parent corporation | Employer Identification number of the parent corporation |

32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☐  No
■  Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |

Cloudbreak Entertainment, Inc. 401(K) Profit Sharing Plan          EIN:     95-4778139
Cloudbreak Entertainment, Inc. 401(K) Profit Sharing Plan and Defined
Benefit Plan

## Part 14:    Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __12/15/2015__

_____          __Conrad Riggs__
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor    __President__

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☐ No
■ Yes

# ATTACHMENT 3

CLOUDBREAK ENTERTAINMENT, INC.
DETAIL CHECK REGISTER
CLIENT : 7130    09:52:23  07 Dec 2015 PAGE    1
CHECKING ACCOUNT 1 - FIRST REPUBLIC BANK
FROM 09-01-15 THROUGH 11-30-15

BANK ACCT : 1

| CHECK DATE | PAYEE | CHECK NO. | AMOUNT OF CHECK | DESCRIPTION | DISTRIBUTION ACCOUNT NAME | ACCOUNT NUMBER | AMOUNT | V |
|---|---|---|---|---|---|---|---|---|
| 09-01-15 | BUNGALOW PROPERTIES, LLC | 6054 | 2,000.00 | ACCOUNTS PAYABLE | RENT | 4056 | 2,000.00 | |
| 09-01-15 | BUNGALOW PROPERTIES, LLC | 6055 | 2,000.00 | ACCOUNTS PAYABLE | RENT | 4056 | 2,000.00 | |
| 09-01-15 | GORDON, FISHBURN & SCHLOS | 6056 | 2,650.00 | ACCOUNTS PAYABLE | MANAGEMENT FEES | 4030 | 2,500.00 | |
| | | | | | OFFICE SUPPLIES & EXPENSES | 4050 | 150.00 | |
| 09-01-15 | MUNGER,TOLLES & OLSON LLP | 6057 | 13,300.00 | ACCOUNTS PAYABLE | LEGAL FEES | 4047 | 13,300.00 | |
| 09-15-15 | CLOUDBREAK ENTERTAINMENT, | 6058 | 24,435.00 | ACCOUNTS PAYABLE | PENSION PLAN CONTRIBUTION | 4053 | 24,435.00 | |
| 09-16-15 | AMERICAN EXPRESS | 6059 | 159.01 | ACCOUNTS PAYABLE | SHAREHOLDER'S DISTRIBUTION | 2120 | 159.01 | |
| 09-16-15 | AMERICAN EXPRESS | 6060 | 12,392.75 | ACCOUNTS PAYABLE | ENTERTAINMENT | 4039 | 1,618.19 | |
| | | | | | SHAREHOLDER'S DISTRIBUTION | 2120 | 4,052.50 | |
| | | | | | OFFICE SUPPLIES & EXPENSES | 4050 | 1,119.04 | |
| | | | | | RECORDS & TAPES | 4055 | 195.89 | |
| | | | | | BOOKS AND SUBSCRIPTIONS | 4036 | 125.94 | |
| | | | | | TRAVEL-FARES & TRANSPORTATION | 4064 | 803.43 | |
| | | | | | AUTO EXPENSES | 4033 | 4.00 | |
| | | | | | OFFICE FURNITURE & EQUIPMENT | 1228 | 3,242.20 | |
| | | | | | TELEPHONE | 4062 | 46.95 | |
| | | | | | TRAVEL-LODGING | 4065 | 1,171.62 | |
| | | | | | THEATRE TICKETS | 4063 | 12.99 | |
| 09-21-15 | FEEDWIRE | 6061 | 6.60 | ACCOUNTS PAYABLE | OFFICE SUPPLIES & EXPENSES | 4050 | 6.60 | |
| 09-21-15 | MUNGER,TOLLES & OLSON LLP | 6062 | 10,125.00 | ACCOUNTS PAYABLE | LEGAL FEES | 4047 | 10,125.00 | |
| 09-23-15 | GORDON, FISHBURN & SCHLOS | 6063 | 16.00 | ACCOUNTS PAYABLE | OFFICE SUPPLIES & EXPENSES | 4050 | 16.00 | |
| 10-01-15 | BUNGALOW PROPERTIES, LLC | 6064 | 2,000.00 | ACCOUNTS PAYABLE | RENT | 4056 | 2,000.00 | |
| 10-01-15 | GORDON, FISHBURN & SCHLOS | 6065 | 2,650.00 | ACCOUNTS PAYABLE | MANAGEMENT FEES | 4030 | 2,500.00 | |
| | | | | | OFFICE SUPPLIES & EXPENSES | 4050 | 150.00 | |
| 10-01-15 | VERIZON CALIFORNIA | 6066 | 294.37 | ACCOUNTS PAYABLE | TELEPHONE | 4062 | 294.37 | |
| 10-09-15 | AMERICAN EXPRESS | 6067 | 1,228.34 | ACCOUNTS PAYABLE | SHAREHOLDER'S DISTRIBUTION | 2120 | 1,228.34 | |
| 10-09-15 | AMERICAN EXPRESS | 6068 | 3,361.16 | ACCOUNTS PAYABLE | BOOKS AND SUBSCRIPTIONS | 4036 | 29.94 | |
| | | | | | SHAREHOLDER'S DISTRIBUTION | 2120 | 697.43 | |
| | | | | | OFFICE SUPPLIES & EXPENSES | 4050 | 709.63 | |
| | | | | | ENTERTAINMENT | 4039 | 925.38 | |
| | | | | | RECORDS & TAPES | 4055 | 159.90 | |

CLOUDBREAK ENTERTAINMENT, INC.
DETAIL CHECK REGISTER
CLIENT : 7130    09:52:23  07 Dec 2015 PAGE    2
CHECKING ACCOUNT 1 - FIRST REPUBLIC BANK
FROM 09-01-15 THROUGH 11-30-15

BANK ACCT : 1

| CHECK DATE | P A Y E E | CHECK NO. | AMOUNT OF CHECK | DESCRIPTION | DISTRIBUTION ACCOUNT NAME | ACCOUNT NUMBER | AMOUNT | V |
|---|---|---|---|---|---|---|---|---|
| | | | | | TRAVEL-FARES & TRANSPORTATION | 4064 | 156.53 | |
| | | | | | TRAVEL-LODGING | 4065 | 638.40 | |
| | | | | | TELEPHONE | 4062 | 43.95 | |
| 10-09-15 | KEHR SCHIFF & CRANE LLP | 6069 | 517.00 | ACCOUNTS PAYABLE | LEGAL FEES | 4047 | 517.00 | |
| 10-22-15 | GORDON, FISHBURN & SCHLOS | 6070 | 1,500.00 | ACCOUNTS PAYABLE | MANAGEMENT FEES | 4030 | 1,500.00 | |
| 10-23-15 | MUNGER,TOLLES & OLSON LLP | 6071 | 10,125.00 | ACCOUNTS PAYABLE | LEGAL FEES | 4047 | 10,125.00 | |
| 11-02-15 | BUNGALOW PROPERTIES, LLC | 6072 | 2,000.00 | ACCOUNTS PAYABLE | RENT | 4056 | 2,000.00 | |
| 11-02-15 | FEEDWIRE | 6073 | 6.60 | ACCOUNTS PAYABLE | OFFICE SUPPLIES & EXPENSES | 4050 | 6.60 | |
| 11-02-15 | VERIZON CALIFORNIA | 6074 | 300.34 | ACCOUNTS PAYABLE | TELEPHONE | 4062 | 300.34 | |
| 11-02-15 | VERIZON CALIFORNIA | 6075 | 301.49 | ACCOUNTS PAYABLE | TELEPHONE | 4062 | 301.49 | |
| 11-02-15 | HACKER, DOUGLAS & COMPANY | 6076 | 10,000.00 | ACCOUNTS PAYABLE | LEGAL FEES | 4047 | 0.00 | V |
| 11-03-15 | GORDON, FISHBURN & SCHLOS | 6077 | 2,650.00 | ACCOUNTS PAYABLE | MANAGEMENT FEES | 4030 | 2,500.00 | |
| | | | | | OFFICE SUPPLIES & EXPENSES | 4050 | 150.00 | |
| 11-13-15 | AMERICAN EXPRESS | 6078 | 4,765.83 | ACCOUNTS PAYABLE | SHAREHOLDER'S DISTRIBUTION | 2120 | 1,285.08 | |
| | | | | | ENTERTAINMENT | 4039 | 683.57 | |
| | | | | | RECORDS & TAPES | 4055 | 167.92 | |
| | | | | | BOOKS AND SUBSCRIPTIONS | 4036 | 200.44 | |
| | | | | | OFFICE SUPPLIES & EXPENSES | 4050 | 2,056.94 | |
| | | | | | TRAVEL-FARES & TRANSPORTATION | 4064 | 163.00 | |
| | | | | | TELEPHONE | 4062 | 208.88 | |
| 11-20-15 | ACTUARIES UNLIMITED, INC. | 6079 | 4,000.00 | ACCOUNTS PAYABLE | PENSION PLAN EXPENSE | 4053-01 | 4,000.00 | |
| 11-20-15 | CHASE CARD SERVICES | 6080 | 252.23 | ACCOUNTS PAYABLE | BOOKS AND SUBSCRIPTIONS | 4036 | 252.23 | |
| 11-20-15 | FEEDWIRE | 6081 | 6.60 | ACCOUNTS PAYABLE | OFFICE SUPPLIES & EXPENSES | 4050 | 6.60 | |
| 11-24-15 | GORDON, FISHBURN & SCHLOS | 6082 | 10,405.00 | ACCOUNTS PAYABLE | MANAGEMENT FEES | 4030 | 10,300.00 | |
| | | | | | OFFICE SUPPLIES & EXPENSES | 4050 | 105.00 | |
| 11-24-15 | THE POINT MEDIA | 6083 | 4,875.00 | ACCOUNTS PAYABLE | LEGAL FEES | 4047 | 4,875.00 | |

-------- TOTALS --------       $ 128,323.32                                         $ 118,323.32


I have reviewed and approved the
above check and accounting thereof.

