Jeremy V. Richards (CA Bar No. 102300)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA  90067-4114
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  jrichards@pszjlaw.com
         vnewmark@pszjlaw.com

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:15-bk-28443 (NB) |
| CLOUDBREAK ENTERTAINMENT, INC., | Chapter 11 |
| Debtor. | **DEBTOR'S OPPOSITION TO MOTION TO CONFIRM PLAN OF REORGANIZATION PROPOSED BY LAYNE LESLIE BRITTON OR IN THE ALTERNATIVE TO APPOINT A CHAPTER 11 TRUSTEE** |
| | Date: January 29, 2019<br>Time: 2:00 p.m.<br>Place: 255 E. Temple Street<br>Courtroom 1545<br>Los Angeles, CA 90012 |
| | Judge: Honorable Neil Bason |

DOCS_LA:318586.5 06080/001

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................... 1

II. THERE IS NO BASIS TO APPOINT A TRUSTEE IN THE CONTEXT OF A TWO-PARTY DISPUTE ................................................................................................................................ 2

III. THE BRITTON PLAN IS UNCONFIRMABLE ................................................................. 4

    A.    The Trust Agreement is Inconsistent with the Plan ...................................................... 4

    B.    The Plan Does Not Comply with the Applicable Provisions of Title 11 (11 U.S.C. § 1129(a)(1)) ................................................................................................................... 6

        1.    The Plan Fails to Satisfy the Mandatory Requirements of 11 U.S.C. § 1123(a)(7) ................................................................................................... 6

        2.    The Plan does not Satisfy the Permissive Provisions of 11 U.S.C. § 1123(b)(3) ................................................................................. 7

        3.    The Plan does not Satisfy the Permissive Provisions of 11 U.S.C. § 1123(b)(2) ................................................................................. 7

    C.    Equity Is Impaired and an Approved Disclosure Statement is Required before Britton Can Proceed to Confirmation.............................................................................. 8

    D.    The Plan is Not Proposed in Good Faith (11 U.S.C. § 1129(a)(3)) ............................. 9

    E.    The Appointment of the Plan Trustee is Not Consistent with the Interests of Creditors, Equity Security Holders and with Public Policy (11 U.S.C. § 1129(a)(5)) ................ 10

    F.    Britton is Not Entitled to Vote on the Britton Plan and Equity is Impaired; 11 U.S.C. § 1129(a)(8) is Not Satisfied ....................................................................................... 11

    G.    Because Britton is Not Entitled to Vote, the Britton Plan Does Not Satisfy 11 U.S.C. § 1129(a)(10) ............................................................................................................. 12

    H.    Even if Britton was Entitled to Invoke Its Provisions, the Britton Plan does Not Satisfy the Fair and Equitable Test as to Equity (11 U.S.C. § 1129(b)(1)) ................ 12

IV. CONCLUSION ................................................................................................................... 13

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# **TABLE OF AUTHORITIES**

**Page**

CASES

*Adams v. Marwill (In re Bayou Group, LLC)*,
 564 F.3d 541 (2d Cir. 2009) .................................................................................................... 4

*Begier v. Internal Revenue Serv.*,
 496 U.S. 53 (1990) ................................................................................................................... 2

*FSLIC v. D&F Constr., Inc. (In re D&F Constr., Inc.)*,
 865 F.2d 673 (5th Cir. 1989) .................................................................................................. 13

*In re Beyond.com Corp.*,
 289 B.R. 138 (Bankr. N.D. Cal. 2003) ................................................................................... 10

*In re City of Detroit*,
 524 B.R. 147 (Bankr. E.D. Mich. 2014) ................................................................................ 13

*In re Kim*,
 Case No. 09-13736, 2010 Bankr. LEXIS 2384, *2 (Bankr. N.D. Cal. July 19, 2010) ................... 13

*In re LHC, LLC*,
 497 B.R. 281 (Bankr. N.D. Ill. 2013) ....................................................................................... 4

*In re Miami Center Assocs., Ltd.*,
 144 B.R. 937 (Bankr. S.D. Fla. 1992) .................................................................................... 13

*In re Monarch Beach Venture, Ltd.*,
 166 B.R. 428 (Bankr. C.D. Cal. 1993) ................................................................................... 12

*In re Sentinel Mgmt.*,
 398 B.R. 281 (Bankr. N.D. Ill. 2008) ..................................................................................... 11

*Official Comm. of Asbestos Claimants v. G-I Holdings, Inc. (In re G-I Holdings, Inc.)*,
 385 F.3d 313 (3d Cir. 2004) ..................................................................................................... 4

*Packard v. Cooper*,
 2008 WL 4926962 (C.D. Cal. Nov. 13, 2008) ....................................................................... 11

*Schumacher v. Worcester*,
 55 Cal. App. 4th 376 ................................................................................................................. 3

