Jeremy V. Richards (CA Bar No. 102300)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067-4114
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  jrichards@pszjlaw.com
         vnewmark@pszjlaw.com

Attorneys for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CLOUDBREAK ENTERTAINMENT, INC.,<br><br>　　　　　　　　　Debtor. | Case No.: 2:15-bk-28443 (NB)<br><br>Chapter 11<br><br>**STATUS CONFERENCE REPORT**<br><br>Date:　May 21, 2019<br>Time:　2:00 p.m.<br>Place:　255 E. Temple Street<br>　　　　Courtroom 1545<br>　　　　Los Angeles, CA 90012<br><br>Judge:　Honorable Neil Bason |

Debtor and Debtor in Possession Cloudbreak Entertainment, Inc. ("Cloudbreak" or the "Debtor") hereby submits its Status Report in connection with a status conference set by the Court in this matter for May 21, 2019, at 2:00 p.m.

A.  **Status of Mediation.**

By order entered March 15, 2019 [Dkt. No. 466], the Court ordered Cloudbreak; Conrad Riggs ("Riggs"), Cloudbreak's sole shareholder; and Layne Britton ("Britton") to participate in a mediation proceeding (the "Mediation") in accordance with the terms and conditions set forth therein.  A full day mediation took place in accordance with the Order on April 9, 2019.  The mediation session did not result in a resolution of any issues but, as of the date of this Status Report,

the parties to the Mediation continue to exchange proposals through the Mediator for a partial resolution of pending disputes. As required by the Order, Cloudbreak will advise the Court with regard to the final outcome of the Mediation upon its completion.

### B. Britton Litigation

On April 30, 2019, Cloudbreak, Riggs and Britton submitted that certain Stipulation re Briefing Schedule (the "Stipulation") to the Superior Court. A true and correct copy of the Stipulation is attached hereto as **Exhibit "A."** Pursuant to the Stipulation (and, more specifically, recital 16 thereof), the parties have agreed that the following issues (the "Outstanding Issues") remain to be resolved before the Superior Court can enter judgment (and before any post-judgment motions can be filed): the alter ego liability of Riggs, if any; an award, if any, of attorneys' fees; and the issue of equitable estoppel as a bar to the statute of limitations defense.[1]

Further, pursuant to the Stipulation, the parties have agreed that the Outstanding Issues are susceptible to resolution through simultaneously filed supplemental briefing and have further agreed that all parties shall file their supplemental briefs on the Outstanding Issues on or before May 28, 2019 and that all parties shall file their reply briefs concerning the Outstanding Issues no later than June 11, 2019. The parties have requested that the Superior Court hold a hearing on their written submissions on or around June 24, 2019. The Superior Court has not yet entered an order on the Stipulation.

### C. Further Developments

The Debtor shall timely advise the Court of any further developments regarding the foregoing, or any other material issues, prior to the Status Conference.

Dated: May 7, 2019

PACHULSKI STANG ZIEHL & JONES LLP

By  /s/ Jeremy V. Richards
Jeremy V. Richards
Attorneys for Debtor and Debtor-in-Possession
Cloudbreak Entertainment, Inc.

---

[1] In its prior partial new trial order, the Superior Court had ruled in favor of Cloudbreak and against Britton on the equitable estoppel issue. However, that order was vacated by the Court of Appeals. Accordingly, the Superior Court must still rule on this issue before judgment is entered.

2

DOCS_LA:321653.1 06080/002

# EXHIBIT "A"

| | |
|---|---|
| 1 | BROWNE GEORGE ROSS LLP |
| | Eric M. George (State Bar No. 166403) |
| 2 |   egeorge@bgrfirm.com |
| | Richard A. Schwartz (State Bar No. 267469) |
| 3 |   rschwartz@bgrfirm.com |
| | 2121 Avenue of the Stars, Suite 2800 |
| 4 | Los Angeles, California 90067 |
| | Telephone: (310) 274-7100 |
| 5 | Facsimile: (310) 275-5697 |
| 6 | Attorneys for Defendants and Cross- |
| | Complainants Conrad Riggs and |
| 7 | Cloudbreak Entertainment, Inc. |

8    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9    COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | | |
|---|---|---|
| 10 | LAYNE LESLIE BRITTON, | Case No. BC496298 |
| 11 | Plaintiff, | **STIPULATION RE: BRIEFING SCHEDULE** |
| 12 | vs. | |
| 13 | CONRAD RIGGS, CLOUDBREAK ENTERTAINMENT, INC., | Judge: Hon. Steven J. Kleifield |
| | | Dept.: 57 |
| 14 | | |
| 15 | Defendants. | Date Action Filed: November 27, 2012 |
| | | Trial Date: February 10, 2016 |
| 16 | CONRAD RIGGS, CLOUDBREAK ENTERTAINMENT, INC., | |
| 17 | | |
| | Cross-Complainants, | |
| 18 | | |
| | vs. | |
| 19 | | |
| | LAYNE LESLIE BRITTON, | |
| 20 | | |
| | Cross-Defendant. | |
| 21 | | |

