Jeremy V. Richards (CA Bar No. 102300)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA  90067-4114
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   jrichards@pszjlaw.com
          vnewmark@pszjlaw.com

Attorneys for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| In re: | Case No.: 2:15-bk-28443 (NB) |
|---|---|
| CLOUDBREAK ENTERTAINMENT, INC., | Chapter 11 |
| Debtor. | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION FOR ORDER DISMISSING BANKRUPTCY CASE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF CONRAD RIGGS IN SUPPORT THEREOF [LBR 9013-1(o)]** |
| | Date:     [No Hearing Requested] |

**TO THE HONORABLE NEIL BASON, OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that pursuant to 11 U.S.C. §§ 105, 305, 349(b), 1106, and 1112(b), Federal Rules of Bankruptcy Procedure 1017(f), 2002(a)(4), 9013, and 9014, and Local Rules of Bankruptcy Procedure 1017-2(e) and 9013-1(o), the debtor and debtor-in-possession, Cloudbreak Entertainment, Inc. (the "Debtor" or "Cloudbreak"), hereby moves the Court (the "Motion"), for an order dismissing the above-captioned chapter 11 case (the "Case"),

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

conditioned upon payment of all of the Debtor's Undisputed Debt (as that term is defined in the Motion).

**PLEASE TAKE FURTHER NOTICE** that the Motion has been served upon all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities, the Declaration of Conrad Riggs (the "Riggs Declaration"), the statements, arguments and representations of counsel who appear at the hearing on the Motion, the files and records in the above-captioned case, any evidence properly before the Court prior to or at any hearing regarding the Motion and all matters of which the Court may properly take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that the Debtor is requesting that the Court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing. Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this Notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(B)(2)(d) or (f). If you timely file and serve a written opposition and request for a hearing, the Debtor will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)].

**PLEASE TAKE FURTHER NOTICE** that if you fail to comply with this deadline:

(a)    Debtor will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(b)    Debtor will lodge an order that the court may use to grant the Motion; and

(c)    The Court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)].

**PLEASE TAKE FURTHER NOTICE** that neither Layne Leslie Britton, the Debtor's largest prepetition unsecured creditor, nor the United States Trustee oppose the relief requested in the Motion.

**WHEREFORE,** the Debtor respectfully requests that the Court: (a) grant the Motion; (b) enter an order dismissing the Case conditioned only upon payment in full of the Undisputed

DOCS_LA:326334.5 06080/002

1    Debt; and (c) grant the Debtor such other and further relief as may appropriate under the

2    circumstances.

3    Dated:    January 6, 2020          PACHULSKI STANG ZIEHL & JONES LLP

4

5                                        By    */s/ Jeremy V. Richards*

6                                              Jeremy V. Richards
                                               Attorneys for Debtor and Debtor-in-Possession
7                                              Cloudbreak Entertainment, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

DOCS_LA:326334.5 06080/002

<div align="left" style="writing-mode: vertical-rl">PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA</div>

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Throughout this case, Layne Britton ("Britton") has asserted a $27 million claim against Cloudbreak, including a $9 million money had and received claim, even though, within months of the commencement of the case, a unanimous jury determined he was only entitled to $489,950 in contract damages and nothing on account of his money had and received claim. Four years later, and after an appeal by Britton to the California Court of Appeals, the Superior Court, on remand, has: affirmed the jury's determinations on both counts; determined that, as a matter of law, Britton has no money had and received claim against the Debtor; and denied Britton's requests for prejudgment interest and attorney's fees. After determining all of these issues, the Superior Court has entered a Judgment in favor of Britton and against Cloudbreak in the amount of $489,950. See Status Report dated October 29, 2019 [Dkt. No. 520], and Status Report dated December 30, 2019 [Dkt. No. 528]. The Superior Court also determined that the Debtor was not the alter ego of Conrad Riggs, its principal. *Id.*

Aside from the Judgment, the Debtor has undisputed, unsecured prepetition debt totaling approximately $70,000 (the "Undisputed Debt"), all as more fully set forth in Exhibit "A" to the Riggs Declaration. Additionally, the Debtor has accrued, post-petition liabilities owed to its professionals totaling approximately $584,430.00. Finally, Cloudbreak has approximately $3.9 million on cash on hand, more than sufficient to satisfy all of its outstanding liabilities. See Riggs Dec, ¶ 7; MOR No. 48 [Dkt. No. 527].