# ATTACHMENT 30

CLOUDBREAK ENTERTAINMENT, INC.
(7130)
LEDGER REPORT
FROM 12-01-14 THROUGH 11-30-15    PAGE 1
AS OF 14:39:14  15 Dec 2015

| CK#/ACCT | GJ-REF | DATE | PAYEE/PAYOR | DESCRIPTION | CONTRA | DEBIT | CREDIT | SOURCE |
|---|---|---|---|---|---|---|---|---|
| **4056** | | | RENT | | | | | |
| | | | BEG. BALANCE 11-30-14 | | | 8,000.00 | | |
| 5948*1 | 4255P | 12-04-14 | BUNGALOW PROPERTIES, LLC | | | 2,000.00 | | D2225 |
| | | | | | | 2,000.00 | 0.00 | |
| | | | | | | 10,000.00 | | |
| 5960*1 | 4285P | 01-09-15 | BUNGALOW PROPERTIES, LLC | | | 2,000.00 | | D2243 |
| | | | | | | 2,000.00 | 0.00 | |
| | | | | | | 12,000.00 | | |
| 5973*1 | 4302P | 02-04-15 | BUNGALOW PROPERTIES, LLC | | | 2,000.00 | | D2267 |
| | | | | | | 2,000.00 | 0.00 | |
| | | | | | | 14,000.00 | | |
| 5980*1 | 4316P | 03-01-15 | BUNGALOW PROPERTIES, LLC | | | 2,000.00 | | D2276 |
| | | | | | | 2,000.00 | 0.00 | |
| | | | | | | 16,000.00 | | |
| 5999*1 | 4345P | 04-01-15 | BUNGALOW PROPERTIES, LLC | | | 2,000.00 | | D2304 |
| | | | | | | 2,000.00 | 0.00 | |
| | | | | | | 18,000.00 | | |
| 6011*1 | 4365P | 05-01-15 | BUNGALOW PROPERTIES, LLC | | | 2,000.00 | | D2321 |
| | | | | | | 2,000.00 | 0.00 | |
| | | | | | | 20,000.00 | | |
| 6021*1 | 4383P | 06-02-15 | BUNGALOW PROPERTIES, LLC | | | 2,000.00 | | D2336 |
| | | | | | | 2,000.00 | 0.00 | |
| | | | | | | 22,000.00 | | |
| 6033*1 | 4401P | 07-02-15 | BUNGALOW PROPERTIES, LLC | | | 2,000.00 | | D2349 |
| | | | | | | 2,000.00 | 0.00 | |
| | | | | | | 24,000.00 | | |

Case 2:15-bk-28443-NB    Doc 16    Filed 12/15/15    Entered 12/15/15 15:42:05    Desc
Main Document    Page 14 of 22

CLOUDBREAK ENTERTAINMENT, INC.    4056
(7130)
LEDGER REPORT
FROM 12-01-14 THROUGH 11-30-15    PAGE 2
AS OF 14:39:14  15 Dec 2015

| CK#/ACCT | GJ-REF | DATE | PAYEE/PAYOR | DESCRIPTION | CONTRA | DEBIT | CREDIT | SOURCE |
|---|---|---|---|---|---|---|---|---|
| 6054*1 | 4436P | 09-01-15 | BUNGALOW PROPERTIES, LLC | | | 2,000.00 | | D2384 |
| 6055*1 | 4437P | 09-01-15 | BUNGALOW PROPERTIES, LLC | | | 2,000.00 | | D2384 |
| | | | | | | 4,000.00 | 0.00 | |
| | | | | | | 28,000.00 | | |
| 6064*1 | 4457P | 10-01-15 | BUNGALOW PROPERTIES, LLC | | | 2,000.00 | | D2398 |
| | | | | | | 2,000.00 | 0.00 | |
| | | | | | | 30,000.00 | | |
| 6072*1 | 4478P | 11-02-15 | BUNGALOW PROPERTIES, LLC | | | 2,000.00 | | D2408 |
| | | | | | | 2,000.00 | 0.00 | |
| | | | | | | 32,000.00 | | |
| | | | | | | 24,000.00 | 0.00 | |
| | | | | | | 22,000.00 | | ****** |
| | | | | | | 24,000.00 | 0.00 | |
| | | | | | | 0.00 | | |
| | | | | | | 32,000.00 | | |

Case 2:15-bk-28443-NB   Doc 16   Filed 12/15/15   Entered 12/15/15 15:42:05   Desc
Main Document       Page 15 of 22

CLOUDBREAK ENTERTAINMENT, INC.

(7130)

LEDGER REPORT

FROM 12-01-14 THROUGH 11-30-15      PAGE 1

AS OF 09:52:41  07 Dec 2015

| CK#/ACCT | GJ-REF.... | DATE.... | PAYEE/PAYOR......... | DESCRIPTION.................. | CONTRA...... | ..........DEBIT | .........CREDIT | SOURCE |
|---|---|---|---|---|---|---|---|---|
| **2120** | | | SHAREHOLDER'S DISTRIBUTION | | | | | |
| | | | BEG. BALANCE 11-30-14 | | | 3,113,051.25 | | |
| | 4280 | 12-11-14 | | | | 1,258.32 | | JE |
| | 4266 | 12-22-14 | | | | 15,500.00 | | JE |
| 5953*1 | 4267P | 12-23-14 | AMERICAN EXPRESS | | | 2,358.16 | | D2232 |
| 5953*1 | 4267P | 12-23-14 | AMERICAN EXPRESS | | | | 3,500.00 | D2232 |
| 421*1 | C421*1 | 12-31-14 | CONRAD RIGGS | | | | 100,000.00 | CD |
| | | | | | | 19,116.48 | 103,500.00 | |
| | | | | | | 3,028,667.73 | | |
| | 4453 | 01-01-15 | | | | | 3,028,667.73 | JE |
| 5961*1 | 4286P | 01-12-15 | CONRAD RIGGS | | | 28,000.00 | | D2244 |
| 5963*1 | 4290P | 01-16-15 | CONRAD RIGGS 2013 | | | 13,500.00 | | D2249 |
| | | | IRREVOCABLE TRUST | | | | | |
| 5965*1 | 4292P | 01-22-15 | AMERICAN EXPRESS | | | 1,421.82 | | D2252 |
| | 4298 | 01-27-15 | | | | 15,500.00 | | JE |
| | 4304 | 01-31-15 | | | | 1,258.32 | | JE |
| | | | | | | 59,680.14 | 3,028,667.73 | |
| | | | | | | 59,680.14 | | |
| | 4315 | 02-24-15 | | | | 15,500.00 | | JE |
| | 4325 | 02-28-15 | | | | 1,258.32 | | JE |
| | | | | | | 16,758.32 | 0.00 | |
| | | | | | | 76,438.46 | | |
| 5982*1 | 4318P | 03-02-15 | AMERICAN EXPRESS | | | 2,418.04 | | D2282 |

CLOUDBREAK ENTERTAINMENT, INC.                                    2120
(7130)
LEDGER REPORT
FROM 12-01-14 THROUGH 11-30-15   PAGE 2
AS OF 09:52:41   07 Dec 2015

| CK#/ACCT | GJ-REF | DATE | PAYEE/PAYOR | DESCRIPTION | CONTRA | DEBIT | CREDIT | SOURCE |
|---|---|---|---|---|---|---|---|---|
| 5983*1 | 4319P | 03-02-15 | CONRAD RIGGS | | | 10,000.00 | | D2282 |
| 5987*1 | 4328P | 03-11-15 | CONRAD RIGGS | | | 20,000.00 | | D2288 |
| 5994*1 | 4337P | 03-19-15 | AMERICAN EXPRESS | | | 2,310.28 | | D2297 |
| 5995*1 | 4338P | 03-19-15 | CITY OF SANTA MONICA | | | 50.00 | | D2297 |
| 5996*1 | 4339P | 03-19-15 | CITY OF SANTA MONICA | | | 25.00 | | D2297 |
| | 4341 | 03-26-15 | | | | 15,500.00 | | JE |
| | 4344 | 03-26-15 | | | | 50,000.00 | | JE |
| | 4349 | 03-31-15 | | | | 1,258.32 | | JE |
| | | | | | | 101,561.64 | 0.00 | |
| | | | | | | 178,000.10 | | |
| | 4354 | 04-14-15 | | | | 20,000.00 | | JE |
| 6003*1 | 4355P | 04-17-15 | AMERICAN EXPRESS | | | 14,618.11 | | D2312 |
| 6003*1 | 4355P | 04-17-15 | AMERICAN EXPRESS | | | | 550.00 | D2312 |
| | 4364 | 04-24-15 | | | | 15,500.00 | | JE |
| | 4369 | 04-30-15 | | | | 1,258.32 | | JE |
| | | | | | | 51,376.43 | 550.00 | |
| | | | | | | 228,826.53 | | |
| 6014*1 | 4372P | 05-17-15 | AMERICAN EXPRESS | | | 3,262.64 | | D2327 |
| 6014*1 | 4372P | 05-17-15 | AMERICAN EXPRESS | | | 3,720.33 | | D2327 |
| | 4378 | 05-26-15 | | | | 15,500.00 | | JE |
| | 4389 | 05-31-15 | | | | 1,258.32 | | JE |

Case 2:15-bk-28443-NB    Doc 16    Filed 12/15/15    Entered 12/15/15 15:42:05    Desc
Main Document    Page 17 of 22

CLOUDBREAK ENTERTAINMENT, INC.                                    2120
(7130)
LEDGER REPORT
FROM 12-01-14 THROUGH 11-30-15    PAGE 3
AS OF 09:52:41  07 Dec 2015

| CK#/ACCT | GJ-REF | DATE | PAYEE/PAYOR | DESCRIPTION | CONTRA | DEBIT | CREDIT | SOURCE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | 23,741.29 | 0.00 | |
| | | | | | | 252,567.82 | | |
| 6024*1 | 4386P | 06-03-15 | CITY OF LOS ANGELES | | | 25.00 | | D2338 |
| 6025*1 | 4387P | 06-03-15 | CITY OF SANTA MONICA | | | 25.00 | | D2338 |
| 6027*1 | 4392P | 06-16-15 | AMERICAN EXPRESS | | | 1,319.01 | | D2341 |
| | 4397 | 06-25-15 | | | | 15,500.00 | | JE |
| | 4407 | 06-30-15 | | | | 1,258.32 | | JE |
| | | | | | | 18,127.33 | 0.00 | |
| | | | | | | 270,695.15 | | |
| | 4404 | 07-07-15 | | | | 25,000.00 | | JE |
| 6039*1 | 4412P | 07-15-15 | AMERICAN EXPRESS | | | 3,316.90 | | D2359 |
| 6039*1 | 4412P | 07-15-15 | AMERICAN EXPRESS | | | | 937.00 | D2359 |
| | 4417 | 07-28-15 | | | | 15,500.00 | | JE |
| | 4421 | 07-31-15 | | | | 1,258.32 | | JE |
| | | | | | | 45,075.22 | 937.00 | |
| | | | | | | 314,833.37 | | |
| 6051*1 | 4430P | 08-21-15 | AMERICAN EXPRESS | | | 1,099.68 | | D2378 |
| 6052*1 | 4431P | 08-21-15 | AMERICAN EXPRESS | | | 27.42 | | D2378 |
| 6052*1 | 4431P | 08-21-15 | AMERICAN EXPRESS | | | 15.33 | | D2378 |
| 6052*1 | 4431P | 08-21-15 | AMERICAN EXPRESS | | | 3.54 | | D2378 |

Case 2:15-bk-28443-NB   Doc 16   Filed 12/15/15   Entered 12/15/15 15:42:05   Desc
Main Document        Page 18 of 22