*Search Mkt. Direct, Inc. v. Jubber (In re Paige)*,
 685 F.3d 1160 (10th Cir. 2012) ................................................................................................ 7

*Security Pacific National Bank v. Geernaert*,
 199 Cal. App. 3d 1425 (1988) .................................................................................................. 3

*Union Bank v. Wolas*,
 502 U.S. 151 (1991) ................................................................................................................. 2

STATUTES

11 U.S.C. § 1104(a) ........................................................................................................................ 4

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

DOCS_LA:318586.5 06080/001

| | | |
|---|---|---|
| 1 | 11 U.S.C. § 1123(a)(7) | 6 |
| 2 | 11 U.S.C. § 1123(b)(2) | 7, 8 |
| 3 | 11 U.S.C. § 1123(b)(3) | 7 |
| 4 | 11 U.S.C. § 1125(b) | 8 |
| 5 | 11 U.S.C. § 1126 | 11 |
| 6 | 11 U.S.C. § 1129 | 11 |
| 7 | 11 U.S.C. § 1129(a) | 10 |
| 8 | 11 U.S.C. § 1129(a)(1) | 6 |
| 9 | 11 U.S.C. § 1129(a)(10) | 12 |
| 10 | 11 U.S.C. § 1129(a)(2) | 8 |
| 11 | 11 U.S.C. § 1129(a)(5) | 10 |
| 12 | 11 U.S.C. § 1129(a)(8) | 11, 12 |
| 13 | 11 U.S.C. § 1129(b) | 12 |
| 14 | 11 U.S.C. § 1129(b)(2) | 12, 13 |
| 15 | 11 U.S.C. § 323 | 2 |
| 16 | 11 U.S.C. § 365 | 8 |
| 17 | 11 U.S.C. § 550(a) | 3 |
| 18 | Cal. Code Civ. P. § 3439 | 3 |
| 19 | Cal. Code Civ. P. § 356 | 3 |
| 20 | Cal. Code Civ. P. § 564(b) | 2 |
| 21 | Cal. Code Civ. P. § 568 | 2 |
| 22 | Cal. Corp. Code § 1001(a) | 9 |

OTHER AUTHORITIES

| | | |
|---|---|---|
| | *Black's Legal Dictionary* (2d Ed.) | 10 |
| | Collier on Bankruptcy (16th ed.), § 550.02[2] | 3 |
| | Collier on Bankruptcy (16th ed.), ¶1124.03 | 9 |

RULES

| | | |
|---|---|---|
| | Fed. R. Bankr. P. 3018(a) | 12 |

DOCS_LA:318586.5 06080/001

Debtor and debtor in possession Cloudbreak Entertainment, Inc. ("Cloudbreak" or the "Debtor") hereby files its opposition to the motion (the "Motion") of Layne Leslie Britton ("Britton") for confirmation of his plan of reorganization [Dkt. No. 405] (the "Britton Plan") or, in the alternative, for the appointment of a chapter 11 trustee.

## I.

## INTRODUCTION

The sole purpose of the Motion is to obtain the appointment of a trustee (preferably, one hand-picked by Britton), ostensibly to safeguard Cloudbreak's assets but in reality to wrest control of the State Court Litigation from Cloudbreak and its sole shareholder. The appointment of any such trustee would be solely for the benefit of Britton in his effort to gain a tactical advantage in the litigation.

However, the appointment of a trustee in a bankruptcy process is designed to protect a creditor body as a whole, not to provide a collection or enforcement mechanism for a single, disputed creditor. Given that this is the only purpose of the Britton Plan or Britton's request for the appointment of a trustee, both of those requests for relief must be denied. As more fully discussed in the Motion for Order Dismissing the Bankruptcy Case (the "Dismissal Motion") filed herein by Cloudbreak (and unopposed by the United States Trustee ("UST")), Britton has adequate remedies available in the State Court Litigation to protect his interests as a disputed creditor. While Britton would like the appointment of a trustee to take control of the State Court Litigation on behalf of Cloudbreak, this Court does not have the authority to do so for the benefit of a single, disputed creditor. Not only would such an appointment not be in the interest of creditors (as there are none other than Britton), it would not be in the best interest of the equity security holder or consistent with public policy (as no such remedy is available to Britton in the underlying litigation). Thus, the Motion must be denied on its face (although, as more fully discussed below, the Britton Plan is patently unconfirmable for a number of other reasons).