06119-00001/10824584.1 1250024.1

STIPULATION RE: BRIEFING SCHEDULE

Plaintiff and cross-defendant Layne Leslie Britton ("Britton"), and defendants and cross-complainants Conrad Riggs ("Riggs") and Cloudbreak Entertainment, Inc. ("Cloudbreak") (together, "Defendants and Cross-Complainants") (collectively, the "Parties"), by and through their undersigned counsel of record, hereby stipulate and agree as follows:

**STIPULATION**

1. WHEREAS the complaint in the above-titled action (the "Action") was filed by Britton on November 27, 2012;

2. WHEREAS the trial court held a jury trial between February 16, 2016 and February 26, 2016, in which the following issues were addressed by the jury:

    a. Whether Cloudbreak breached a contract with Britton;

    b. Whether and to what extent Britton's breach of contract claim is barred, in whole or in part, by the statute of limitations;

    c. Whether and to what extent Britton's breach of contract claim is barred, in whole or in part, by any fraud by Britton;

    d. Whether Cloudbreak and/or Riggs were liable to Britton for monies had and received;

    e. Whether and to what extent Britton's money had and received claim is barred, in whole or in part, by the statute of limitations;

3. WHEREAS on March 11, 2016, Britton filed a motion for a new trial based on: (i) the jury's recordation of $0 of damages on the Special Verdict Form in response to questions 9 and 22; (ii) a claim that the damages returned by the jury in response to Britton's breach of contract claim were inadequate; and (iii) a claim that the jury's verdict in response to Britton's money had and received claim provided for inadequate damages, was against the law and/or unsupported by the evidence, and inconsistent with the trial judge's instructions; and (iv) the jury's failure to fill in a response to question 23 on the Special Verdict Form;

4. WHEREAS, on March 16, 2016, Britton filed a bench brief and supporting papers regarding equitable estoppel as a bar to Defendants' and Cross-Complainants' statutes of limitation defenses, in response to which they filed briefing and evidence in opposition;

5. WHEREAS, on March 21, 2016, Britton filed a bench brief and supporting papers

1 regarding Riggs's liability under the alter ego doctrine, in response to which Defendants and Cross-Complainants filed briefing and evidence in opposition;

6. WHEREAS on April 11, 2016, the trial court entered an order granting in part, and denying in part, Britton's motion for a new trial, and deciding the issue of equitable estoppel against Britton (the "April 11, 2016 Order");

7. WHEREAS, on April 11, 2016, the parties filed their respective motions for attorneys' fees and supporting papers, to which papers in opposition were also filed;

8. WHEREAS on May 3, 2016, the trial court determined that it would not rule on either party's motion for attorneys' fees in light of the April 11, 2016 Order;

9. WHEREAS on May 3, 2016, the trial court also noted that the issue of alter ego liability was being reserved and would be determined after the trial court heard additional evidence at a separate trial to be held at a later date, if the issue was not mooted by appeal;

10. WHEREAS on May 4, 2016, Defendants/Cross-Complainants filed their notice of appeal, and on May 9, 2016 Britton filed his notice of cross-appeal;

11. WHEREAS on December 5, 2018, the Court of Appeal issued its decision reversing the April 11, 2016 Order, and otherwise dismissed the Parties' remaining contentions finding that final judgment has not yet been entered by the trial court (the "Decision on Appeal");

12. WHEREAS by Remittitur dated January 18, 2019, the Action was remanded to the Superior Court for the State of California for further proceedings consistent with the Decision on Appeal;

13. WHEREAS following remand, the Action was transferred to Department 1 on January 23, 2019 for reassignment to a new trial judge;

14. WHEREAS the Action was reassigned to the Hon. Steven J. Kleinfield on February 7, 2019;

15. WHEREAS, the Court has not yet ordered the parties to appear for the purpose of deciding how the Action should proceed;

16. WHEREAS the Parties have not engaged in substantive litigation on Britton's alter ego claim, and the Parties' respective positions regarding attorneys' fees to be awarded to the

prevailing party, as well as the issue of equitable estoppel as a bar to the statute of limitations defense, have not been decided (the "Outstanding Issues") since the Court of Appeal remanded the Action;

17. WHEREAS the Parties desire to enter into a Stipulation outlining the procedure and timing that will govern the resolution of the Outstanding Issues;