Pursuant to that certain Stipulation re Dismissal of Bankruptcy Case (the "Dismissal Stipulation") [Dkt. No.529], Britton has agreed that this Bankruptcy Case may be dismissed provided any order of dismissal expressly preserves all of Britton's non-bankruptcy claims, rights, remedies and defenses against Cloudbreak, including, without limitation, those set forth in the Underlying Litigation. Cloudbreak intends to submit an order on this Motion, conforming to the Dismissal Stipulation.

Finally, the United States Trustee ("UST") has been advised of the filing of this Motion and

DOCS_LA:326334.5 06080/002

1  has indicated that it does not oppose dismissal of the Bankruptcy Case, upon the terms and

2  conditions set forth herein.

## II.

### THE CASE SHOULD BE DISMISSED

**A.    Legal Standards**

6      This Court has the explicit statutory authority to order a dismissal of this case on the terms

7  proposed by the Debtor.  First, § 305(a)(1) of the Code states that "[t]he court, after notice and a

8  hearing, may dismiss a case under this title . . . at any time if – the interests of creditors and the

9  debtor would be better served by such dismissal . . . ." 11 U.S.C. § 305(a)(1); *see also Eastman v.*

10  *Eastman (In re Eastman)*, 188 B.R. 621, 624 (9th Cir. B.A.P. 1995); *Marciano v. Fahs (In re*

11  *Marciano)*, 459 B.R. 27, 46 (9th Cir. B.A.P. 2011), *aff'd*, 708 F.3d 1123 (9th Cir. 2013).

12      Second, § 105(a) of the Code, working in tandem with §§ 305(a)(1) and 1112(b), provides

13  that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out

14  the provisions of this title." 11 U.S.C. § 105(a).

15      Finally, § 1112(b)(1) provides in relevant part that ". . . the court shall convert a case under

16  this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best

17  interests of creditors and the estate, for cause . . . ." 11 U.S.C. § 1112(b)(1).  If a bankruptcy court

18  determines that there is cause to convert or dismiss, it must also:  (1) decide whether dismissal,

19  conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the

20  estate; and (2) identify whether there are unusual circumstances that establish that dismissal or

21  conversion is not in the best interests of creditors and the estate.  § 1112(b)(1), (b)(2); *Sullivan v.*

22  *Harnisch (In re Sullivan)*, 522 B.R. 604, 612 (9th Cir. B.A.P. 2014); *see also Shulkin Hutton, Inc.,*

23  *P.S. v. Treiger (In re Owens)*, 552 F.3d 958, 961 (9th Cir. 2009) ("the court must consider the

24  interests of all of the creditors"); *In re Prods. Int'l Co.*, 395 B.R. 101, 107 (Bankr. D. Ariz. 2008).

25      The bankruptcy court has broad discretion in determining what constitutes "cause" under

26  section 1112(b).  *In re Sullivan*, 522 B.R. at 614; *Chu v. Syntron Bioresearch, Inc. (In re Chu)*, 253

27  B.R. 92, 95 (S.D. Cal. 2000).  The movant bears the burden of establishing by a preponderance of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the evidence that cause exists. *In re Sullivan, supra* (citing *StellarOne Bank v. Lakewatch LLC (In re Park)*, 436 B.R. 811, 815 (Bankr. W.D. Va. 2010)).

"The Code does not define unusual circumstances; however, courts have determined that it contemplates conditions that are not common in most chapter 11 cases. Such conditions must not only be unusual, they must also demonstrate that dismissal or conversion is not in the best interest of creditors and the estate." *In re Wallace*, 2010 WL 378351, at *7 (citation and internal quotation marks omitted). Subsection (A) of Section 1112(b) (2) "requires a finding that a plan will be confirmed within a reasonable period of time." Collier on Bankruptcy P 1112.05[2], at 1112-45. That same requirement is subsumed into Section 1112(b) "unusual circumstances." *See In re Wallace*, 2010 Bankr. LEXIS 261, [WL] at *6 n.23.