CLOUDBREAK ENTERTAINMENT, INC.                          2120
(7130)
LEDGER REPORT
FROM 12-01-14 THROUGH 11-30-15    PAGE 4
AS OF 09:52:41  07 Dec 2015

| CK#/ACCT | GJ-REF | DATE | PAYEE/PAYOR | DESCRIPTION | CONTRA | DEBIT | CREDIT | SOURCE |
|---|---|---|---|---|---|---|---|---|
| 6052*1 | 4431P | 08-21-15 | AMERICAN EXPRESS | | | 73.38 | | D2378 |
| 6052*1 | 4431P | 08-21-15 | AMERICAN EXPRESS | | | 51.07 | | D2378 |
| 6052*1 | 4431P | 08-21-15 | AMERICAN EXPRESS | | | 459.77 | | D2378 |
| 6052*1 | 4431P | 08-21-15 | AMERICAN EXPRESS | | | 61.88 | | D2378 |
| 6052*1 | 4431P | 08-21-15 | AMERICAN EXPRESS | | | 135.10 | | D2378 |
| 6052*1 | 4431P | 08-21-15 | AMERICAN EXPRESS | | | 18.20 | | D2378 |
| 6052*1 | 4431P | 08-21-15 | AMERICAN EXPRESS | | | 240.00 | | D2378 |
| | 4434 | 08-25-15 | | | | 15,500.00 | | JE |
| | 4442 | 08-31-15 | | | | 1,258.32 | | JE |
| | | | | | | 18,943.69 | 0.00 | |
| | | | | | | 333,777.06 | | |
| 6059*1 | 4446P | 09-16-15 | AMERICAN EXPRESS | | | 159.01 | | D2389 |
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | 68.99 | | D2389 |
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | 113.77 | | D2389 |
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | 218.10 | | D2389 |
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | 438.95 | | D2389 |
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | 70.59 | | D2389 |
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | 4.89 | | D2389 |

CLOUDBREAK ENTERTAINMENT, INC.                                                    2120
(7130)
LEDGER REPORT
FROM 12-01-14 THROUGH 11-30-15        PAGE 5
AS OF 09:52:41  07 Dec 2015

| CK#/ACCT | GJ-REF | DATE | PAYEE/PAYOR | DESCRIPTION | CONTRA | DEBIT | CREDIT | SOURCE |
|---|---|---|---|---|---|---|---|---|
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | 68.04 | | D2389 |
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | 786.60 | | D2389 |
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | 267.66 | | D2389 |
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | 606.34 | | D2389 |
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | 1,300.08 | | D2389 |
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | 39.03 | | D2389 |
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | 54.83 | | D2389 |
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | 13.16 | | D2389 |
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | 29.13 | | D2389 |
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | 240.00 | | D2389 |
| 6060*1 | 4447P | 09-16-15 | AMERICAN EXPRESS | | | | 267.66 | D2389 |
| | 4456 | 09-28-15 | | | | 15,500.00 | | JE |
| | 4467 | 09-30-15 | | | | 1,258.32 | | JE |
| | | | | | | 21,237.49 | 267.66 | |
| | | | | | | 354,746.89 | | |
| 6067*1 | 4462P | 10-09-15 | AMERICAN EXPRESS | | | 1,228.34 | | D2402 |
| 6068*1 | 4463P | 10-09-15 | AMERICAN EXPRESS | | | 26.94 | | D2402 |

BLOODBREAK ENTERTAINMENT, INC.                                                      2120
(7130)
LEDGER REPORT
FROM 12-01-14 THROUGH 11-30-15    PAGE 6
AS OF 09:52:41  07 Dec 2015

| CK#/ACCT | GJ-REF | DATE | PAYEE/PAYOR | DESCRIPTION | CONTRA | DEBIT | CREDIT | SOURCE |
|---|---|---|---|---|---|---|---|---|
| 6068*1 | 4463P | 10-09-15 | AMERICAN EXPRESS | | | 10.11 | | D2402 |
| 6068*1 | 4463P | 10-09-15 | AMERICAN EXPRESS | | | 16.85 | | D2402 |
| 6068*1 | 4463P | 10-09-15 | AMERICAN EXPRESS | | | 62.99 | | D2402 |
| 6068*1 | 4463P | 10-09-15 | AMERICAN EXPRESS | | | 1.12 | | D2402 |
| 6068*1 | 4463P | 10-09-15 | AMERICAN EXPRESS | | | 222.23 | | D2402 |
| 6068*1 | 4463P | 10-09-15 | AMERICAN EXPRESS | | | 107.94 | | D2402 |
| 6068*1 | 4463P | 10-09-15 | AMERICAN EXPRESS | | | 9.25 | | D2402 |
| 6068*1 | 4463P | 10-09-15 | AMERICAN EXPRESS | | | 240.00 | | D2402 |
| | 4474 | 10-26-15 | | | | 15,500.00 | | JE |
| | 4489 | 10-31-15 | | | | 1,258.32 | | JE |
| | | | | | | 18,684.09 | 0.00 | |
| | | | | | | 373,430.98 | | |
| 6078*1 | 4492p | 11-13-15 | AMERICAN EXPRESS | | | 1,285.08 | | D2415 |
| | 4498 | 11-25-15 | | | | 15,500.00 | | JE |
| | 4506 | 11-30-15 | | | | 1,258.32 | | JE |
| | | | | | | 18,043.40 | 0.00 | |
| | | | | | | 391,474.38 | | |
| | | | | | | 412,345.52 | 3,133,922.39 | |
| | | | | | | 391,474.38 | | ****** |
| | | | | | | 412,345.52 | 3,133,922.39 | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **STATEMENT OF FINANCIAL AFFAIRS FOR NON-INDIVIDUALS FILING FOR BANKRUPTCY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 15, 2015** , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

                                                                    ☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) **December 15, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Cloudbreak Entertainment, Inc.                          Eric D Winston
c/o Brentwood Management Group                          Quinn Emanuel Urquhart & Sullivan LLP
11812 San Vicente Blvd., Ste 200                        865 S. Figueroa St., 10th Fl.
Los Angeles, CA 90049                                   Los Angeles, CA 90017

                                                                    ☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 15, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA MESSENGER**
Honorable Neil W. Bason
United States Bankruptcy Court
Edward R. Roybal Building & Courthouse
255 E. Temple St., Ste. 1552
Los Angeles, CA  90012

                                                                    ☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| December 15, 2015 | Sophia L. Lee | /s/ Sophia L. Lee |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:295076.2 06080/001

**F 9013-3.1.PROOF.SERVICE**

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**In re Cloudbreak Entertainment, Inc.**
**USBC, Central District of California, Santa Ana Division Case No. 2:15-bk-28443-NB**

- Melanie Scott Green
  Melanie.green@usdoj.gov
- Dare Law    dare.law@usdoj.gov,
  ron.maroko@usdoj.gov
- Jeremy V Richards
  jrichards@pszjlaw.com,
  bdassa@pszjlaw.com;imorris@pszjlaw.com

- United States Trustee (LA)
  ustpregion16.la.ecf@usdoj.gov
- Eric D Winston
  ericwinston@quinnemanuel.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:295076.2 06080/001

# Exhibit "4"

# Exhibit "4"

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7
■ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Cloudbreak Entertainment, Inc.** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **95-4778139** |

4. Debtor's address

**Principal place of business**

**2958 Exposition Blvd.**
**Santa Monica, CA 90404**
Number, Street, City, State & ZIP Code

**Los Angeles**
County

**Mailing address, if different from principal place of business**

**11812 San Vicente Blvd.**
**Suite 200**
**Los Angeles, CA 90049**
P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

5. Debtor's website (URL)

6. Type of debtor

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership

☐ Other. Specify: _____

**7.** **Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53AB))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80a-3)

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.naics.com/search/.

———

**8.** **Under which chapter of the Bankruptcy Code is the Debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operation, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No

☐ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor _____ | | Relationship to you _____ |
| | District _____ | When _____ | Case number, if known _____ |

| | |
|---|---|
| **11. Why is the case filed in this district?** | *Check all that apply:* |
| | ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                         Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

          Contact name _____

          Phone _____

---

███ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

| **14. Estimated number of creditors** | | | |
|---|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 | |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 | |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 | |
| ☐ 200-999 | | | |

| **15. Estimated Assets** | | | |
|---|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion | |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion | |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion | |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion | |

| **16. Estimated liabilities** | | | |
|---|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion | |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion | |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion | |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion | |

73

**Request for Relief, Declaration, and Signature**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12 / 01 / 2015
             MM / DD / YYYY

X _Conrad VM_____          Conrad Riggs
   Signature of authorized representative of debtor        Printed name

Title    President

18. Signature of attorney

X _____          Date   12 / 1 / 15
   Signature of attorney for debtor                  MM / DD / YYYY

Jeremy V. Richards
Printed name

Pachulski Stang Ziehl & Jones LLP
Firm name

10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067-4003
Number, Street, City, State & ZIP Code

Contact phone   310-277-6910          Email address

CA Bar No. 102300
Bar number and State

## CLOUDBREAK ENTERTAINMENT, INC.

### Unanimous Written Consent of the Board of Directors

### December 1, 2015

The undersigned, being the sole member of the Board of Directors (the "Board") of Cloudbreak Entertainment, Inc., a California corporation (the "Company"), hereby consents, pursuant to Section 307(b) of the California General Corporation Law, to the adoption of the following resolutions:

**I.     Chapter 11**

**WHEREAS**, the Board has considered the financial and operational aspects of the Company's business; and

**WHEREAS**, the Board has reviewed the historical performance of the Company, the projected cash flows of the Company, and the current and long-term liabilities of the Company;

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and it is further

**RESOLVED**, that the executive officers of the Company, (each, an "Authorized Signatory") are, and each Authorized Signatory acting alone is, authorized and directed on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Signatory deems necessary, desirable and proper in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case; and it is further

**RESOLVED**, without limitation of the foregoing, each Authorized Officer is hereby further authorized to appear and represent the Company in the Company's bankruptcy case and make decisions with respect to all aspects of the prosecution of the Company's bankruptcy case, including, but not limited to, bankruptcy-related reporting requirements, filing of Statement of Financial Affairs, Schedule of Assets and Liabilities, a chapter 11 plan and related disclosure statement, claims management, managing outside professionals and such other aspects as he may identify, in such manner as he may deem necessary or appropriate in his reasonable discretion, subject to further appropriate governance by the Board, and in accordance with the Company's bylaws, applicable corporate law, applicable bankruptcy law, and orders of the bankruptcy court.

**II.     Retention of Professionals**

**WHEREAS**, the successful prosecution of the Company's chapter 11 will require the assistance of experienced professionals;

DOCS_LA:294742.2 06080/001

**NOW THEREFORE, BE IT:**

**RESOLVED,** that the Authorized Signatories, on behalf of the Company, are, and each Authorized Signatory acting alone is, authorized and directed to (a) retain the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J") as bankruptcy counsel to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code and to take any and all actions to advance the Company's rights in connection therewith, (b) execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and (c) cause to be filed an appropriate application for authority to retain the services of PSZ&J; and it is further

**RESOLVED,** that the Authorized Signatories, on behalf of the Company, are, and each Authorized Signatory acting alone is, authorized and directed to (a) employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code, (b) execute appropriate retention agreements and pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case, and (c) cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper; and it is further

**RESOLVED,** that the Authorized Officers are, and each Authorized Officer acting alone is, hereby authorized and directed on behalf of the Company, and without the need for further action by the Board, to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Signatory to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case; and it is further

**RESOLVED,** that any and all actions heretofore taken by any Authorized Signatory or the directors of the Company in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

**IN WITNESS WHEREOF,** the undersigned sole Director has caused this Consent to be executed as of the date first written above.