**II.**

**THERE IS NO BASIS TO APPOINT A TRUSTEE IN THE CONTEXT OF A TWO-PARTY DISPUTE**

As the Court is aware, the UST has filed its own motion for the appointment of a chapter 11 trustee herein (the "UST Motion") [Dkt. No. 399], which asserts the same grounds for the appointment of a trustee as Britton's Motion. As the Court is also aware, subject to approval of Cloudbreak's pending Motion to Dismiss [Dkt No. 411], which contains certain conditions to dismissal that it has requested, the UST has agreed to withdraw the UST Motion. Consistent with the UST's position, the Debtor believes that under the circumstances of this case, dismissal is the appropriate remedy and the appointment of a trustee is unwarranted, unnecessary and improper.

First, subject to payment of the Undisputed Debt (as that term is defined in the Motion to Dismiss), there is no creditor body that requires the protections afforded by either the Bankruptcy Code in general or the appointment of a chapter 11 or chapter 7 trustee in particular.[1] Bankruptcy furthers certain well-established policies that include equitable distribution and deterring a race to the courthouse. *Union Bank v. Wolas*, 502 U.S. 151, 160-62 (1991); *Begier v. Internal Revenue Serv.*, 496 U.S. 53, 58 (1990). Consistent with these bankruptcy policies, the debtor in possession or trustee is charged with representing the estate as a whole. 11 U.S.C. § 323. Here, however, subject to payment of the Undisputed Debt, Britton is the only creditor and his claim is disputed. Accordingly, the policy underlying the appointment of a trustee will not be served in this case.

Secondly, Britton, the only remaining creditor of Cloudbreak, has adequate remedies under state law to protect all of his legitimate interests. Thus, if Britton can truly establish that Riggs has been "looting" Cloudbreak, Cal. Code Civ. P. § 564(b) empowers the Superior Court to appoint a receiver "to preserve the property or rights of any party." A receiver may hire counsel, bring suit or take other measures necessary to carry out his duties. Cal. Code Civ. P. § 568. Importantly, applicable state law does not allow a litigant to seek the appointment of a receiver to take over defense of a law suit on behalf of the adverse party in the hope of gaining a strategic advantage. A

---

[1] There is no dispute that the Undisputed Debt should be paid forthwith. Indeed, Britton's Plan provides for the payment of all creditors aside from Britton (including the Undisputed Debt and the Professional Fee Claims) on the plan effective date. Motion, p. 16, lines 7-11.

2

DOCS_LA:318586.5 06080/001

provisional receiver is not a plaintiff or a defendant. Rather, it is an appointed officer of the court and has a fiduciary duty to act in the best interests of whoever is the prevailing party. *Security Pacific National Bank v. Geernaert*, 199 Cal. App. 3d 1425, 1431-32 (1988). Accordingly, the party seeking the receiver has no control over the actions and responsibilities of the receiver. *Id.* This, however, is Britton's obvious motivation in pursuing his own trustee motion and a plan of reorganization intended to install his own candidate to represent Cloudbreak as his adverse party.

Britton also has adequate remedies available to him under state law to pursue any and all improper transfers made by Cloudbreak to Riggs (or West), if necessary to secure satisfaction of any ultimate judgment. Specifically, as a creditor or judgment creditor, Britton will have available to him all of the remedies afforded by the California Voidable Transactions Act (Cal. Code Civ. P. § 3439 *et seq*.). Britton's ability to pursue those remedies will not in any way have been affected by this bankruptcy case because the relevant statute of limitations will have been tolled during the Case's pendency. *See* Cal. Code Civ. P. § 356 ("When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action"); *see Schumacher v. Worcester,* 55 Cal. App. 4th 376, 380 ("A bankruptcy stay has been held to be a 'statutory prohibition' within the meaning of Code of Civil Procedures § 356. [Citation omitted]").[2] In any event an action to recover transfers made by Cloudbreak to Riggs (or West) would be premature before any determination of solvency could be made. As noted in the Motion to Dismiss, at this time, Cloudbreak is presumptively solvent.

Further, a chapter 11 trustee would not be empowered to pursue these remedies solely for the benefit of a single creditor. Bankruptcy Code § 550(a) provides that a trustee may only recover, inter alia, fraudulent transfers "for the benefit of the estate." Aside from the fact that Cloudbreak is presumptively solvent and any fraudulent transfer recovery would only benefit equity, even if Cloudbreak was insolvent, a trustee cannot pursue avoidance litigation for the benefit of a single creditor. Collier on Bankruptcy (16th ed.), § 550.02[2] ("Section 550's requirement that recovery be

---

[2] Indeed, Britton's enforcement remedies have not in any way been prejudiced by the pendency of this case. As the Court of Appeals recently determined, Britton does not yet have an enforceable judgment. *See* Status Conference Report [Dkt. No. 409], at page 5, lines 19-21.

3

DOCS_LA:318586.5 06080/001

'for the benefit of the estate' has limited sales or other assignments of avoidance actions by the trustee. [Footnote omitted] Recovery will not be allowed under section 550 if the benefit after assignment is only for particular creditors as opposed to all creditors of the estate [Footnote omitted]"). If there are indeed fraudulent transfers to be recovered for the benefit of Britton, it is Britton, not a trustee, who has the standing and the responsibility to pursue them in aid of collection.