18. WHEREAS the Parties agree that the Outstanding Issues are susceptible to an efficient resolution through simultaneously filed supplemental briefing before the trial court limited to twenty (20) pages plus supporting factual materials, with each Party allowed to file one reply limited to ten (10) pages;

19. WHEREAS once the proposed supplemental briefing of the Outstanding Issues is complete and the trial court renders a decision on the Outstanding Issues, the trial court may enter a final judgment in this Action;

NOW THEREFORE, the Parties agree and stipulate as follows:

1. The Parties shall file, on or before May 28, 2019, their supplemental briefs concerning the Outstanding Issues, with such briefs not to exceed twenty (20) pages, exclusive of declarations and exhibits;

2. The Parties shall file, on or before June 11, 2019, their cross reply briefs concerning the Outstanding Issues, with such briefs not to exceed ten (10) pages, exclusive of declarations and exhibits; and

3. In lieu of a trial or evidentiary hearing, the trial court shall hold a hearing on the parties' written submissions on the Outstanding Issues on or around June 24, 2019, or the next available date for the trial court.

| | |
|---|---|
| 1 | **AGREED AND STIPULATED BY:** |
| 2 | DATED: April 29, 2019      QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By _/s/ Jeffrey D. McFarland_
    Jeffrey D. McFarland
    Shahin Rezvani
    Aaron Perahia
Attorneys for Plaintiff and Cross-Defendant Layne Leslie Britton

DATED: April __, 2019      BROWNE GEORGE ROSS LLP

By _____
    Eric M. George
    Richard A. Schwartz
Attorneys for Defendants and Cross-Complainants Conrad Riggs and Cloudbreak Entertainment, Inc.

1 | **AGREED AND STIPULATED BY:**

2 | DATED: April __, 2019          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____
Jeffrey D. McFarland
Shahin Rezvani
Aaron Perahia
Attorneys for Plaintiff and Cross-Defendant Layne Leslie Britton

DATED: April 29, 2019          BROWNE GEORGE ROSS LLP

By _____
Eric M. George
Richard A. Schwartz
Attorneys for Defendants and Cross-Complainants Conrad Riggs and Cloudbreak Entertainment, Inc.

# PROOF OF SERVICE

**Layne Leslie Britton v. Conrad Riggs, et al.**
**Los Angeles Superior Court, Case No. BC496298**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067.

On April 30, 2019, I served true copies of the following document described as **STIPULATION RE: BRIEFING SCHEDULE** on the interested parties in this action as follows:

| | |
|---|---|
| Jeffrey D. McFarland, Esq.<br>Shahin Rezvani, Esq.<br>Aaron Perahia, Esq.<br>QUINN EMANUEL URQUHART<br>& SULLIVAN, LLP<br>865 So. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel. (213)443-3000<br>Fax (213)443-3100<br>jeffmcfarland@quinnemanuel.com;<br>shahainrezvani@quinnemanuel;<br>aaronperahia@quinnemanuel.com | Attorneys for Plaintiff and Cross-Defendant Layne Leslie Britton |

**BY MAIL:** I enclosed the document in a sealed envelope or package addressed to the persons at the address listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Browne George Ross LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 30, 2019, at Los Angeles, California.

_____
Nancy Torrecillas

1250274.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **STATUS CONFERENCE REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 7, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **May 7, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Cloudbreak Entertainment, Inc.
c/o Brentwood Management Group
11812 San Vicente Blvd., Ste. 200
Los Angeles, CA 90049

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 7, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA MESSENGER**
Honorable Neil W. Bason
United States Bankruptcy Court
Edward R. Roybal Building & Courthouse
255 E. Temple St., Ste. 1552
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **May 7, 2019** | Gini L. Downing | */s/ Gini L. Downing* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

2

DOCS_LA:321653.1 06080/002

In re: Cloudbreak Entertainment
Case No. 2:15-bk-28443-NB

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF</u>**

- Peter J Crosby    pcrosby@bgrfirm.com, lpennywell@bgrfirm.com
- Philip D Dracht    pdracht@fabianlaw.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Nina Z Javan    nina@wsrlaw.net, brian@wsrlaw.net
- Dare Law    dare.law@usdoj.gov, ron.maroko@usdoj.gov;Alvin.mar@usdoj.gov
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Jennifer L Nassiri    jennifernassiri@quinnemanuel.com
- Shahin Rezvani    shahinrezvani@quinnemanuel.com
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- Gregory M Saylin    gmsaylin@hollandhart.com, vsgarrett@hollandhart.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Daniel J Weintraub    dan@wsrlaw.net, vinnet@ecf.inforuptcy.com;brian@wsrlaw.net
- Eric D Winston    ericwinston@quinnemanuel.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:321653.1 06080/002