**B.      Dismissal of the Case is Warranted under Section 305(a) of the Bankruptcy Code**

In *Marciano*, the Ninth Circuit Bankruptcy Appellate Panel held that the factors to be considered in a § 305(a) decision are:

(1)     the economy and efficiency of administration;

(2)     whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court;

(3)     whether federal proceedings are necessary to reach a just and equitable solution;

(4)     whether there is an alternative means of achieving an equitable distribution of assets;

(5)     whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case;

(6)     whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and

(7)     the purpose for which bankruptcy jurisdiction has been sought.

*Id.* at 46-47 (citing *In re Monitor Single Lift I, Ltd.*, 381 B.R. 455, 464–65 (Bankr. S.D.N.Y. 2008)).

A significant factor in favor of dismissing a case pursuant to § 305(a)(1) is the absence of a true bankruptcy purpose. *See, e.g., In re Duratech Indus.*, 241 B.R. 291, 300 (Bankr. E.D.N.Y. 1999) (dismissing bankruptcy case pursuant to § 305(a)(1) where debtor had pending business tort litigation against a creditor in state court and resolution of the bankruptcy depended entirely on the outcome of the state court proceeding); *Remex Elecs. Ltd. v. Axl Indus., Inc. (In re Axl Indus., Inc.)*,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:326334.5 06080/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    127 B.R. 482, 484 (S.D. Fla. 1991) ("Generally, a [bankruptcy] court should not take jurisdiction

2    over a two-party dispute ....") (citation omitted); *see also In re Spade*, 258 B.R. 221 (Bankr. D. Colo.

3    2001) (dismissing involuntary chapter 7 petition where bankruptcy was filed in response to a two-

4    party dispute between debtor and a single creditor).

5        At this time, the Debtor has more than sufficient funds to pay all of its creditors, in full.

6    Britton, Cloudbreak's largest unsecured, prepetition creditor, no longer opposes dismissal of the

7    Bankruptcy Case.  The UST also does not oppose dismissal upon the terms and conditions set forth

8    herein provided that all accrued and outstanding fees owed to the UST are paid prior to dismissal

9    and that the order of dismissal incorporates a provision prohibiting the Debtor from refiling a

10    bankruptcy proceeding for at least 180 days from the date of dismissal.  Accordingly, there is no

11    reason to further maintain this Bankruptcy Case.

### III.

### CONCLUSION

14        For the reasons set forth herein, the Debtor respectfully requests that the Court enter an order

15    granting: (a) the Motion subject to payment of the Undisputed Debt; and (b) such further relief as is

16    just and proper.

17    Dated:    January 6, 2020.                    PACHULSKI STANG ZIEHL & JONES LLP

19                                    By    */s/ Jeremy V. Richards*
20                                        Jeremy V. Richards
                                         Attorneys for Debtor and Debtor-in-Possession
21                                        Cloudbreak Entertainment, Inc.

4

## DECLARATION OF CONRAD RIGGS

I, Conrad Riggs, declare as follows:

1. I make this Declaration in support of the *Motion for Order Dismissing the Bankruptcy Case* (the "Motion"). Capitalized terms not defined in this Declaration shall have the same meaning ascribed to them as set forth in the Motion.

2. I am the President and sole shareholder of the Debtor.

3. I have personal knowledge of the following facts and, if called upon as a witness, I could and would competently testify as to all of the matters stated therein.

4. As more fully set forth in that certain Stipulation re Dismissal [Dkt. No. 529], Britton does not oppose dismissal of this Bankruptcy Case, subject to the terms and conditions set forth therein.