_____
Conrad Riggs

*SIGNATURE PAGE TO UNANIMOUS WRITTEN CONSENT OF BOARD OF DIRECTORS OF CLOUDBREAK ENTERTAINMENT, INC.*

DOCS_LA:294742.2 06080/001                          3

```
Fill in this information to identify the case:
```

| | |
|---|---|
| Debtor name | **Cloudbreak Entertainment, Inc.** |
| United States Bankruptcy Court for the: | **CENTRAL DISTRICT OF CALIFORNIA** |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
<span style="float:right">12/15</span>

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| LLB Services, Inc.<br>Layne Britton<br>3677 Boise Ave.<br>Los Angeles, CA 90066 | | Litigation | Contingent<br>Unliquidated<br>Disputed | | | $14,000,000.00 |
| Browne George Ross, LLP<br>2121 Avenue of the Stars<br>24th Floor<br>Los Angeles, CA 90067 | | Professional Services | | | | $949,562.86 |
| Hecker Law Group<br>1925 Century Park East<br>Suite 2300<br>Los Angeles, CA 90067 | | Professional Services | | | | $25,000.00 |
| Hacker Douglas & Company LLP<br>1900 Avenue of the Stars<br>Suite 1850<br>Los Angeles, CA 90067 | | Professional Services | | | | $12,500.00 |
| Greines Martin Stein & Richland LLP<br>5900 Wilshire Blvd.<br>12th Floor<br>Los Angeles, CA 90036 | | Professional Services | Disputed | | | $10,000.00 |
| Gordon, Fishburn & Schlossmann, LLP<br>11812 San Vicente Blvd.<br>Suite 200<br>Los Angeles, CA 90049 | | Professional Services | Disputed | | | $10,000.00 |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Debtor | **Cloudbreak Entertainment, Inc.** | | | Case number *(if known)* | | |
| --- | --- | --- | --- | --- | --- | --- |
| | Name | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Lysaght Law Group LLP 2233 Wilshire Blvd. Suite 700 Santa Monica, CA 90401 | | Professional Services | Disputed | | | $5,000.00 |
| Actuaries Unlimited, Inc. 16030 Ventura Blvd. #320 Encino, CA 91436 | | Trade Debt | | | | $5,000.00 |
| Bungalow Properties 11812 San Vicente Blvd. Suite 200 Los Angeles, CA 90049 | | Trade Debt | | | | $4,000.00 |
| Kehr Schiff & Crane LLP 12400 Wilshire Blvd. 13th Floor Los Angeles, CA 90025 | | Professional Services | | | | $641.50 |
| Verizon California PO Box 9688 Mission Hills, CA 91346-9688 | | Trade Debt | Disputed | | | $500.00 |
| Liberty Entertainment, Inc. c/o Gelfand, Rennart & Feldman LLP 1880 Century ParkEast, #1600 Los Angeles, CA 90067 | | 15% of 75% of revenues received from "Survivor" and 50% of 75% of revenues received from "The Apprentice" | Contingent | | | Unknown |
| Munger Tolles & Olson LLP PO Box 515065 Los Angeles, CA 90051-5065 | | Contingency fee of 25% of revenues received from "Survivor" | Contingent | | | Unknown |

**Fill in this information to identify the case:**

Debtor name   **Cloudbreak Entertainment, Inc.**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*
☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
☐    *Schedule H: Codebtors (Official Form 206H)*
☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
☐    Amended *Schedule*
■    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
☐    Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   Dec 1, 2015          X   Conrad M
                                         Signature of individual signing on behalf of debtor

                                         **Conrad Riggs**
                                         Printed name

                                         **President**
                                         Position or relationship to debtor

## United States Bankruptcy Court
### Central District of California

In re   __Cloudbreak Entertainment, Inc.__ _____

_____    Case No. _____
Debtor(s)    Chapter    __11__ _____

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| Conrad Riggs<br>11812 San Vicente Blvd.<br>Suite 200<br>Los Angeles, CA 90049 | | | 100% ownership interest |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  _Dec 1, 2015_____    Signature  _____
Conrad Riggs

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

## STATEMENT OF RELATED CASES
### INFORMATION REQUIRED BY LBR 1015-2
### UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    N/A

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    N/A

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    None.

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    N/A

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at   Santa Monica, California   , California.

Date:   Dec. 1, 2015

_Conrad Riggs_
Conrad Riggs
Signature of Debtor


Signature of Joint Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 1                    F 1015-2.1.STMT.RELATED.CASES

82

| Attorney or Party Name, Address, Telephone & FAX Nos., and State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Jeremy V. Richards**<br>**10100 Santa Monica Blvd.**<br>**13th Floor**<br>**Los Angeles, CA 90067-4003**<br>**310-277-6910 Fax: 310-201-0760**<br>California State Bar Number: **CA Bar No. 102300** | |

☑ *Attorney for:*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br>   **Cloudbreak Entertainment, Inc.**<br><br>                                    Debtor(s), | CASE NO.:<br>ADVERSARY NO.:<br>CHAPTER:   **11** |
|---|---|
| Plaintiff(s), | |
| | **CORPORATE OWNERSHIP STATEMENT<br>PURSUANT TO  FRBP 1007(a)(1)<br>and 7007.1, and LBR 1007-4** |
| | [No hearing] |
| Defendant(s). | |

*Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this Statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report. This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding. A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I,   **Conrad Riggs** _____ , the undersigned in the above-captioned case, hereby declare
       *(Print Name of Attorney or Declarant)*
under penalty of perjury under the laws of the United States of America that the following is true and correct:

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012

**F 1007-4.CORP.OWNERSHIP.STMT**

83

[Check the appropriate boxes and, if applicable, provide the required information.]

1.    I have personal knowledge of the matters set forth in this Statement because:

☑ I am the president or other officer or an authorized agent of the Debtor corporation
☐ I am a party to an adversary proceeding
☐ I am a party to a contested matter
☐ I am the attorney for the Debtor corporation

2.a.    ☐ The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:
*[For additional names, attach an addendum to this form.]*

b.    ☑ There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

Date    Dec. 1, 2015

By: _____
Signature of Debtor, or attorney for Debtor

Name:    **Conrad Riggs**
Printed name of Debtor, or attorney for Debtor

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                        F 1007-4.CORP.OWNERSHIP.STMT

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Jeremy V. Richards<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067-4003<br>310-277-6910 Fax: 310-201-0760<br>CA Bar No. 102300<br>*Attorney for:* | CASE NO.:<br>CHAPTER: 11<br>ADVERSARY NO.:<br>(If applicable) |
| In re:<br><br>Cloudbreak Entertainment, Inc.<br>                                         Debtor(s). | **ELECTRONIC FILING DECLARATION**<br>**(CORPORATION/PARTNERSHIP)**<br><br>[LBR 1006-1(h)] |

| | | |
|---|---|---|
| [✓] Petition, statement of affairs, schedules or lists | Date Filed: | 12/01/15 |
| [ ] Amendments to the petition, statement of affairs, schedules or lists | Date Filed: | |
| [ ] Other: (specify): | Date Filed: | |

### PART I - DECLARATION OF SIGNATORY OF DEBTOR OR OTHER PARTY

I, the undersigned, declare under penalty of perjury that: (1) I have been authorized by the Debtor or other party on whose behalf the above-referenced document is being filed (Filing Party) to sign and to file, on behalf of the Filing Party, the above-referenced document being filed electronically (Filed Document); (2) I have read and understand the Filed Document; (3) the information provided in the Filed Document is true, correct and complete; (4) the "/s/," followed by my name, on the signature lines for the Filing Party in the Filed Document serves as my signature on behalf of the Filing Party and denotes the making of such declarations, requests, statements, verifications and certifications by me and by the Filing Party to the same extent and effect as my actual signature on such signature lines; (5) I have actually signed a true and correct hard copy of the Filed Document in such places on behalf of the Filing Party and provided the executed printed copy of the Filed Document to the Filing Party's attorney; and (6) I, on behalf of the Filing Party, have authorized the Filing Party's attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California.

_Dec 1, 2015_
Date

_Conrad R___ (signature)
Signature of authorized signatory of Filing Party

**Conrad Riggs**
Printed Name of Authorized Signatory of Filing Party

**President**
Title of authorized signatory of Filing Party

### PART II - DECLARATION OF ATTORNEY FOR FILING PARTY

I, the undersigned Attorney for the Filing Party, declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Filing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) an authorized signatory of the Filing Party signed *Part I - Declaration of Authorized Signatory of Debtor or Other Party* of this *Declaration* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature of the authorized signatory of the Filing Party in the locations that are indicated by "/s/," followed by the name of the Filing Party's authorized signatory, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration* and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration* and the Filed Document available for review upon request of the court or other parties.

_12/1/15_
Date

_____ (signature)
Signature of attorney for Filing Party

**Jeremy V. Richards**
Printed Name of attorney for Filing Party

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2015                                                                                          F 1002-1.DEC.ELEC.FILING.CORP

| Party Name, Address and Telephone Number *(CA State Bar No. If Applicable)* | FOR COURT USE ONLY |
|---|---|
| Jeremy V. Richards<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067-4003<br>310-277-6910 Fax:310-201-0760<br>CA State Bar Number: **CA Bar No. 102300** | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>   **Cloudbreak Entertainment, Inc.**<br><br>                                        Debtor. | CHAPTER 11<br><br>CASE NUMBER<br><br>(No Hearing Required) |
|---|---|

# VENUE DISCLOSURE FORM
## FOR CORPORATIONS FILING CHAPTER 11
### *(Required by General Order 97-02)*

*\*Attach additional sheets as necessary and indicate so in each section\**

1.  Specify the address of the principal office of the Debtor currently on file with the California Secretary of State *(from Form S0100, S0200, or S0300)*:
    **11812 San Vicente Blvd. Ste 200, Los Angeles, CA 90049**

2.  Specify the address of the principal office of the Debtor listed on the Debtor's most recent federal tax return:
    **2958 Exposition Blvd., Santa Monica, CA 90404**

3.  Disclose the current business address(es) for all corporate officers:
    **2958 Exposition Blvd., Santa Monica, CA 90404**

4.  Disclose the current business address(es) where the Debtor's books and records are located:
    **2958 Exposition Blvd., Santa Monica, CA 90404**

5.  List the address(es) where the majority of the Debtor's assets are located based on a book value determination as set forth on the Debtor's most recent balance sheet:
    **2958 Exposition Blvd., Santa Monica, CA 90404**

6.  Disclose any different address(es) to those listed above within six months prior to the filing of this petition and state the reasons for the change in address(es):
    **N/A**

7.  State the name and address of the officer signing this Statement and the relationship of such person to the Debtor *(specify)*:
    **Conrad Riggs, President  2958 Exposition Blvd., Santa Monica, CA 90404**

8.  Total number of attached pages of supporting documentation:  **0**

*Rev. 12/99* This form is required pursuant to General Order 97-02. It has been approved for use by the United States Bankruptcy Court for the Central District of California.    **VEN-C**

86

Venue Disclosure Form for Corporations Filing Chapter 11 - Page 2                    **VEN-C**

| In re | CHAPTER 11 |
| **Cloudbreak Entertainment, Inc.** | CASE NUMBER |
| Debtor. | |

9.    I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.


Executed on  **12/01/15**   , at  **Santa Monica**   , California.