In any event, the facts alleged by Britton do not justify the appointment of a trustee. The standard for appointment of a trustee under section 1104(a) is "very high." *See, e.g., Adams v. Marwill (In re Bayou Group, LLC)*, 564 F.3d 541, 546 (2d Cir. 2009). Most courts have held that the movant has the burden of showing by clear and convincing evidence that the appointment of a trustee is warranted. *See, e.g., Official Comm. of Asbestos Claimants v. G-I Holdings, Inc. (In re G-I Holdings, Inc.)*, 385 F.3d 313, 317 (3d Cir. 2004); *In re LHC, LLC,* 497 B.R. 281 (Bankr. N.D. Ill. 2013).

In this instance, Britton alleges that "Cloudbreak made nearly $118,000 in payments for alleged "business expense payments" as well as nearly $10,000 in COBRA payments for Riggs' personal benefit." Motion, p. 31, ll. 25-27. However, the COBRA payments have been reimbursed to Cloudbreak, as have $88,907.40 of the alleged improper expenditures. See MOR Nos. 35; 36 [Dkt. Nos. 378; 398].[3] Further, no expense payments have been made since prior to October, 2018. The expenses at issue constitute a very small fraction of the more than $5.6 million in cash that has been collected by Cloudbreak during the pendency of this case. *See* MOR #36. Riggs also confers a substantial benefit on Cloudbreak (a subchapter S corporation) by paying tax liabilities attributable to its income without receiving corresponding tax distributions from Cloudbreak, which was the Debtor's practice prior to this bankruptcy proceeding.

### III.

### **THE BRITTON PLAN IS UNCONFIRMABLE**

**A.    The Trust Agreement is Inconsistent with the Plan**

One of the key elements of the Plan is the transfer, on the Effective Date, of all of the

---

[3] Cloudbreak contends that the balance of payments objected to by Britton are consistent with payments during the first two years of this case, which were timely disclosed in monthly operating reports and to which no objection was ever made.

4

Debtor's Assets to a Plan Trust.  The Plan contemplates that the specific terms of the Plan Trust are to be set forth in a Plan Trust Agreement, to be filed with a Plan Supplement.  However, the Plan does specify certain terms and conditions of the Plan Trust.

First, the Plan defines "Plan Trust Beneficiaries" to mean "holders of Allowed Claims entitled to receive Distributions under this Plan."  Britton is clearly not a "Plan Trust Beneficiary" because under the Plan, Britton is not the holder of an Allowed Britton Claim until "a Final Order [is] entered in the State Court Litigation or a settlement [is] reached prior to or after the entry of a Final Order in the State Court Litigation."  However, the Plan also provides that all of the Allowed Claims (i.e., all of the undisputed claims in Class 3) will be paid on the Effective Date.  Thus, on the Effective Date, there will be no Plan Trust Beneficiaries of the Plan Trust.[4]

The Plan also contemplates that "[t]he Plan Trust shall issue the Reorganized Debtor Trust Interests to the Reorganized Debtor."  Plan, Section VII.B(4).  "Reorganized Debtor Trust Interests" are defined as "interests in the Plan Trust issued to the Reorganized Debtor in accordance with section VII of the Plan.  The Motion confirms that: "in exchange for Cloudbreak transferring its assets to the Plan Trust, Cloudbreak receives a beneficial interest in the Plan Trust."  Motion, p. 17, lines 3-4.

Britton filed the proposed Plan Trust Agreement as Exhibit "C" to his Plan Supplement on January 9, 2019 [Dkt. No. 414].  The Plan Trust Agreement provides that the Plan Trust Assets are held "for the benefit of the Plan Trust Beneficiaries."  Plan Trust Agreement, ¶ 2.1.  However, as noted above, upon the creation of the Plan Trust, there will be no Plan Trust Beneficiaries and, accordingly, the Plan Trustee is not charged with holding the Plan Trust Assets for the benefit of anyone.

Further, the Plan Trust Agreement makes no reference whatsoever to the Reorganized Debtor Trust Instruments that are supposed to be issued to the Reorganized Debtor pursuant to the Plan.  Accordingly, not only is the Plan Trust Agreement inconsistent with the Plan, but it does not appear to contemplate that the Plan Trustee will owe any fiduciary duties to the Reorganized Debtor, even

---

[4] Arguably, the holders of Professional Fee Claims might be construed as "Plan Trust Beneficiaries." However, their claims are to be fully backed by the Professional Fee Reserve and, in any event, the Professionals do not need or require the assistance of a trustee to recover on their claims.