5. The Debtor has outstanding, undisputed pre-petition debt totaling approximately $70,000, as scheduled and set forth in **Exhibit "A"** attached hereto. Debra West has withdrawn all of her claims against Cloudbreak, with prejudice, and Munger, Tolles & Olson, counsel to the Debtor in pre-petition litigation with Mark Burnett and related entities, has neither filed a proof of claim herein nor asserted a claim against the Debtor since prior to the filing of this Bankruptcy Case in December of 2015.

6. As of December 31, 2019, the professionals retained in this case by Cloudbreak were owed a total of approximately $ 584,430.00 in accrued fees and expenses through December 31, 2019, as set forth below:

    a. Pachulski Stang Ziehl & Jones, LLP, insolvency counsel: $96,293.73 in fees and $2,624.73 in expenses.

    b. Brown George Ross, litigation counsel for Debtor: $460,322.36 in fees.

    c. Brentwood Management Group, accountant to the Debtor: $25,187.50 in fees. The Debtor intends to pay all of these outstanding liabilities concurrent with dismissal of the Bankruptcy Case and to pay all future professional fee accruals in the ordinary course of business, when due.

7. As more fully set forth in Monthly Operating Report No.48 [Dkt. No. 527],

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Cloudbreak had cash on hand totaling approximately $3.91 million as of the end of November, 2019.

2  That cash balance has not changed materially during the month of December.

3      8.    I am informed and believe that the United States Trustee has been advised of the

4  filing of this Motion and does not object to dismissal of the Bankruptcy Case, upon the terms and

5  conditions set forth herein.

6      I declare under penalty of perjury under the laws of the United States of America that the

7  foregoing is true and correct.

8  Executed on this _6th_ day of January, 2020, at Los Angeles, California.

9

10                                        Conrad Riggs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

DOCS_LA:326334.5 06080/002

# SCHEDULE A

## Allowed General Unsecured Claim Schedule

| Claim No. | Creditor | Amount | Priority Asserted |
|---|---|---|---|
| 1-3 | IRS | $0.00 | N/A |
| 2-1 | Lysaght Law Group | $5,950.00 | General Unsecured Claim |
| 6-1 | Hecker Law Group | $25,000.00 | General Unsecured Claims |
| Schedules | Gordon Fishburn & Schlossmann, LLP | $13,420.00 | General Unsecured Claim |
| Schedules | Hacker Douglas & Company LLP | $12,500 | General Unsecured Claim |
| Schedules | Kehr Schiff & Crane LLP | $641.50 | General Unsecured Claim |
| Schedules | The Point Media | $12,875.00 | General Unsecured Claim |
| Schedules | Verizon California | $500 | General Unsecured Claim |
| Total | | $70,886.50 | |

-1-

Case No. 2:15-bk-28443-NB

SCHEDULE A TO PLAN OF REORGANIZATION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*):  ***NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION FOR ORDER DISMISSING THE BANKRUPTCY CASE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF CONRAD RIGGS IN SUPPORT THEREOF [LBR 9013-1(o)]***  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 7, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **January 7, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Cloudbreak Entertainment, Inc.
c/o Brentwood Management Group
11812 San Vicente Blvd., Ste. 200
Los Angeles, CA 90049

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 7, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA HAND DELIVERY**
Honorable Neil W. Bason
United States Bankruptcy Court
Edward R. Roybal Building & Courthouse
255 E. Temple St., Ste. 1552
Los Angeles, CA  90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 7, 2020 | Mary de Leon | /s/ Mary de Leon |
|---|---|---|
| Date | Printed Name | Signature |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

In re: Cloudbreak Entertainment
Case No. 2:15-bk-28443-NB

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF**

- **Peter J Crosby**    pcrosby@bgrfirm.com, lpennywell@bgrfirm.com
- **Philip D Dracht**    pdracht@fabianlaw.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Nina Z Javan**    nina.javan@swmllp.com, gabby@wsrlaw.net
- **Dare Law**    dare.law@usdoj.gov
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov
- **Jennifer L Nassiri**    jennifernassiri@quinnemanuel.com
- **Shahin Rezvani**    shahinrezvani@quinnemanuel.com
- **Jeremy V Richards**    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Daniel J Weintraub**    dan@wsrlaw.net, vinnet@ecf.inforuptcy.com;brian@wsrlaw.net;gabby@wsrlaw.net
- **Eric D Winston**    ericwinston@quinnemanuel.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOCS_LA:326334.5 06080/002