**Conrad Riggs**
_Type Name of Officer_                                                        _Signature of Declarant_

**President**
_Position or Title of Officer_

_Rev. 12/99_  This form is required pursuant to General Order 97-02. It has been approved for use by the United States Bankruptcy Court for the Central District of California.    **VEN-C**

87

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeremy V. Richards<br>10100 Santa Monica Blvd.<br>13th Floor<br>Los Angeles, CA 90067-4003<br>310-277-6910 Fax: 310-201-0760<br>California State Bar Number: CA Bar No. 102300 | |

☐ *Debtor(s) appearing without an attorney*

■ *Attorney for Debtor(s):*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>**Cloudbreak Entertainment, Inc.**<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.:<br>CHAPTER: 11<br><br><br>**VERIFICATION OF MASTER MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(d)]** |
|---|---|

Pursuant to LBR 1007-1(d), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __4__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: _Dec 1, 2015_ _____   _____
                                                                        Debtor's signature

Date: _____   _____
                                                                        Joint Debtor's signature (if applicable)

Date: _____   _____
                                                                        Attorney's signature (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2014                                                    **F 1007-1.MAILING.LIST.VERIFICATION**

Cloudbreak Entertainment, Inc.
11812 San Vicente Blvd.
Suite 200
Los Angeles, CA 90049


Jeremy V. Richards
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067-4003


Office of the U.S. Trustee - LA
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017

Actuaries Unlimited, Inc.
16030 Ventura Blvd. #320
Encino, CA 91436


Browne George Ross, LLP
2121 Avenue of the Stars
24th Floor
Los Angeles, CA 90067


Bungalow Properties
11812 San Vicente Blvd.
Suite 200
Los Angeles, CA 90049


City of Los Angeles
Office of Finance
PO Box 513996
Los Angeles, CA 90051-3996


City of Los Angeles
200 N. Main St. Rm 920
Tax & Permit Division
Los Angeles, CA 90012


City of Santa Monica
Taxes & License
PO Box 2200
Santa Monica, CA 90407-2200


Conrad Riggs
11812 San Vicente Blvd.
Suite 200
Los Angeles, CA 90049


Feedwire
8605 Santa Monica Blvd.
Suite 15005
West Hollywood, CA 90069

Franchise Tax Board
Attention Bankruptcy
PO Box 2952
Sacramento, CA 95812-2952


Gordon, Fishburn & Schlossmann, LLP
11812 San Vicente Blvd.
Suite 200
Los Angeles, CA 90049


Greines Martin Stein & Richland LLP
5900 Wilshire Blvd.
12th Floor
Los Angeles, CA 90036


Hacker Douglas & Company LLP
1900 Avenue of the Stars
Suite 1850
Los Angeles, CA 90067


Hecker Law Group
1925 Century Park East
Suite 2300
Los Angeles, CA 90067


Kehr Schiff & Crane LLP
12400 Wilshire Blvd.
13th Floor
Los Angeles, CA 90025


Liberty Ranch Holding
Debra West
3120 East Horse Mountain Circle
Heber City, UT 84032


LLB Services, Inc.
Layne Britton
3677 Boise Ave.
Los Angeles, CA 90066

Los Angeles County Tax Collector
PO Box 54027
Los Angeles, CA 90054-0027


Lysaght Law Group LLP
2233 Wilshire Blvd.
Suite 700
Santa Monica, CA 90401


Momentous Insurance Brokerage
5990 Sepulveda Blvd.
Suite 550
Van Nuys, CA 91411


Munger Tolles & Olson LLP
PO Box 515065
Los Angeles, CA 90051-5065


Pension Benefit Guaranty Corp.
Actuaries Unlimited Inc.
16030 Ventura Blvd.
Suite 320
Encino, CA 91436-2769


Quinn Emanuel Urquhart & Sullivan
865 S. Figueroa St.
10th Floor
Los Angeles, CA 90017


The Point Media
350 South Beverly Drive
Suite 170
Beverly Hills, CA 90212


Verizon California
PO Box 9688
Mission Hills, CA 91346-9688

| United States Bankruptcy Court **Central District of California** | |
|---|---|
| In re:<br>Cloudbreak Entertainment, Inc. | CHAPTER NO.:  11 |
| | CASE NO.: 2:15-bk-28443-NB |

## NOTICE OF CASE DEFICIENCY
## UNDER 11 U.S.C. § 521(a)(1) AND BANKRUPTCY RULE 1007

To Debtor and Debtor's Attorney of Record,

Pursuant to F.R.B.P. 1007, you must file the following documents within 14 days from the date of the filing of your petition. Your case may be dismissed if you fail to do so.

**Schd A/B(Form106A/B or 206A/B)**
**Schedule C (Form 106C)**
**Schedule D (Form 106D or 206D)**
**Schd E/F(Form106E/F or 206E/F)**
**Summary(Form 106Sum or 206Sum)**
**Schedule G (Form 106G or 206G)**
**Statement (Form 122B)**
**Schedule H (Form 106H or 206H)**
**Schedule I (Form 106I)**
**Schedule J (Form 106J)**
**Decl Re Sched (Form 106Dec)**
**StmtFinAffairs(Form107 or 207)**

**The 2015 Revised Official Bankruptcy Forms are effective and mandatory December 1, 2015. Forms are available at www.cacb.uscourts.gov/forms**

According to Bankruptcy Rule 1007(c), within 14 days after you filed the petition, **YOU MUST EITHER:**

(1)    File the required documents. If the document is filed electronically, no hard copy need to be submitted to the court. (See Local Bankruptcy Rule 5005-2(d) and Court Manual, Appendix "F" as to whether a copy must be served on the judge.)

**OR**

(2)    File and serve a motion for an order extending the time to file the required document(s).

**IF YOU DO NOT COMPLY**, in a timely manner with either of the above alternatives, your case may be the subject of an order to show cause to dismiss the case. Motion for extension of time to file schedules and other papers shall comply with Local Bankruptcy Rule 1007-1, and shall be supported by admissible evidence demonstrating cause for the requested extension.

Dated: <u>December 1, 2015</u>

For the Court
**Kathleen J. Campbell**
Clerk of Court

# Exhibit "5"

# Exhibit "5"

Case 2:15-bk-28443-NB    Doc 20    Filed 12/22/15    Entered 12/22/15 15:51:41    Desc
Main Document      Page 1 of 10

1   Dean A. Ziehl (CA Bar No. 84529)
    Jeremy V. Richards (CA Bar No. 102300)
2   PACHULSKI STANG ZIEHL & JONES LLP
    10100 Santa Monica Blvd., 13th Floor
3   Los Angeles, CA  90067-4003
    Telephone: 310/277-6910
4   Facsimile:  310/201-0760
    E-mail: dziehl@pszjlaw.com
5          jrichards@pszjlaw.com

6   Proposed Attorneys for Debtor and
    Debtor in Possession

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  In re                              Case No.: 2:15-bk-28443-NB

12  CLOUDBREAK ENTERTAINMENT, INC.,[1]  Chapter 11

13                      Debtor.         **CASE STATUS REPORT; REQUEST TO
                                        EXCUSE DEBTOR FROM FINANCIAL
14                                      REPORTING AS TO AFFILIATED BUSINESSES**

15                                      Date:   January 5, 2016
                                        Time:   1:00 p.m.
16                                      Place:  Courtroom 1545
                                                255 E. Temple Street
17                                              Los Angeles, CA 90012

18  **TO THE HONORABLE NEIL BASON; THE OFFICE OF THE UNITED STATES TRUSTEE; ALL
    SECURED CREDITORS; THE 20 LARGEST UNSECURED CREDITORS; AND ANY PERSONS
19  REQUESTING SPECIAL NOTICE:[2]**

20          Debtor and debtor in possession Cloudbreak Entertainment, Inc. ("Cloudbreak" or the

21  "Debtor"), hereby files this *Case Status Report; Request to Excuse Debtor From Financial*

22  *Reporting as to Affiliated Businesses*, pursuant to the Court's *Order Setting Case Status*

23  *Conference, and Directing Use of Forms and Procedures* [Docket No. 7] (the "Case Status

24  Conference and Procedures Order"), entered December 4, 2015.

25  _____
    [1] The last four digits of the Debtor's tax identification number are: 8139.  The location of the Debtor's
26  headquarters is 2958 Exposition Blvd., Unit B., Santa Monica, CA 90404.  The location of the Debtor's mailing
    address is c/o Eric Major, 11812 San Vicente Blvd., # 200, Los Angeles, CA 90049.

27  [2] Unless the context suggests otherwise, references to a "Chapter" or "Section" ("§") refer to the U.S.
    Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code"), a "Rule" means the Federal Rules of Bankruptcy
28  Procedure ("FRBP"), Federal Rules of Civil Procedure ("FRCP"), Federal Rules of Evidence ("FRE"), or Local
    Bankruptcy Rules ("LBR"), and other terms have meanings provided in the Code and the Rules.

DOCS_LA:295346.3 06080/001                    1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Case 2:15-bk-28443-NB    Doc 20    Filed 12/22/15    Entered 12/22/15 15:51:41    Desc
Main Document    Page 2 of 10

| 1. OVERVIEW | |
|---|---|
| <u>Petition date</u>: when was the bankruptcy petition filed? | 12/1/2015 |
| <u>Background</u>.  Briefly explain (a) Debtor's business/employment; (b) principal assets/ liabilities; and (c) what caused Debtor's bankruptcy (*e.g.,* "Debtor owns a four-unit apartment building worth approx. $_____, 1st deed of trust approx. $_____, 2nd deed of trust approx. $_____.  Cash flow insufficient to service debt.  Debtor lives in one unit and is employed as building manager.").  You may attach relevant documents (*e.g.,* the Real Property Declaration that Debtor submits to the U.S. Trustee as part of Debtor's 7-day package). | Explain: The Debtor has provided management, development, production, distribution and related services in the entertainment industry for the past 16 years since incorporation in January 2000.  Since November of 2012, the Debtor and its principal, Conrad Riggs, have been defendants in expensive and contentious litigation in state court, resulting in significant legal fees.  The Debtor commenced this case because of the inability of the company to meet obligations as they come due and, in particular, to fund the ongoing fees and costs of the state court litigation. |
| <u>Exit strategy</u>.  Briefly explain (a) the principal business, financial and legal issues; (b) how Debtor proposes to resolve those issues quickly and cost-effectively; and (c) Debtor's strategy for exiting bankruptcy?  (*E.g.,* "Two of four tenants stopped paying rent and debtor cannot afford current mortgage payments; Debtor plans to complete evictions, obtain paying tenants, and strip off second deed of trust.") | Explain: The Debtor is negotiating the terms of compensation for its and Mr. Riggs' attorneys in the pending state court litigation.  The resolution of the bankruptcy case will depend on the outcome of the state court action.  Trial in the state court action is scheduled to commence on February 10, 2016, subject to relief from the automatic stay. |
| <u>Compliance</u>.  (a) Has Debtor filed *all* bankruptcy schedules, the Statement of Financial Affairs ("SOFA"), and *all* documents required by Rules 1007 and 1007-1; (b) has Debtor complied with *all* duties set forth in §§ 521 and 1107; and (c) has Debtor complied with *all* applicable guidelines established by the U.S. Trustee?<br>☐ Yes | ☒ No (explain): The bank statements evidencing the closure of the Debtor's prepetition bank accounts will be available in January 2016 and submitted to the U.S. Trustee at that time. |

| 2. INDIVIDUAL CHAPTER 11 CASES | |
|---|---|
| ☒ Check here and skip this section if Debtor is *not* an individual. | |
| <u>Stay</u>.  If Debtor had a previous bankruptcy case dismissed within one year, has Debtor **"completed" a hearing** to continue the automatic stay within **30 days after this case was filed** (and met any other deadlines under § 362(c)(3) or (4) and LBR 4001-2(e))?  *See* local form F4001-1M.IS.<br>☐ Yes; or<br>☐ No, this is Debtor's first case within one year. | ☐ No, other explanation: |
| <u>Documents</u>.  Has Debtor filed *all* documents required by § 521(f) (*e.g.,* tax returns) with social security numbers, names of minor children, and other sensitive information blacked out/ hidden (if required by, *e.g.,* § 107, § 112, or Rule 9018)?<br>☐ Yes | ☐ No (explain): |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:295346.3 06080/001