5

though the Reorganized Debtor is solvent and the Plan expressly contemplates it having an "interest" in the Plan Trust and the Plan Trust Assets.[5]

Clearly, the Plan Proponent cannot proceed with the confirmation of the Plan without clarifying these material inconsistencies at the heart of its plan proposal. However, what the Plan Trust Agreement makes abundantly clear is that the appointment of a trustee (whether pursuant to the Plan or otherwise) serves absolutely no purpose because, by Britton's own admission, there are no creditor beneficiaries of the Plan Trust, the Debtor is the sole economic beneficiary of any such trust and Britton has established no reason why the Debtor's existing management should be replaced by a trustee ostensibly for the purpose of protecting the corporation and its only remaining undisputed stakeholder, Riggs.

**B.    The Plan Does Not Comply with the Applicable Provisions of Title 11 (11 U.S.C. § 1129(a)(1))**

Bankruptcy Code § 1129(a)(1) requires that a plan "comply with the applicable provisions of this title". As noted in the Motion, "[t]his subsection embodies and incorporates the requirements of Bankruptcy Code sections 1122 and 1123, which govern the classification of claims and interests and the mandatory contents of a plan [citation omitted]."

**1.    The Plan Fails to Satisfy the Mandatory Requirements of 11 U.S.C. § 1123(a)(7)**

Bankruptcy Code § 1123(a)(7) mandates that a plan:

> "contain only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director or trustee under the plan and any successor to such officer, director or trustee".

The Britton Plan clearly fails to comply with this mandate. First, as there will be no creditors after the Britton Plan becomes effective aside from Britton, the Court is not required to consider the "interests of creditors" as a body and is certainly not required to consider the interest of a single creditor, asserting a highly inflated claim against Cloudbreak .

---

[5] While section 5.2.4 of the Plan Trust Agreement does provide that "[a]ny funds remaining after all Plan Trust obligations have been fulfilled will be preserved until the dissolution of the Plan Trust and revest in the Reorganized Debtor," that is not the same as the Reorganized Debtor having an interest in the Plan Trust. On the contrary, this provision appears to provide that the Reorganized Debtor only requires an interest in the Plan Trust Assets "after all Plan Trust obligations have been fulfilled." Stated another way, the Plan Trust Agreement does not contemplate that the Plan Trustee will have any fiduciary duties or responsibilities to the Reorganized Debtor.

6

DOCS_LA:318586.5 06080/001

Thus, the Court must focus on the interests of equity security holders and those of public policy. Under the Britton Plan, the sole beneficiary of the Plan Trust is presumably the Reorganized Debtor, to whom the Reorganized Debtor Trust Interests are supposed to be issued on the Effective Date. It is neither consistent with the interests of equity security holders (i.e., the owner of the holder of the Reorganized Debtor Trust Interests), nor with public policy for the Plan Trustee to be selected by a disputed creditor asserting a material adverse claim against the Plan Trust. Thus, aside from the fact that the appointment of a trustee of any kind is impermissible under the circumstances of this case, the manner of selection of the Plan Trustee clearly violates the mandatory requirements of Section 1123(a)(7).

**2.    The Plan does not Satisfy the Permissive Provisions of 11 U.S.C. § 1123(b)(3)**

Britton contends that establishing the Plan Trust and the appointment of the Plan Trustee are consistent with the permissive requirements of Bankruptcy Code § 1123(b)(3), which states that a plan may :

> Provide for -
>
> (A) the settlement or adjustment of any claim or interest belonging to the debtor or to the estate; or
>
> (B) the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any such claim or interest.

Britton concedes that the appointment of a trustee or estate representative must be approved by the Court and that it must "benefit the debtor's estate and particularly, the debtor's unsecured creditors", citing *Search Mkt. Direct, Inc. v. Jubber (In re Paige)*, 685 F.3d 1160, 1191-92 (10th Cir. 2012). Specifically, as *Paige* instructs, there must be a benefit to the estate's unsecured creditors in general, rather than simply an individual creditor. *Id.* However, the appointment of a plan trustee under the circumstances of this case does not benefit the debtor's estate, or the creditors at large, but is simply sought for the benefit of a single, adverse litigant. In sum, the Plan Trustee is not a "representative of the estate" to whom the Court can entrust the authority to pursue claims or interests on behalf of the Debtor.

**3.    The Plan does not Satisfy the Permissive Provisions of 11 U.S.C. § 1123(b)(2)**

7

DOCS_LA:318586.5 06080/001

Bankruptcy Code § 1123(b)(2) provides that, subject to Bankruptcy Code § 365, a plan may provide for the assumption, rejection, or assignment of any executory contract or unexpired lease. The single most valuable asset of the Estate is the MBP Settlement Agreement (i.e., the settlement agreement between Cloudbreak and Riggs, on the one hand, and Mark Burnett and certain affiliates of Mark Burnett, on the other hand). While not conceding that the MBP Settlement Agreement is an executory contract, Britton appears to contemplate three different treatments for the contract:

(a) "[T]o the extent that [*sic*] MBP Settlement Agreement is determined to be an 'executory contract,' it is not rejected but will 'ride through' unaffected. [Citation and footnote omitted]." Motion, p. 22, line 27 – 23, line 2.