In re Cloudbreak Entertainment, Inc.
Case No. 2:15-28443
Service List

| | | |
|---|---|---|
| Browne George Ross, LLP<br>2121 Avenue of the Stars<br>24th Floor<br>Los Angeles, CA 90067 | Bungalow Properties<br>11812 San Vicente Blvd.<br>Suite 200<br>Los Angeles, CA 90049 | City of Los Angeles<br>200 N. Main St. Rm 920<br>Tax & Permit Division<br>Los Angeles, CA 90012 |
| City of Los Angeles<br>Office of Finance<br>PO Box 513996<br>Los Angeles, CA 90051-3996 | City of Santa Monica<br>Taxes & License<br>PO Box 2200<br>Santa Monica, CA 90407-2200 | Cloudbreak Entertainment, Inc.<br>c/o Brentwood Management Group<br>11812 San Vicente Blvd., Ste 200<br>Los Angeles, CA 90049 |
| Conrad Riggs<br>11812 San Vicente Blvd.<br>Suite 200<br>Los Angeles, CA 90049 | County of Los Angeles Treasurer and<br>Tax Collector<br>c/o Styskal, Wiese & Melchione, LLP<br>Nina Z Javan<br>550 N. Brand Blvd.<br>Suite 550<br>Glendale, CA 91203 | Debra West<br>c/o Distinctive Properties<br>2 South Main Street<br>Heber City, UT 84032 |
| Debra West<br>c/o Nicole M. Deforge<br>215 S State St Ste 1200<br>Salt Lake City, UT 84111 | Eric D Winston<br>Quinn Emanuel Urquhart & Sullivan<br>LLP<br>865 South Figueroa Street<br>10th Floor<br>Los Angeles, CA 90017 | Fabian Vancott<br>Nicole M. Deforge<br>215 S State St Ste 1200<br>Salt Lake City, UT 84111 |
| First Republic Bank<br>111 Pine Street<br>San Francisco, CA 94111 | Franchise Tax Board<br>Attention Bankruptcy<br>PO Box 2952<br>Sacramento, CA 95812-2952 | Gordon, Fishburn & Schlossmann,<br>LLP<br>11812 San Vicente Blvd.<br>Suite 200<br>Los Angeles, CA 90049 |
| Greines Martin Stein & Richland LLP<br>5900 Wilshire Blvd.<br>12th Floor<br>Los Angeles, CA 90036 | Hacker Douglas & Company LLP<br>1900 Avenue of the Stars<br>Suite 1850<br>Los Angeles, CA 90067 | Hecker Law Group<br>1925 Century Park East<br>Suite 2300<br>Los Angeles, CA 90067 |
| Internal Revenue Service<br>300 North Los Angeles Street<br>Stop 5022<br>Los Angeles, CA 90012 | Kehr Schiff & Crane LLP<br>12400 Wilshire Blvd.<br>13th Floor<br>Los Angeles, CA 90025 | Layne Britton<br>3677 Boise Ave.<br>Los Angeles, CA 90066 |
| Los Angeles County Tax Collector<br>PO Box 54110<br>Los Angeles, CA 90054-0110 | Lysaght Law Group LLP<br>2233 Wilshire Blvd.<br>Suite 400<br>Santa Monica, CA 90401 | Munger Tolles & Olson LLP<br>PO Box 515065<br>Los Angeles, CA 90051-5065 |
| Office of the U.S. Trustee<br>Dare Law<br>915 Wilshire Blvd.,<br>Suite 1850<br>Los Angeles, CA 90017 | The Point Media<br>350 South Beverly Drive<br>Suite 170<br>Beverly Hills, CA 90212 | Verizon California<br>PO Box 9688<br>Mission Hills, CA 91346-9688 |