2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| **2. INDIVIDUAL CHAPTER 11 CASES** | |
|---|---|
| <u>Budget</u>. Judge Bason **requires** the use of local form **F2081-1.2**.MOTION.BUDGET. Has Debtor filed that motion?<br>☐ Yes | ☐ No (explain): |

| **3. COMMON "FIRST DAY" MATTERS** | |
|---|---|
| ☒ Check here and skip this section if (a) you are *sure* that Debtor does not use cash that any party claims as its cash collateral (§ 363(c)), and has no transactions with any insiders (§ 101(31)), and (b) if you determine that the benefits of a utility motion are not worth the costs (note: being current on utility payments might NOT stop service cut-off, 11 U.S.C. § 366(c)(3)(B)(ii)). | |
| <u>Cash collateral stipulations</u>. For each stipulation, (a) did Debtor file local form **F4001-2** (disclosures), which Judge Bason **requires** for all cash collateral stipulations, and (b) did the Court approve that stipulation?<br>☐ Yes, the motion to approve that stipulation is pending (or the Court has approved it, see Order at docket no. ___). | ☐ Other explanation: |
| <u>Cash collateral motions</u>. For each creditor who does *not* consent to use of its alleged cash collateral, (a) did Debtor file a motion for use of cash collateral and (b) was that motion granted?<br>☐ Yes, that motion is pending (or the Court granted that motion, see Order at docket no. ___).<br>Note: Judge Bason **requires** the use of local form **F2081-1.1**.MOTION.CASH.COLLATERAL for individuals, and encourages other entities to use that form. | ☐ Other explanation: |
| <u>Insiders</u>. Has Debtor paid any salary or made any other transfers after this case was filed to (a) any insider, (b) any owner, partner, officer, director or shareholder of Debtor, or (c) any relative of an insider (as defined in § 101(31)) (except as permitted per LBR 2014-1 and form USTLA-12)?<br>☐ No | ☐ Yes (explain): |
| <u>Utilities (§ 366)</u>. If Debtor has determined that a utility motion is needed, was it (1) *filed* within **20 days after this case was filed** and (2) *set for hearing* within **30 days after this case was filed**?<br>☐ Yes (note: Judge Bason **requires** that individuals use local form **F2081-1.4**.MOTION.UTILITIES; other entities have the option to use that form). | ☐ No (explain): |

| **4. LIEN AVOIDANCE** | |
|---|---|
| ☒ Check here and skip this section if Debtor does not contemplate lien stripping/avoidance. | |
| <u>Lien stripping</u>. Does Debtor intend to avoid any unsecured or under-secured liens under § 506?<br>☐ No | ☐ Yes (explain) (note: for principal residences, Judge Bason **requires** the use of local form **F4003-2.4**.MOTION): |

| 4. LIEN AVOIDANCE | |
|---|---|
| Judicial liens. Does Debtor intend to avoid any judicial liens under § 522(f)?<br>☐ No | ☐ Yes (explain) (note: Judge Bason *requires* the use of local forms **F 4003-2.1.MOTION.RP** and **F4003-2.1.MOTION.PP**): |

| 5. PROFESSIONALS | | | |
|---|---|---|---|
| (a) **Professionals are *required*** by Judge Bason to use local form **F2014-1 (statement of disinterestedness)**. ☒ Debtor's attorney(s): check here to acknowledge. | | | |
| (b) Individuals are ***required*** (and other persons are encouraged) to use local form **F2081-1.5**.MOTION.EMPLOYMENT. | | | |
| *Professional's Name* | *Empl. App. Filed* | *Empl. Approved* | *Type of Employment* |
| Pachulski Stang Ziehl & Jones, LLP | 12/15/2015 | Pending | § 327(a) |
| Browne George Ross LLP | Anticipated on or about 12/24/2015 | Subject to agreement on the final terms of engagement | § 327(e) (special counsel, hourly, state court breach of contract defense) |
| *EXAMPLES:* | | | |
| John Doe, Esq. | 1/1/2050 | 1/7/2050 | § 327(a) |
| Jane Roe et al., LLP | 1/4/2050 to UST, app. to be filed | | § 327(e) & 328(a) (special counsel, contingent fee, contract dispute) |
| Richard Poe, Esq. | 1/3/2050 | Pending | § 327(e) (special counsel, hourly, eviction defense) |

| 6. PROPOSED DEADLINES | |
|---|---|
| Proofs of claim. Debtor must *not serve* any bar date notice until directed to do so by written order (the order will be prepared by the Court, not Debtor, and will be issued after the status conference). | Proposed bar date: February 8, 2016[3] |
| Plan of reorganization (or liquidation). Debtor must *not serve* any proposed plan or disclosure statement on any persons until directed to do so by written order (the order will be prepared by the Court, not Debtor, and will be issued at a later time). | Proposed deadline to file (*not serve*) a proposed plan and disclosure statement:  April 30, 2016 |

NOTE:  ANSWER ALL APPLICABLE QUESTIONS ON THE ATTACHED PAGES, which deal with very important but less common issues in Chapter 11 cases (*e.g.*, unexpired leases and contracts, more "first day" matters, consumer information that might be confidential, and cases that might be "single asset real estate" cases, or involve "small businesses," or "health care businesses," or employee benefit plans).

Date: December 22, 2015          Signature of Debtor or attorney: */s/ Jeremy V. Richards*
                                 Type Name:                       Jeremy V. Richards

---

[3]  Pursuant to the Debtor's motion, the Court has set a bar date of February 8, 2016.  *See Order Setting Bar Date: February 8, 2016 and Directing Service by Debtor entered on December 21, 2016 [Docket No. 19].*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:295346.3 06080/001

4

## ADDITIONAL QUESTIONS

<u>Instructions</u>:  The following matters do not apply in every case, but are very important if they apply to your case.  Every section must be completed.

| 7. LEASES AND CONTRACTS | |
|---|---|
| ☒ Check here and skip this section if Debtor is *not* a party to any significant unexpired leases or unexpired ("executory") contracts (*e.g.*, if Debtor is either a landlord or a tenant, describe all significant leases) | |
| Lease or contract (describe): | Intention: ☐ reject, ☐ assume, ☐ assume and assign (per § 365), ☐ other (explain): |
| Lease or contract (describe): | Intention: ☐ reject, ☐ assume, ☐ assume and assign (per § 365), ☐ other (explain): |
| Lease or contract (describe): | Intention: ☐ reject, ☐ assume, ☐ assume and assign (per § 365), ☐ other (explain): |

| 8. ADDITIONAL "FIRST DAY" MATTERS | |
|---|---|
| ☒ Check here and skip this section if there are no "first day" matters (caution: double-check the types of motions listed below and see LBR 2081-1). | |
| <u>Extension</u>.  Will Debtor seek more time to file bankruptcy schedules ("Schedules") or Statement of Financial Affairs ("SOFA")? ☐ No (not necessary) | ☐ Yes (explain): |
| <u>Notice procedures</u>.  Will Debtor seek to limit notice (or establish special noticing procedures)? ☐ No | ☐ Yes (explain): |
| <u>Payroll</u>.  Does Debtor need to pay prepetition payroll/benefits?  *See* Local Form F2081-1.3.MOTION.PAYROLL. ☐ No, debtor does not have employees; or ☐ No, Debtor's employees were fully compensated at the time this case was filed | ☐ Yes (explain): |
| <u>Customers</u>.  Will Debtor seek authority to honor customer deposits/obligations? ☐ No | ☐ Yes (explain): |
| <u>Reclamation claims</u>.  Will Debtor seek procedures for handling reclamation claims (including claims under §§ 503(b)(9) & 546(c))? ☐ No | ☐ Yes (explain): |
| <u>Omnibus hearings</u>.  Will Debtor seek regularly scheduled omnibus hearing dates? ☐ No | ☐ Yes (explain): |
| <u>Taxes</u>.  Will Debtor seek authority to pay taxes incurred before this case was filed? ☐ No | ☐ Yes (explain): |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOCS_LA:295346.3 06080/001

5

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| 8. ADDITIONAL "FIRST DAY" MATTERS | |
|---|---|
| <u>Sale procedures</u>.  Will Debtor seek procedures to sell assets out of the ordinary course of business (*see* LBR 6004-1)?<br>☐ No | ☐ Yes (explain): |
| <u>Incentive/severance plans</u>.  Will Debtor seek to use incentive or severance plans for employees?<br>☐ No | ☐ Yes (explain): |
| <u>Joint administration</u>.  Will Debtor seek joint administration of this case with another case?<br>☐ No, there is no related case | ☐ Other explanation (include all relevant case numbers): |
| <u>Claims/Noticing agent</u>.  Will Debtor seek appointment of a claims/noticing agent (*see* local form F5075-1.1)?<br>☐ No | ☐ Yes (explain): |
| <u>Confidential information</u>.  Will Debtor seek approval of an information access protocol under § 1102(b)(3), or to file documents under seal (*see* LBR 5003-2(c))?<br>☐ No | ☐ Yes (explain): |
| <u>Special committees</u>.  Are special committees needed (*e.g.*, retirees) (§§ 1102(a)(2), 1114(d)); or, if this is a small business case, should the Court order that no committee be appointed (§ 1102(d))?<br>☐ No | ☐ Yes (explain): |
| <u>DIP financing</u>.  Does Debtor contemplate seeking post-petition financing (§ 364)?<br>☐ No | ☐ Yes (explain): |
| <u>Cash management</u>.  Is Debtor seeking authority to maintain pre-petition bank accounts, or approval of any other cash management system?<br>☐ No | ☐ Yes (explain): |
| <u>Other</u>.  Does Debtor contemplate any other "first day" motions (whether or not listed in LBR 2081-1) – *e.g.*, a "critical vendor" motion?<br>☐ No | ☐ Yes (explain): |

| 9. CONSUMERS' CONFIDENTIAL INFORMATION | |
|---|---|
| ☒ Check here and skip this section if (a) Debtor does *not* have possession, custody, or control of consumers' confidential information ("personally identifiable information" per § 101(41A)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below) | |
| <u>Ombudsman</u>.  Should a "consumer privacy ombudsman" be appointed (§ 332)?<br>☐ Yes | ☐ No (explain): |
| <u>Costs</u>.  How will Debtor arrange and pay for the maintenance, transfer, or destruction of any such information? | ☐ Explain: |

| 10. SINGLE ASSET REAL ESTATE ("SARE") CASE | |
|---|---|
| ☒ Check here and skip this section if (a) this is *not* a "single asset real estate" case (§ 101(51B)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below). | |
| **Interest payments**. Has Debtor commenced paying postpetition interest to secured creditor(s) at the non-default interest rate, on the value of their interest in the real estate?<br>☐ Yes<br>☐ No, but Debtor will do so within 90 days after the commencement of this case. | ☐ Other explanation: |
| **Plan**. Has Debtor filed "a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time" within the meaning of § 362(d)(3)?<br>☐ Yes<br>☐ No, but Debtor will do so within 90 days after the commencement of this case. | ☐ Other explanation: |