(b) "[T]o the extent that the MBP Settlement Agreement is determined to be an executory contract, it shall be rejected but shall continue to be valid and enforceable in accordance with its terms." Plan, section X.B.1.

(c) "The MBP Settlement Agreement shall be assumed under the Plan." Plan Supplement, Ex. "4."

Given the importance of the MBP Settlement Agreement, Britton must clarify the proposed treatment under the Plan, as the Plan cannot propose three, inconsistent treatments for the contract, to the extent it is an executory contract.

## C. Equity Is Impaired and an Approved Disclosure Statement is Required before Britton Can Proceed to Confirmation

Bankruptcy Code § 1129(a)(2) requires that a plan proponent comply "with the applicable provisions of this title". As Britton notes in the Motion, "[t]he primary purpose of this subsection is to ensure that the plan proponent complies with the Bankruptcy Code's requirements regarding solicitation [citations omitted]".

Bankruptcy Code § 1125(b) requires that the acceptance or rejection of a plan may not be solicited after the commencement of a case unless at or before the time of solicitation, there is transmitted to the holder of the claim or interest whose vote is solicited "the plan or a summary of the plan, and a written disclosure statement, approved, after notice and hearing, by the Court as containing adequate information". Britton contends that no approved disclosure statement is

8

DOCS_LA:318586.5 06080/001

required in this case because Class 5 (equity interests in the Debtor) is unimpaired and therefore deemed to have accepted the Britton Plan.

However, Class 5 is clearly impaired and entitled to vote. Pursuant to the Plan, all of the Debtor's assets are to be "transferred" to the Plan Trust, and "exchanged" for Reorganized Debtor Trust Interests. Cloudbreak is a California corporation subject to the California Corporations Code. Cal. Corp. Code § 1001(a) requires shareholder to consent to "sell, lease, convey, exchange, transfer, or otherwise dispose of all or substantially all of its assets". The Britton Plan "transfers" and "exchanges" all of the Debtor's Assets in exchange for the Reorganized Debtor Trust Interests without seeking or obtaining shareholder approval. The Britton Plan clearly "alters the shareholder's legal rights" and therefore renders the shareholder impaired, entitled to vote and entitled to the benefit of a court-approved disclosure statement (none of which has happened in this instance). *See* Collier on Bankruptcy (16th ed.), ¶1124.03, fn. 14 ("If the plan provides for the sale of substantially all of the debtor assets, in the absence of the shareholder consent required by state law, the legal rights of the shareholders would be impaired.")

### D.   **The Plan is Not Proposed in Good Faith (11 U.S.C. § 1129(a)(3))**

As Britton correctly notes in the Motion, the requirement that a plan be "proposed in good faith and not by means forbidden by law" does not require a showing of bad faith; rather, as Britton contends, "the Ninth Circuit has held that a plan is proposed in good faith if it 'achieves a result consistent with the objectives and purposes of the Code.' [Citations omitted] Good faith is determined in light of the totality of the circumstances surrounding the establishment of a chapter 11 plan." [Motion, p. 23, ll. 21-25].

As this case has now devolved into a two-party dispute, and the Britton Plan is being used solely to obtain a perceived litigation advantage in that two-party dispute, confirmation would clearly not be consistent "with the objectives and purposes of the Code." As Debra West ("West"), Britton's co-proponent in an earlier iteration of the Britton Plan, has represented to the Court:

> The reality is that by strategically including West as another unsecured creditor in his plan, Britton insulated himself from arguments that the Cloudbreak bankruptcy was a two-party (Cloudbreak/Britton) dispute.

9

DOCS_LA:318586.5 06080/001

Reply in Support of Motion of Debra West for Leave to Withdraw Proof of Claim No. 5-1 [Dkt. No. 408] at p. 2, ll. 17-19.

Now that the West Claim has been settled and withdrawn, Britton's purpose in proposing a plan has been even further laid bare.[6] While Britton professes that his plan "ameliorates any concern that Cloudbreak's assets will be absconded with or otherwise used for improper purposes…and provides the best means of maximizing recovery to creditors" [Motion, p. 24, ll.3-7], there is, in reality, only one creditor to protect and that is Britton. As more fully discussed in the Motion to Dismiss, if Britton can establish that Riggs is "looting" Cloudbreak's assets, his remedies lie in the Superior Court, not in a court tasked with the protection of the creditor body as a whole.