| 11. SMALL BUSINESS | |
|---|---|
| ☒ Check here and skip this section if (a) Debtor is *not* a "small business debtor" (§ 101(51D)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below). | |
| **Duties**. Has Debtor complied with *all* the duties in § 1116 (including but not limited to maintaining adequate insurance and filing its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return)?<br>☐ Yes | ☐ No (explain): |
| **Inspection**. Has the United States Trustee inspected Debtor's books, records and business premises (per § 1116(7))?<br>☐ Yes | ☐ No (explain): |
| **Interview**. Has Debtor completed the "initial debtor interview" with the United States Trustee (28 U.S.C. § 586(a)(7))?<br>☐ Yes | ☐ No (explain): |
| **Reports**. What schedule does Debtor propose for filing the "periodic financial and other reports" required by § 308 (*e.g.*, monthly with MORs)? | ☐ Monthly<br>☐ Other (explain): |
| **Stay**. Is the automatic stay applicable? *See* § 362(n)(1) (which might eliminate the automatic stay if Debtor was previously a small business debtor, or acquired substantially all of the assets or business of a small business debtor)?<br>☐ Yes, the automatic stay applies. | ☐ No, the automatic stay does not apply, but Debtor will seek relief under § 362(n)(2).<br>☐ Yes, other explanation: |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Case 2:15-bk-28443-NB    Doc 20    Filed 12/22/15    Entered 12/22/15 15:51:41    Desc
Main Document    Page 8 of 10

| 12. HEALTH CARE BUSINESS |
|---|

☒ Check here and skip this section if (a) Debtor is *not* a "health care business" (§ 101(27A)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| | |
|---|---|
| **Ombudsman.** Is appointment of a patient care ombudsman required (§ 333)?<br>☐ No | ☐ Yes (explain): |
| **Costs.** How will Debtor arrange and pay for proper care or transfer of any patients, in the event that Debtor's health care business is closed (*see* § 704(a)(12), incorporated by § 1106(a)(1))? | ☐ Explain: |

| 13. EMPLOYEE BENEFIT PLANS |
|---|

☐ Check here and skip this section if there is no employee benefit plan (per § 704(a)(11), incorporated by § 1106(a)(1))?

| | |
|---|---|
| **Duties.** Was Debtor, or any entity designated by Debtor, an "administrator" of such a plan as of the commencement of this case?<br>☐ No | ☒ Yes (explain):<br>The Debtor is plan administrator and sponsor of the (a) Cloudbreak Entertainment, Inc. 401(K) Profit Sharing Plan, and (b) Cloudbreak Entertainment, Inc. 401(K) Profit Sharing Plan and Defined Benefit Plan (the "Plans"). Conrad Riggs is trustee of and participant in the Plans. Actuaries Unlimited, Inc. is the third-party administrator of the Plans. |
| **Compliance.** What steps will Debtor take to continue to administer such plan (§§ 521(a)(7), 704(a)(11), & 1106(a)(1))? | ☐ Explain: The Debtor will continue to maintain the plans but will not be making any further contributions to the plans. |

## Request to Excuse Debtor From Financial Reporting as to Affiliated Businesses

The Debtor's sole shareholder, Conrad Riggs, conducts business unrelated to the Debtor's assets and operations and owns certain other entities with assets and/or operations, as set forth in the table below (the "Affiliated Businesses").

| Affiliate Name | Riggs' Ownership Interest | Assets and/or Business |
|---|---|---|
| Bungalow Properties, LLC | 100% owned | Owns title to the office bldg. located at 2958 Exposition Blvd., Santa Monica, CA 90404, including premises leased on a month-to-month basis by the Debtor |
| Conrad Riggs Productions, Inc. | 100% owned | Certain media properties |
| Crash Ventures, LLC | 26% member interest | Investment vehicle |

As the Affiliated Businesses and their assets are not property of the Debtor and to prevent unnecessary cost to the Debtor, the Debtor hereby requests that it be excused from the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   requirement to provide financial information concerning the Affiliated Businesses in its case status

2   reports and monthly operating reports, as set forth in paragraph 3 of the Case Status Conference

3   and Procedures Order.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**10100 Santa Monica Blvd, 13th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*): ***CASE STATUS REPORT; REQUEST TO EXCUSE DEBTOR FROM FINANCIAL REPORTING AS TO AFFILIATED BUSINESSES*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 22, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Melanie Scott Green    Melanie.green@usdoj.gov
- Dare Law    dare.law@usdoj.gov, ron.maroko@usdoj.gov
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Eric D Winston    ericwinston@quinnemanuel.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **December 22, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 22, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL**
Honorable Neil W. Bason
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1552 / Courtroom 1545
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 22, 2015 | Melisa DesJardien | /s/ Melisa DesJardien |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# Exhibit "6"

# Exhibit "6"

# Cloudbreak Entertainment, Inc.

## 2:15-bk-28443-NB

| Schedule fo Cash Receipts & Disbursements | MOR 1 | MOR 2 | MOR 3 | MOR 4 | MOR 5 | MOR 6 | MOR 7 |
|---|---|---|---|---|---|---|---|
| Figures taken from MOR | Dec-15 | Jan-16 | Feb-16 | Mar-16 | Apr-16 | May-16 | Jun-16 |
| Total Receipts per all prior reports | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| Total Disbursements per all prior reports | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| | | | | | | | |
| Beginning Balance | $0.00 | $35,534.74 | $43,447.94 | $45,802.29 | $55,574.74 | $60,100.71 | $62,176.26 |
| Receipts | | | | | | | |
| Transfer In | | | | | | | |
| Total Receipts | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| Balance | $0.00 | $35,534.74 | $43,447.94 | $45,802.29 | $55,574.74 | $60,100.71 | $62,176.26 |
| Transfer Out | $33,880.90 | | | | | | |
| | | | | | | | |
| Other Account | | | | | | | |
| Amazon (Cobra Insurance) | | | | | | | |
| American Express | | | | | | | |
| American Express (Business Reimbursement Ex.) | | | | | | | |
| American Express (Medical exp. Reimbursement) | | | | | | | |
| American Express (Expense Reimbursement) | | | | | | | |
| American Express (Office Equipment) | | | | | | | |
| Actuaries Unlimited, Inc. | | | | | $1,350.00 | | $1,000.00 |
| Brentwood Management Group | | | $62.00 | | | | $2,000.00 |
| Browne George Ross | | | | | | | $2,000.00 |
| Bungalow Properties | | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | |
| Conrad Riggs (Business Reimbursement) | | | $215.05 | $143.85 | | | |
| Gordon, Fishburn & Major | | | | | | | |
| Northwestern Mututal Life Insurance | $1,258.32 | | | | | | |
| Pachulski Stang Ziehl Jones | | | | | | | |
| Paychex Inc | $54.00 | $58.95 | $74.00 | $58.00 | $58.95 | $68.95 | $62.95 |
| U.S. Treasury | | $325.00 | | | $650.00 | | |
| Total Disbursements | $35,534.74 | $7,913.20 | $2,354.35 | $9,772.45 | $4,525.97 | $2,075.55 | $3,066.25 |
| Ending Balance | $35,534.74 | $43,447.94 | $45,802.29 | $55,574.74 | $60,100.71 | $62,176.26 | $65,242.51 |

# Cloudbreak Entertainment, Inc.
## 2:15-bk-28443-NB

| | MOR 8 | MOR 9 | MOR 10 | MOR 11 | MOR 12 | MOR 13 | MOR 14 |
|---|---|---|---|---|---|---|---|
| **Schedule fo Cash Receipts & Disbursements** | **Jul-16** | **Aug-16** | **Sep-16** | **Oct-16** | **Nov-16** | **Dec-16** | **Jan-17** |
| *Figures taken from MOR* | | | | | | | |
| *Total Receipts per all prior reports* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| *Total Disbursements per all prior reports* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Other Account** | | | | | | | |
| **Beginning Balance** | $65,242.51 | $80,865.46 | $96,025.83 | $106,058.93 | $117,693.78 | $124,123.29 | $841,549.09 |
| Receipts | | | | | | | |
| Transfer In | | | | | | | |
| **Total Receipts** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Balance** | $65,242.51 | $80,865.46 | $96,025.83 | $106,058.93 | $117,693.78 | $124,123.29 | $841,549.09 |
| Transfer Out | | | | | | | |
| American Express (Cobra Insurance) | | | | | | | |
| American Express | | | | | | | |
| American Express (Business Reimbursement Ex.) | | | | | | | |
| American Express (Medical exp. Reimbursement) | | | | | | | |
| American Express (Expense Reimbursement) | | | | | | | |
| American Express (Office Equipment) | | | | $3,300.00 | $1,117.94 | $1,696.23 | $1,829.50 |
| Actuaries Unlimited, Inc. | | | | | | | $4,631.65 |
| Brentwood Management Group | | | | $2,000.00 | | | |
| Browne George Ross | | | | | | $636,819.94 | |
| Bungalow Properties | | $2,000.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 |
| Conrad Riggs (Business Reimbursement) | | $2,288.49 | $5,264.04 | $2,793.60 | | | $50.67 |
| Gordon, Fishburn & Major | | $2,000.00 | $2,000.00 | | $2,000.00 | $22,651.00 | |
| Northwestern Mutual Life Insurance | | | | | | | |
| Pachulski Stang Ziehl Jones | $14,000.00 | | | | | $53,692.38 | |
| Paychex Inc | $62.95 | $72.95 | $62.95 | $62.95 | $72.95 | $62.95 | $62.95 |
| U.S. Treasury | $325.00 | | | $975.00 | $0.58 | | $4,875.00 |
| **Total Disbursements** | $15,622.95 | $15,160.37 | $10,033.10 | $11,634.85 | $6,429.51 | $717,425.80 | $14,248.07 |
| **Ending Balance** | $80,865.46 | $96,025.83 | $106,058.93 | $117,693.78 | $124,123.29 | $841,549.09 | $855,797.16 |