## E. The Appointment of the Plan Trustee is Not Consistent with the Interests of Creditors, Equity Security Holders and with Public Policy (11 U.S.C. § 1129(a)(5))

Bankruptcy Code § 1129(a)(5) requires, *inter alia*, that the appointment of an individual "proposed to serve after confirmation as a director, officer, or voting trustee…be consistent with the interests of creditors and shareholders and with public policy".

Britton contends that section 1129(a)(5) does not apply to the Britton Plan because the Plan Trustee is not "a director, officer, or voting trustee" of the debtor. First, it is not clear that the Plan Trustee is not, or is not in effect a "voting trustee." The Bankruptcy Code does not define a "voting trustee" but, generally, a "voting trust" is "an agreement for voting whereby the shareholder transfers its voting shares to a trustee." *Black's Legal Dictionary* (2d Ed.) Given that the sole beneficiary of the Plan Trust will be the Debtor (which will have no creditors) and the sole shareholder of the Reorganized Debtor will be Riggs, from a practical and economic standpoint, it is difficult to argue that the Plan Trustee is anything other than the de facto "voting trustee" for the trust beneficiary's ultimate owner. Further, courts have held that the scope of section 1129(a) should be applied flexibly to accommodate the circumstances of the case. *See, e.g.*, *In re Beyond.com Corp.*, 289 B.R. 138, 145 (Bankr. N.D. Cal. 2003) (requiring disclosure of post-confirmation creditors' committee

---

[6] It is worth noting that the effectiveness of the Plan is expressly conditioned upon the withdrawal, or deemed withdrawal of the West Claim. Plan, section X.A.3.

10

members and the post-confirmation bylaws of the creditors' committee). It is clear that the mandate of section 1129(a)(5) should apply under the circumstances of this case.

The cases cited by Britton do not hold to the contrary and are also distinguishable on their facts. In *In re Sentinel Mgmt.*, 398 B.R. 281 (Bankr. N.D. Ill. 2008), for example, neither the Liquidating Trustee nor the Liquidation Trust Committee (as those terms are defined in the relevant plan) are subject to section 1129(a)(5) but the court did not hold that the same would hold true as to any and all liquidating trustees. Moreover, it does not appear from a description of the plan that the debtor was solvent (it looks like distributions were only going to be made to customers, not equity). In contrast, here, the Debtor (and, in turn, its equity) are the only beneficiaries of the so-called plan trust. Similarly, *Packard v. Cooper*, 2008 WL 4926962 (C.D. Cal. Nov. 13, 2008), also cited by Britton, simply says that the provisions of section 1129(a)(5) does not extend to trust board members. But the trust board members were not the same as the trustee itself as to whom full disclosure had been made.

As there will be no creditor beneficiaries of the Plan Trust, the appointment of the Plan Trustee obviously need not be consistent with the "interest of creditors." Thus, the key consideration should be the interests of shareholders and public policy. The appointment of a Plan Trustee by a single, adverse, heavily disputed creditor to ostensibly protect the interests of the Reorganized Debtor (which will have no creditors of its own) and, in turn, its sole shareholder, cannot, under any conceivable argument, be considered in the best interests of the shareholder or consistent with public policy (which clearly does not permit a litigant to nominate an individual to represent the interests of his adversary in litigation between the two).

## F. **Britton is Not Entitled to Vote on the Britton Plan and Equity is Impaired; 11 U.S.C. § 1129(a)(8) is Not Satisfied**

Britton asserts that the Britton Claim constitutes an impaired class and that because he is the plan proponent he has therefore "accepted" the Britton Plan. However, Britton's argument completely ignores the fact that "acceptance" for the purposes of Section 1129 is a term of art and is specifically defined in the Code. Section 1126 makes clear that only "[t]he holder of a claim or interest allowed under Section 502 of this title may accept or reject a plan". Bankruptcy Rule

11

3018(a) contemplates that "notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of rejecting or accepting a plan". The Britton Claim is clearly a disputed claim and has not been allowed for voting purposes, as contemplated by Bankruptcy Rule 3018(a). Indeed, as the Britton Plan makes clear, the Britton Claim will only become an Allowed Britton Claim when it has been determined by a Final Order entered in the State Court Litigation or a settlement has been reached. Further, Class 5 (Equity) is impaired and its vote has not been solicited. Accordingly, even as the plan proponent, Britton, as the holder of a disputed claim, does not have the right to "accept" his own plan and, therefore, Section 1129(a)(8) has not been satisfied.

### G.   Because Britton is Not Entitled to Vote, the Britton Plan Does Not Satisfy 11 U.S.C. § 1129(a)(10)

Bankruptcy Code § 1129(a)(10) requires that at least one class of claims that is impaired under the plan has voted to accept the plan (without including the acceptance of the plan by an insider). Britton contends that Class 4 (Britton Claim) constitutes the impaired consenting class for purposes of Section 1129(a)(10), but as discussed above, Britton is not entitled to vote in Class 4 and therefore, Section 1129(a)(10) is not satisfied.