# Cloudbreak Entertainment, Inc.

**2:15-bk-28443-NB**

| Schedule fo Cash Receipts & Disbursements | MOR 15 | MOR 16 | MOR 17 | MOR 18 | MOR 19 | MOR 20 | MOR 21 |
|---|---|---|---|---|---|---|---|
| | Feb-17 | Mar-17 | Apr-17 | May-17 | Jun-17 | Jul-17 | Aug-17 |
| *Figures taken from MOR* | | | | | | | |
| *Total Receipts per all prior reports* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| *Total Disbursements per all prior reports* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Other Account** | | | | | | | |
| Beginning Balance | $855,797.16 | $861,394.41 | $872,791.76 | $881,749.04 | $886,326.29 | $894,053.70 | $900,840.84 |
| Receipts | | | | | | | |
| Transfer In | | | | | | | |
| *Total Receipts* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| *Balance* | $855,797.16 | $861,394.41 | $872,791.76 | $881,749.04 | $886,326.29 | $894,053.70 | $900,840.84 |
| Transfer Out | | | | | | | |
| Amazon (Cobra Insurance) | | | | | | | |
| American Express | | | | | | | |
| American Express (Business Reimbursement Ex.) | | | | | | | |
| American Express (Medical exp. Reimbursement) | | | | | | | |
| American Express (Expense Reimbursement) | | $3,820.95 | $3,741.03 | | | | |
| American Express (Office Equipment) | | | | | | | |
| Actuaries Unlimited, Inc. | $1,000.00 | | | | $4,300.00 | | |
| Brentwood Management Group | | | | | | | |
| Browne George Ross | | | | | | | |
| Bungalow Properties | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 |
| Conrad Riggs (Business Reimbursement) | | | | | | | |
| Gordon, Fishburn & Major | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 |
| Northwestern Mutual Life Insurance | | | | | | $636.89 | |
| Pachulski Stang Ziehl Jones | | | | | | | |
| Paychex Inc | $93.95 | $62.95 | $62.95 | $73.95 | $62.95 | $62.95 | $73.95 |
| U.S. Treasury | | | $650.00 | | | $650.00 | |
| **Total Disbursements** | $5,597.25 | $11,397.35 | $8,957.28 | $4,577.25 | $7,727.41 | $6,787.14 | $4,576.59 |
| **Ending Balance** | $861,394.41 | $872,791.76 | $881,749.04 | $886,326.29 | $894,053.70 | $900,840.84 | $905,417.43 |

# Cloudbreak Entertainment, Inc.

| 2:15-bk-28443-NB | MOR 22 | MOR 23 | MOR 24 | MOR 25 | MOR 26 | MOR 27 |
|---|---|---|---|---|---|---|
| Schedule fo Cash Receipts & Disbursements | | | | | | |
| Figures taken from MOR | Sep-17 | Oct-17 | Nov-17 | Dec-17 | Jan-18 | Feb-18 |
| Total Receipts per all prior reports | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Total Disbursements per all prior reports | $905,417.43 | $912,009.68 | $917,225.93 | $3,430,334.01 | $4,113,039.92 | $4,140,825.37 |
| | | | | | | |
| Other Account | | | | | | |
| Beginning Balance | $905,417.43 | $912,009.68 | $917,225.93 | $3,430,334.01 | $4,113,039.92 | $4,140,825.37 |
| Receipts | | | | | | |
| Transfer In | | | | | | |
| Total Receipts | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Balance | $905,417.43 | $912,009.68 | $917,225.93 | $3,430,334.01 | $4,113,039.92 | $4,140,825.37 |
| Transfer Out | | | $2,500,000.00 | | | |
| Amazon (Cobra Insurance) | | | | | | |
| American Express | | | $6,530.83 | | | |
| American Express (Business Reimbursement Ex.) | | | | | | |
| American Express (Medical exp. Reimbursement) | | | | | | |
| American Express (Expense Reimbursement) | | | | | $18,341.14 | |
| American Express (Office Equipment) | | | | | | |
| Actuaries Unlimited, Inc. | | | | | | $2,636.15 |
| Brentwood Management Group | | | | | | $1,000.00 |
| Browne George Ross | | | | $349,705.51 | | |
| Bungalow Properties | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 |
| Conrad Riggs (Business Reimbursement) | | | | | | |
| Gordon, Fishburn & Major | $4,026.00 | $2,000.00 | $4,000.00 | $47,826.25 | $2,000.00 | $2,025.00 |
| Northwestern Mutual Life Insurance | | | | $282,611.20 | | |
| Pachulski Stang Ziehl Jones | | | | | | |
| Paychex Inc | $62.95 | $62.95 | $73.95 | $62.95 | $62.95 | $93.95 |
| U.S. Treasury | | $650.00 | | | $4,875.00 | |
| Total Disbursements | $6,592.25 | $5,216.25 | $2,513,108.08 | $682,705.91 | $27,785.45 | $8,255.10 |
| Ending Balance | $912,009.68 | $917,225.93 | $3,430,334.01 | $4,113,039.92 | $4,140,825.37 | $4,149,080.47 |

# Cloudbreak Entertainment, Inc.
## 2:15-bk-28443-NB

| | MOR 28 Mar-18 | MOR 29 Apr-18 | MOR 30 May-18 | MOR 31 Jun-18 | MOR 32 Jul-18 | MOR 33 Aug-18 |
|---|---|---|---|---|---|---|
| **Schedule fo Cash Receipts & Disbursements** | | | | | | |
| *Figures taken from MOR* | | | | | | |
| *Total Receipts per all prior reports* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| *Total Disbursements per all prior reports* | $4,149,080.47 | $4,158,652.50 | $4,678,659.99 | $4,945,178.75 | $4,971,741.13 | $0.00 |
| **Other Account** | | | | | | |
| Beginning Balance | $4,149,080.47 | $4,158,652.50 | $4,678,659.99 | $4,945,178.75 | $4,971,741.13 | $5,246,720.14 |
| Receipts | | | | | | |
| Transfer In | | | | | | |
| **Total Receipts** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| *Balance* | $4,149,080.47 | $4,158,652.50 | $4,678,659.99 | $4,945,178.75 | $4,971,741.13 | $5,246,720.14 |
| Transfer Out | | | | | | |
| Amazon (Cobra Insurance) | | $500,000.00 | $250,000.00 | | $250,000.00 | |
| American Express | | $4,887.57 | | | | $4,887.57 |
| American Express (Business Reimbursement Ex.) | | | | | | |
| American Express (Medical exp. Reimbursement) | | | | | $13,158.54 | $14,158.89 |
| American Express (Expense Reimbursement) | $3,243.21 | $6,724.58 | $8,641.57 | $12,549.57 | $888.52 | |
| American Express (Office Equipment) | | | | | | |
| Actuaries Unlimited, Inc. | $1,000.00 | | | | | |
| Brentwood Management Group | | | $3,300.00 | | | |
| Browne George Ross | | | | | | |
| Bungalow Properties | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 |
| Conrad Riggs (Business Reimbursement) | | | | | | |
| Gordon, Fishburn & Major | $2,037.00 | $2,000.00 | | | | |
| Northwestern Mutual Life Insurance | | | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 |
| Pachulski Stang Ziehl Jones | | | | | | |
| Paychex Inc | $62.95 | $62.95 | $73.95 | $62.95 | $62.95 | $73.95 |
| U.S. Treasury | | $650.00 | | | $650.00 | |
| **Total Disbursements** | $9,572.03 | $520,007.49 | $266,518.76 | $26,562.38 | $274,979.01 | $24,006.25 |
| **Ending Balance** | $4,158,652.50 | $4,678,659.99 | $4,945,178.75 | $4,971,741.13 | $5,246,720.14 | $5,270,726.39 |

# Cloudbreak Entertainment, Inc.

| 2:15-bk-28443-NB | MOR 34 | MOR 35 | Total |
|---|---|---|---|
| | Sep-18 | Oct-18 | |
| *Schedule fo Cash Receipts & Disbursements* | | | |
| *Figures taken from MOR* | | | |
| *Total Receipts per all prior reports* | $0.00 | $0.00 | |
| *Total Disbursements per all prior reports* | $5,270,726.39 | $5,306,728.09 | |
| Transfer Out | $5,270,726.39 | $5,306,728.09 | |
| *Balance* | | | |
| *Total Receipts* | $0.00 | $0.00 | |
| Transfer In | $0.00 | $0.00 | |
| Receipts | | | |
| Beginning Balance | $5,270,726.39 | $5,306,728.09 | |
| **Other Account** | | | $3,533,880.90 |
| Amazon (Cobra Insurance) | | | $9,775.14 |
| American Express | | | $6,530.83 |
| American Express (Business Reimbursement Ex.) | $31,158.51 | | $59,112.83 |
| American Express (Medical exp. Reimbursement) | | | $888.52 |
| American Express (Expense Reimbursement) | | | $64,341.87 |
| American Express (Office Equipment) | | | $4,631.65 |
| Actuaries Unlimited, Inc. | | $1,950.00 | $18,200.00 |
| Brentwood Management Group | | | $4,062.00 |
| Browne George Ross | | | $986,525.45 |
| Bungalow Properties | $2,500.00 | $2,500.00 | $77,000.00 |
| Conrad Riggs (Business Reimbursement) | | | $10,755.70 |
| Gordon, Fishburn & Major | $2,000.00 | $2,000.00 | $130,565.25 |
| Northwestern Mututal Life Insurance | | | $1,258.32 |
| Pachulski Stang Ziehl Jones | | | $336,303.58 |
| Paychex Inc | $62.95 | $62.95 | $2,335.40 |
| U.S. Treasury | | $975.00 | $16,250.58 |
| **Total Disbursements** | $36,001.70 | $7,497.58 | $5,314,225.67 |
| **Ending Balance** | $5,306,728.09 | $5,314,225.67 | $66,347,714.24 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**915 Wilshire Boulevard, Suite 1850, Los Angeles, California 90017-3560**

A true and correct copy of the foregoing document entitled (*specify*): **Notice of Motion and Motion for the Appointment of a Chapter 11 Trustee; Declaration of Jason Russell in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **December 20, 2018** _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:  On___**December 20, 2018**___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on___**December 20, 2018**___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| December 20, 2018 | Stephanie Hill | *Stephanie Hill* |
| Date | Print Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

| Name | Capacity | Email Address |
|------|----------|---------------|
| Peter J Crosby | Attorney for Debtor | pcrosby@bgrfirm.com, lpennywell@bgrfirm.com |
| Philip D Dracht | Attorney for Creditor | pdracht@fabianlaw.com |
| Razmig Izakelian | Attorney for Creditor | razmigizakelian@quinnemanuel.com |
| Nina Z Javan | Stockholder | nina@wsrlaw.net, brian@wsrlaw.net |
| Dare Law | Attorney for U.S. Trustee | dare.law@usdoj.gov |
| Jennifer L Nassiri | Attorney for Creditor | jennifernassiri@quinnemanuel.com |
| Shahin Rezvani | Attorney for Creditor | shahinrezvani@quinnemanuel.com |
| Jeremy V Richards | Attorney | jrichards@pszjlaw.com, bdassa@pszjlaw.com; imorris@pszjlaw.com |
| Gregory M Saylin | Interested Party | gsaylin@fabianvancott.com, vgarrett@fabianvancott.com |
| United States Trustee (LA) | | ustpregion16.la.ecf@usdoj.gov |
| Daniel J Weintraub | Stockholder | dan@wsrlaw.net, vinnet@ecf.inforuptcy.com; brian@wsrlaw.net |
| Eric D Winston | Attorney | ericwinston@quinnemanuel.com |

*SEE NEF FOR CONFIRMATION OF ELECTRONIC TRANSMISSION TO THE U.S. TRUSTEE AND ANY TRUSTEE IN THIS CASE, AND TO ANY ATTORNEYS WHO RECEIVE SERVICE BY NEF.*

2. **SERVED BY U.S. MAIL**

**Debtor:**
**Cloudbreak Entertainment, Inc.**
2958 Exposition Blvd.
Santa Monica, CA 90404

3. **SERVED BY FEDERAL EXPRESS OVERNIGHT MAIL** (Pursuant to the UST's agreement with the Bankruptcy Judge's Courtesy Copy was mailed Federal Express overnight mail to the following address.)

Judge's Copy
Honorable Neil W. Bason
U.S. Bankruptcy Court
255 E. Temple Street, Room 940
Los Angeles, CA 90012
Attn: Mail Room Clerk-Judges Copies

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**