### H.   Even if Britton was Entitled to Invoke Its Provisions, the Britton Plan does Not Satisfy the Fair and Equitable Test as to Equity (11 U.S.C. § 1129(b)(1))

Even assuming that Britton is entitled to invoke the provisions of Bankruptcy Code § 1129(b) to "cram down" confirmation of the Plan on Class 5 (which, as more fully discussed above, he is not), the Britton Plan is clearly not "fair and equitable" as to that class. The Motion argues that the Britton Plan must be fair and equitable because it satisfies Section 1129(b)(2)(c)(ii) (the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such junior interest any property"). However, as the preamble to Section 1129(b)(2) makes clear, that section provides a non-exhaustive list of cram down conditions. The concept of "fair and equitable" (embodied in Section 1129(b)(1)) is much broader than the narrow conditions defined in subsection (2). *In re Monarch Beach Venture, Ltd.*, 166 B.R. 428, 434-36 (Bankr. C.D. Cal. 1993); *In re Kim*, Case No. 09-13736, 2010 Bankr. LEXIS 2384, *2 (Bankr. N.D. Cal. July 19,

12

2010); *FSLIC v. D&F Constr., Inc. (In re D&F Constr., Inc.)*, 865 F.2d 673, 675 (5th Cir. 1989) ("Section 1129(b)(2) sets minimal standards plans must meet.  However, it is not to be interpreted as requiring that every plan not prohibited be approved.  A court must consider the entire plan in the context of the rights of the creditors under state law and the particular facts and circumstances when determining whether a plan is fair and equitable."); *In re City of Detroit*, 524 B.R. 147, 260 (Bankr. E.D. Mich. 2014); *In re Miami Center Assocs., Ltd.*, 144 B.R. 937, 940 (Bankr. S.D. Fla. 1992).

The Plan appears to contemplate the transfer of all of the assets of a solvent debtor to a trust, to be administered by a trustee appointed by an adverse litigant (with no interest in the trust). Further, the trustee appears to owe no fiduciary duties or responsibilities to anyone, let alone the Debtor.  A plan which transfers custody and control of substantial assets from the Debtor, with a clear fiduciary responsibility to the shareholder, to a Plan Trustee, with no apparent fiduciary responsibilities to anyone, cannot be considered "fair and equitable" to equity under any reasonable interpretation of the term.

## IV.

## CONCLUSION

There is no basis for the appointment of a trustee in the context of a two-party dispute.  There is no creditor body whose collective interests need to be protected by such an appointment and the only material creditor of the estate, Britton, has adequate remedies available to him in the pending State Court Litigation.  As the primary objective of the Plan is to achieve the appointment of a trustee selected by Britton, it must fail for the very same reason.  However, as more fully set forth above, there are myriad other reasons why the Plan cannot be confirmed.  For all of the reasons set forth herein, the Motion should be denied and the Motion to Dismiss should be granted.

Dated:    January 15, 2019                   PACHULSKI STANG ZIEHL & JONES LLP


                                              By    */s/ Jeremy V. Richards*
                                                    Jeremy V. Richards
                                                    Attorneys for Debtor and Debtor-in-Possession
                                                    Cloudbreak Entertainment, Inc.

13

DOCS_LA:318586.5 06080/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OPPOSITION TO MOTION TO CONFIRM PLAN OF REORGANIZATION PROPOSED BY LAYNE LESLIE BRITTON OR IN THE ALTERNATIVE TO APPOINT A CHAPTER 11 TRUSTEE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 15, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **January 15, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Cloudbreak Entertainment, Inc.
c/o Brentwood Management Group
11812 San Vicente Blvd., Ste. 200
Los Angeles, CA 90049

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 15, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA MESSENGER**
Honorable Neil W. Bason
United States Bankruptcy Court
Edward R. Roybal Building & Courthouse
255 E. Temple St., Ste. 1552
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 15, 2019 | Mary DeLeon | */s/ Mary DeLeon* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

In re: Cloudbreak Entertainment
Case No. 2:15-bk-28443-NB

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF**</u>

- Peter J Crosby    pcrosby@bgrfirm.com, lpennywell@bgrfirm.com
- Philip D Dracht    pdracht@fabianlaw.com
- Dare Law    dare.law@usdoj.gov
- Shahin Rezvani    shahinrezvani@quinnemanuel.com
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- Gregory M Saylin    gsaylin@fabianvancott.com, vgarrett@fabianvancott.com
- Melanie Scott    melanie.scott@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Eric D Winston    ericwinston@quinnemanuel.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:318586.5 06080/001